# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   1:19-cv-01946-WJM-MEH

Lisa Cowles

    Plaintiff,

v.

Bonsai Design LLC, et al.

      Defendants.

---

## BONSAI'S RULE 12(b)(6) MOTION TO DISMISS

---

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES……………………………………………………....……… ii

I.   PRELIMINARY STATEMENT…………………………………………………..……… 1

II.   SUMMARY OF BACKGROUND……………………………………………..……… 1

III.   LEGAL ARGUMENTS & AUTHORITIES…………………………………..……… 2

    A.   Standards for Rule 12(b)(6) Motion to Dismiss…………………………..……… 2

    B.   Counts I-III and VIII-X Should Be Dismissed Because They Are
Preempted by the Colorado Premises Liability Act……………………………... 3

    C.   The Waiver That Cowles Signed Bars the Premises Liability Cause of Action….. 4

    D.   To the Extent Not Preempted by the Premises Liability Cause of Action,
Counts II, III and IX Should Be Dismissed in Light of the Waiver……………… 8

    E.   Count I of the First Amended Complaint Should Be Dismissed for the
Additional Reasons That Bonsai Was an Innocent Seller of the Primary
Brake System, and Both the Emergency Arrest Device and the Zip Line
System Complied With Applicable Colorado Codes and Other Standards………. 9

    F.   Counts II and IX Should Be Dismissed Because the Game Creek Course
Complied with Applicable Colorado Codes………………………….…….…... 10

    G.   Count III Should Be Dismissed Because Plaintiff Fails to Allege Anything
More Than Conclusory Statements With Respect to Bonsai's
Purported Warranties…………………………………………………………….…... 11

    H.   Count VIII of the First Amended Complaint Should be Dismissed Because
Plaintiff Fails to Allege Any of the Elements of Fraud Against Bonsai………… 12

    I.   Plaintiff Has Not Pleaded Sufficient Facts for a Joint Venture Claim,
Requiring Dismissal of Count IX of the FAC…………………………………… 13

    J.   Plaintiff Fails to Sufficiently Plead a Cause of Action for Gross Negligence,
Requiring Dismissal of Count X of the FAC…………………………….……… 14

IV.   CONCLUSION………………………………………………………..……… 15

## **TABLE OF AUTHORITIES**

**CASES**                                                                                         **PAGE(S)**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…………………………………………..……… 3

*Batterman v. Wells Fargo Ag Credit Corp.*, 802 P.2d 1112 (Colo. Ct. App. 1990)………...… 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)………………………………..……… 3

*Brigance v. Vail Summit Resorts, Inc.*, 883 F.3d 1243 (10th Cir. 2018)……………...3, 4, 5, 7, 8

*Carrado v. Daimler AG*, 17-cv-3080, 2018 U.S. Dist. LEXIS 163026
    (D. Colo. Sept. 24, 2018)……………………………………………………..…….. 11, 12

*Chadwick v. Colt Ross Outfitters, Inc.*, 100 P.3d 465 (Colo. 2004)……………..……… 4, 6, 7, 8

*Colorado Performance Corp. v. Mariposa Associates*, 754 P.2d 401
    (Colo. Ct. App. 1987)……………………………………………………...…….…. 13

*Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991)………………..……. 2

*Espinoza v. Arkansas Valley Adventures, LLC*, 809 F.3d 1150 (10th Cir. 2016)………….. 4, 5, 8

*Forman v. Brown*, 944 P.2d 559 (Colo. App. 1996)………………………………..…… 14, 15

*Hamill v. Cheley Colorado Camps, Inc.*, 262 P.3d 945 (Colo. App. 2011)………………..… 7, 14

*Heil Valley Ranch, Inc. v. Simkin*, 784 P.2d 781 (Colo. 1989)………………………………… 4, 8

*Holland v. Florida*, 560 U.S. 631 (2010)…………………………………………...………. 14, 15

*Old Colorado Brewing Co. v. Company V.*, 2016 CV 31161, 2018 Colo. Dist.
    LEXIS 1433 (Colo. Dist. Ct., Jan. 24, 2018)…………………………………….…... 13

*Jones v. Dressel*, 623 P.2d 370 (Colo. 1981)……………………………………....... 4, 5, 6, 7, 8

*Jordan-Arapahoe, LLP v. Board of County Commissioners*, 633 F.3d 1022
    (10th Cir. 2011)……………………………………………………………….……... 3

*Lombard v. Colorado Outdoor Education Center, Inc.*, 187 P.3d 565 (Colo. 2008)…….…..……4

*Mandy's Ltd. v. Salon & Beauty Source, Inc.*, 15-cv-01571, 2016 U.S. Dist. LEXIS 193475
    (D. Colo. June 3, 2016)…………………………………………………………..…... 9

*Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105 (10th Cir. 2002)…………………………..…….4, 7

*Oshima v. Kia Motors Corp.*, No. 11-CV-3349, 2012 U.S. Dist. LEXIS 63086
    (D. Colo. May 4, 2012)……………………………………………………………… 12

*Park Universal Enterprises v. American Casualty Co.*, 442 F.3d 1239 (10th Cir. 2006)…….....… 2

*Robbins v. Okla. ex rel. Dep't of Human Services*, 519 F.3d 1242 (10th Cir. 2008)…………....12

## **TABLE OF AUTHORITIES (cont.)**

**PAGE(S)**

*Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust*, 854 P.2d 167 (Colo. 1993)……………………………………………..……..… 12

*Sutton v. Utah State School for Deaf & Blind*, 173 F.3d 1226 (10th Cir. 1999)…………...….. 3

*Sylvia v. Wisler*, 875 F.3d 1307 (10th Cir. 2017)……………………………………….....… 3

*United Blood Services v. Quintana*, 827 P.2d 509 (Colo. 1992)……………………………….. 14

*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702 (10th Cir. 2006)……………………………………………………………..…….. 12

*Vigil v. Franklin*, 103 P.3d 322 (Colo. 2004)………………………………....…….. 4

*Welker v. Powdermonarch, LLC*, 16-cv-00411, 2017 U.S. Dist. LEXIS 151229 (D. Colo. 2017) *aff'd, Patterson v. PowderMonarch, LLC*, 2019 U.S. App. LEXIS 17253 (10th Cir. June 10, 2019)……………………………………………………...…….… 4

## **RULES**

7 C.C.R. 1101-12……………………………………………………………….. 10

C.R.S. 4-2-313……………………………………………………………………. 11

C.R.S. 13-21-115 ……………………………………………………………….. 3

C.R.S. 13-21-115(2)……………………………………………………….…..... 3

C.R.S. 13-21-402(1)……………………………………………………………... 9

C.R.S. 13-21-403(1)……………………………………………………………... 10

C.R.S. 13-21-403(1)(b)…………………………………………………………... 10

CJI – Civ. 9:30…………………………………………………………………... 14

CJI – Civ. 14:1.5………………………………………………………….…...…. 9

CJI – Civ. 14:8…………………………………………………………………... 11

Fed. R. Civ. P. 8(a)(2)………………………………………………………….. 12, 13

Fed. R. Civ. P 9(b)……………………………………………………………….. 12, 13

Fed. R. Civ. P 12(b)(6)………………………………………………………….. 2, 3, 15

Bonsai Design, LLC ("Bonsai"), by and through counsel, Sanitas Law Group, LLC, files this Rule 12(b)(6) Motion to Dismiss all claims asserted against Bonsai for failure to state a claim upon which relief may be granted.  Counsel for Bonsai has conferred with counsel for Lisa Cowles ("Cowles" or "Plaintiff"), in accordance with this Court's Practice Standards, and the parties do not foresee amendments to the First Amended Complaint ("FAC") that would rectify the issues raised in this Motion to Dismiss. In support of this Motion, Bonsai states the following:

## I.    PRELIMINARY STATEMENT

Plaintiff suffered an injury while riding a zip line at The Vail Corporation's ("Vail or Vail's") Game Creek Course on July 7, 2017.  This accident is lamentable, but Bonsai is not liable. First, Plaintiff pleaded this as a premises liability case.  The Colorado Premises Liability Act ("CPLA") is an exclusive remedy, requiring dismissal of the other causes of action. Cowles knowingly and voluntarily waived her right to file a suit related to any injury she might suffer at the Game Creek Course, requiring dismissal of the premises liability cause of action. Additional bases exist for dismissing the FAC: Bonsai was an innocent seller of the primary brake system, both the Emergency Arrest Device ("EAD") and the Zip Line System complied with applicable Colorado Codes and standards, Plaintiff does not adequately plead causes of action for breach of express or implied warranties, fraud, or gross negligence, and the Bonsai-Vail Design and Build Agreement belies the existence of any joint venture.  Bonsai requests that this Court dismiss the entirety of the case as against Bonsai.

## II.    SUMMARY OF BACKGROUND

Bonsai is a Grand Junction, Colorado-based company that designs and installs zip line and other adventure courses. It aims to inspire people by providing outdoor adventures and it

strives to be at the forefront of safety. Bonsai and Vail entered a Design and Build Agreement ("Agreement") on September 19, 2012, for the design and installation of a Zip Line System at Vail Ski Resort in Vail, Colorado.[1] (Exhibit A, Agreement, attached hereto.[2])  The Agreement specifies that Vail is the owner and operator of the Premises; that Vail is the Buyer, while Bonsai is the Seller; and that the ownership of the Zip Line System passed to Vail upon full payment to Bonsai. As alleged in the FAC, Vail – not Bonsai – is the licensed operator of the Zip Line System. FAC ¶ 78. While certain of the components of the Zip Line System were manufactured by Bonsai, the primary brake system was manufactured and designed by third party TruBlue LLC, d/b/a Head Rush Technologies ("Head Rush").

When Cowles was riding zip line number four at Game Creek on July 7, 2017, the Head Rush-manufactured and designed primary brake system failed, and the primary brake rope snapped, resulting in injuries to Plaintiff. While this accident was unfortunate, Cowles signed a comprehensive participant waiver in which she released the equipment manufacturer and others from all liability related to any claim for injury that might occur. (*See* Exhibit B, Waiver, attached hereto.)

## III.   LEGAL ARGUMENT & AUTHORITIES

**A.       Standards for a Rule 12(b)(6) Motion to Dismiss.**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the plaintiff's causes of action.  The court must accept "all well-pleaded factual allegations . . . as true," and dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no

---

[1] The Agreement was entered by Bonsai Design Inc., which was subsequently converted into Bonsai Design, LLC.

[2] The Agreement is referenced in the First Amended Complaint at, for example paragraphs 64-76. As such, attachment of the Agreement to this Motion should not convert this Motion into a Rule 56 Motion for Summary Judgment. *See, e.g.*, *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quotation omitted). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement.") (citation omitted).

Colorado substantive law governs the analysis of the causes of action in the FAC and Bonsai's motion to dismiss because this Court's jurisdiction is based on diversity citizenship. *Brigance v. Vail Summit Resorts, Inc.*, 883 F.3d 1243, 1249 (10th Cir. 2018); *Sylvia v. Wisler*, 875 F.3d 1307, 1313 (10th Cir. 2017). Assuming all factual allegations in the FAC are true for purposes of this motion, the complaint should be dismissed for the reasons set forth below.

**B.   Counts I-III and VIII-X Should Be Dismissed Because
They Are Preempted by the Colorado Premises Liability Act.**

Count VII of the FAC alleges liability against Bonsai under the CPLA, C.R.S. 13-21-115.[3] Under clear and well-settled statutory language and case law, this CPLA claim preempts all other causes of action, and Counts I-III and VIII-X of the FAC should be dismissed.

The express language of the CPLA makes clear that it is an exclusive remedy.

In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property, the landowner shall be liable <u>only</u> as provided in subsection (3) of this section.

C.R.S. 13-21-115(2) (emphasis added).   Because Plaintiff alleges that she was injured on the

---

[3] While Bonsai disputes the allegations against it, for the purposes of this motion, such allegations are deemed to be true. *Jordan-Arapahoe, LLP v. Bd. of Cty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).

real property of another, that Bonsai was a "landowner" as defined by the CPLA, and that she

was injured by reason of the condition, activities or circumstances existing on such property,

Cowles' **only** recourse is through the CPLA.

> Courts have uniformly held that the CPLA is an exclusive remedy.
>
> The express, unambiguous language of subsection (2) of Colorado's premises liability statute evidences the General Assembly's intent to establish a comprehensive and exclusive specification of the duties landowners owe to those injured on their property. Subsection (2) is specific in its terms and without ambiguity or qualification. By using the language "any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another," the General Assembly indicated its intent to completely occupy the field and supercede the existing law in the area.

*Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004).  *See also Lombard v. Colo. Outdoor Educ.

Ctr., Inc.,*187 P.3d 565, 574 (Colo. 2008); *Welker v. Powdermonarch, LLC*, 16-cv-00411, 2017

U.S. Dist. LEXIS 151229,  at *29 (D. Colo. 2017) *aff'd, Patterson v. PowderMonarch, LLC*,

2019 U.S. App. LEXIS 17253 (10th Cir. June 10, 2019).  Under clear and binding precedent, all

of Plaintiff's non-CPLA claims are preempted and should be dismissed.

**C.     The Waiver That Cowles Signed Bars the Premises Liability Cause of Action.**

As explained by Justice Gorsuch, writing for the Tenth Circuit, "this court and many

Colorado courts have upheld many releases in many recreational activities over many years."

*Espinoza v. Ark. Valley Adventures, LLC*, 809 F.3d 1150, 1153 (10th Cir. 2016). *See, e.g.*,

*Chadwick v. Colt Ross Outfitters, Inc.*, 100 P.3d 465, 467 (Colo. 2004) (hunting); *Heil Valley

Ranch, Inc. v. Simkin*, 784 P.2d 781 (Colo. 1989) (horseback riding); *Jones v. Dressel*, 623 P.2d

370 (Colo. 1981) (skydiving); *Brigance,* 883 F.3d 1243 (skiing); *Espinoza*, 809 F.3d 1150

(rafting); *Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105 (10th Cir. 2002) (mountain biking). Per

Justice Gorsuch, "it's clear enough that Colorado allows private parties to assume some of the

risks associated with their recreational pursuits. It's a policy choice that, no doubt, means some

losses go uncompensated but one that also promotes the output and diversity of recreational services consumers may enjoy." 809 F.3d at 1153.

The Colorado Supreme Court has held, "[t]he determination of the sufficiency and validity of an exculpatory agreement is a question of law for the court to determine." *Jones*, 623 P.2d at 376. *Jones*, the leading case on recreational waivers, involved an exculpatory agreement related to sky diving that covered any loss or injury "while upon the premises or aircraft of the Corporation or while participating in any of the activities contemplated by this Agreement." *Id.* at 372. *Jones* held that four factors must be examined to determine whether an exculpatory agreement is valid:

> (1) the existence of a duty to the public; (2) the nature of the service performed; (3) whether the contract was fairly entered into; and (4) whether the intention of the parties is expressed in clear and unambiguous language.

*Id.* at 376. Gross negligence, or willful and wanton negligence, however, cannot be released by waiver. *Id.* The *Jones* court found, as a matter of law, that the exculpatory agreement was valid and barred plaintiff's claims. *Id.* at 376, 378. For a recent Tenth Circuit case upholding a Vail waiver, see *Brigance v. Vail Summit Resorts, Inc.*, 883 F.3d 1243 (10th Cir. 2018).

The waiver that Cowles signed is clearly written and it is broad. (*See* Exhibit B.) The heading of the waiver states, in increased font size, bold font, all capitals, highlighted in yellow, and with a red box surrounding the language:

**SKI AREA & SUMMER ACTIVITY**
**RELEASE OF LIABILITY, WAIVER OF CLAIMS, ASSUMPTION OF RISK & INDEMNITY AGREEMENT**

**WARNING: PLEASE READ CAREFULLY BEFORE SIGNING!**
**THIS IS A RELEASE OF LIABILITY & WAIVER OF CERTAIN LEGAL RIGHTS**
**INCLUDING THE RIGHT TO SUE OR CLAIM COMPENSATION**

As part of the waiver, Cowles affirmed that she understood that zip lining and other recreational activities "**CAN BE HAZARDOUS AND PRESENT A RISK OF PHYSICAL INJURY OR DEATH**." *Id.* at ¶ 2.  She also affirmed that she understood that:

> all Activities carry certain risks, inherent and otherwise, including but not limited to, injury or death cause by falling, equipment failure or improper use, the natural rugged environment, and the negligence of the activity operator, instructor, or other participants. In addition, each Activity carries certain unique risks, which include but are not limited to, injuries or death caused by: (a) collisions or entanglements with other people, ropes/cables, equipment, or natural or manmade objects, (b) rugged, steep, slippery, or otherwise dangerous terrain . . . , and (h) unmaintained or unmarked trails/roads or trail obstructions. I understand that the description of the risks in this agreement is not complete and voluntarily choose for participant to participate in and **EXPRESSLY ASSUME ALL RISKS AND DANGERS OF THE ACTIVITY AND THE POSSIBILITY OF PERSONAL INJURY, DEATH, PROPERTY DAMAGE AND LOSS** resulting therefrom, whether or not described here, known or unknown, inherent or otherwise.

*Id.* at ¶ 3.  Cowles further agreed "to accept any equipment '**AS IS**' and **WITH NO WARRANTIES**, express or implied."  *Id.* at ¶ 4.  Finally, Cowles agreed to the following:

> **IN CONSIDERATION FOR BEING ALLOWED TO PARTICIPATE IN THE ACTIVITY, I AGREE TO WAIVE ANY AND ALL CLAIMS AGAINST AND TO HOLD HARMLESS, RELEASE, INDEMNIFY, AND AGREE NOT TO SUE** the Activity operator, Vail Resorts, Inc., The Vail Corporation, . . . equipment manufacturer . . . **FROM ANY AND ALL LIABILITY** and/or claims for injury or death to persons or damage to property arising from Activity participation, **INCLUDING THOSE INJURIES AND DAMAGES CAUSED BY ANY RELEASED PARTY'S ALLEGED OR ACTUAL NEGLIGENCE** (including failure to take reasonable steps to protect against the risks of the Activity) **OR BREACH OF ANY EXPRESS OR IMPLIED WARRANTY**. I agree to pay all costs and attorneys' fees incurred by any Released Party in defending a claim or suit brought by me . . . .

*Id.* at ¶ 5.

Applying the four *Jones* factors to the situation in this case, Cowles signed the waiver in consideration for being allowed to participate in the Game Creek zip line course, a type of recreational activity that courts do not find to be a public service. *See, e.g.*, *Chadwick*, 100 P.3d at 467 (distinguishing businesses engaged in a public service from those "engaged in recreational

activities, which are not practically necessary and with regard to which the provider owes no special duty to the public"); *Brigance*, 883 F.3d at 1251 (ski lessons are "clearly recreational in nature" and "are not of great public importance").  Zip lining, clearly a recreational activity, is not a service to the public. The first *Jones* factor therefore does not invalidate the waiver.

The second *Jones* factor, the nature of the service performed, focuses on whether a service is an "essential service" or a "matter of practical necessity." *Brigance*, 883 F.3d at 1252. Colorado courts have uniformly found that recreational activities are neither essential nor necessities. *See, e.g.*, *Mincin*, 308 F.3d at 1111 ("[M]ountain biking is not an essential activity."). Zip lining is a recreational activity, not an essential service or matter of practical necessity.

Courts have regularly found, with respect to the third *Jones* factor, that "unfair disparity is generally not implicated when a person contracts with a business providing recreational services." *Brigance*, 883 F.3d at 1253 (quotation omitted).  Participants in recreational activities, such as skiing or zip lining, "'are generally free to walk away if they do not wish to assume the risks described' in an exculpatory agreement." *Id.* (quoting *Hamill v. Cheley Colo. Camps, Inc.*, 262 P.3d 945, 949-50 (Colo. App. 2011).  Here, there was no unfair disparity when Cowles signed the waiver as a condition to participating in the zip line course.  She was not forced to participate.  Indeed, when Cowles was given the option of a partial refund, Cowles instead chose to continue on the course.  FAC ¶¶ 145-47. Cowles was not unfairly disadvantaged, and the third *Jones* factor cannot defeat the waiver.

The fourth *Jones* factor examines whether the parties' intent is clearly expressed in unambiguous language.  Release language that is clear, "not inordinately long," and "uncomplicated and free from legal jargon," particularly in the recreational context, is upheld by Colorado courts. *See, e.g., Chadwick*, 100 P.3d at 468. In *Brigance* the Tenth Circuit found that

the release language in Vail's participant waiver "cannot be reasonably understood as expressing anything other than an intent to release or bar suit against VSRI from claims arising, in whole or in part, as a result of Dr. Brigance's decision to ski and participate in ski lessons at Keystone, including claims based on VSRI's negligence." 883 F.3d at 1256. *See also Heil Valley Ranch*, 784 P.2d at 785. Like the Vail waiver at issue in *Brigance*, the waiver signed by Cowles is only one page long – it is not "inordinately long" – and it is "uncomplicated and free from legal jargon." The intent is abundantly clear – to waive all liability for anything related to any activity on Vail property, including zip lining.  The waiver extends to the equipment manufacturer.  The intent of the waiver signed by Cowles is clearly to disallow any suit whatsoever for any injury or damage related to her time at Vail. The fourth *Jones* factor is satisfied.

Bonsai requests that Count VII be dismissed based on the exculpatory agreement.

**D.      To the Extent Not Preempted by the Premises Liability Cause of Action, Counts II, III, and IX Should Be Dismissed in Light of the Waiver.**

As discussed above, because Plaintiff pleaded this as a premises liability case, no cause of action can lie for counts I through III and VIII through X.  To the extent the Court disagrees and determines that the negligence, breach of warranties, and joint venture liability causes of action can proceed, Bonsai urges that they should be dismissed because Cowles waived her right to sue for any injury that occurred while participating on Vail's Game Creek zip line course.

As discussed above, Plaintiff expressly released claims against the equipment manufacturer, including claims sounding in negligence, based on express or implied warranties, and claims not mentioned in the release.  Many of the Colorado cases enforcing recreational exculpatory agreements do so in the context of negligence and breach of warranty claims. *See, e.g.*, *Brigance*, 883 F.3d 1243; *Espinoza*, 809 F.3d 1150; *Heil*, 784 P.2d 781; *Chadwick*, 100 P.3d 465.  The exculpatory agreement clearly waives negligence and breach of warranty claims,

and these causes of action should therefore be dismissed.  The joint venture cause of action is

based on negligence and breach of warranty, and should also be dismissed based on the waiver.

This court should dismiss Counts II, III, and IX of the FAC as against Bonsai based on

the valid exculpatory agreement that Cowles signed.

**E.**      **Count I of the First Amended Complaint Should Be Dismissed for the Additional Reasons That Bonsai Was an Innocent Seller of the Primary Brake System, and Both the Emergency Arrest Device and the Zip Line System Complied With Applicable Colorado Codes and Other Standards.**

The Colorado Legislature has determined, "No product liability action shall be

commenced or maintained against any seller of a product unless said seller is also the

manufacturer of said product or the manufacturer of the part thereof giving rise to the product

liability action." C.R.S. 13-21-402(1).  Plaintiff incorrectly alleges that Bonsai was the

manufacturer of all component parts of the Zip Line System and the braking system. FAC ¶ 73.

In reality, the manufacturer of the primary brake and primary brake rigging system that failed

when Cowles rode zip line number four was Head Rush.  Attached as Exhibit C is a copy of the

manual for Head Rush's zipSTOP Brake Assembly system. Bonsai is an "innocent seller" with

respect to the primary brake system, and Count I, insofar as it concerns the primary brake

system, cannot stand against Bonsai, an innocent seller. *See, e.g.*, *Mandy's Ltd. v. Salon &*

*Beauty Source, Inc.*, 15-cv-01571, 2016 U.S. Dist. LEXIS 193475 (D. Colo. June 3, 2016)

(granting summary judgment to innocent seller).

Further, to satisfy the requirements for a strict product liability cause of action, the

plaintiff must prove that the product in question "was defective at the time it was sold by the

defendant or left [its] control." CJI – Civ. 14:1.5. Where a product "[c]omplied with, at the time

of sale by the manufacturer, any applicable code, standard, or regulation adopted or promulgated

by the United States or by this state, or by any agency of the United States or of this state," it

must be presumed that "the product which caused the injury, death, or property damage was not defective and that the manufacturer or seller thereof was not negligent." C.R.S. 13-21-403(1)(b).

The EAD, manufactured by Bonsai, and the overall Game Creek course, designed and installed by Bonsai, were presumably not defective at the time sold by Bonsai because they complied with applicable Colorado codes and standards.  Attached hereto as Exhibit D is an Annual Certificate of Registration issued to Vail Resorts Management Company by the Colorado Amusement Rides and Devices Program, pursuant to Colorado Amusement Rides and Devices Regulations (7 C.C.R. 1101-12), and dated October 25, 2016.  This Registration certifies "that at the time of issuance, this amusement rides and devices operator was in compliance with manufacturer specifications and current codes adopted in the Colorado Amusement Rides and Devices Regulations." (Exhibit D).  The Game Creek Canopy Tour is one of the rides listed in compliance with state codes.  Attached hereto as Exhibit E is a copy of Bonsai's certification that the Game Creek Course complied with applicable ASTM standards for Amusement Rides and Devices.  Compliance with the ASTM standards is required by the Colorado Amusement Rides and Devices Regulations, 7 C.C.R. 11101-12, Section 1-5.  Plaintiff has not pleaded any facts that would overcome the presumption that the EAD and overall Game Creek zip line system were not defective upon delivery to Vail.  Plaintiff therefore fails to meet the requirements for a strict product liability claim, and Count I of the FAC should be dismissed.

**F.      Counts II and X Should Be Dismissed Because the Game
Creek Course Complied with Applicable Colorado Codes.**

As discussed above, Section 13-21-403 of the CRS applies a presumption that a manufacturer of a product that, at the time of sale, complies with applicable Colorado codes, is not defective "and that the manufacturer or seller thereof was not negligent." C.R.S. 13-21-403(1). The Game Creek zip line course was certified as complying with Colorado codes related

to amusement parks and rides. Plaintiff has not alleged facts to overcome this presumption, and

Plaintiff's negligence and gross negligence causes of action must therefore be dismissed.

**G.      Count III Should Be Dismissed Because Plaintiff Fails to Allege Anything More Than Conclusory Statements With Respect to Bonsai's Purported Warranties.**

Plaintiff fails to adequately plead a claim for breach of either an express or an implied

warranty. With respect to her express warranty claim, Plaintiff summarily alleges that Bonsai

breached an express warranty, but she alleges no facts that would show the existence of an

express warranty.  An essential element of a breach of express warranty claim is that "[t]he

defendant expressly warranted the" item at issue. CJI – Civ. 14:8. *See also* C.R.S. 4-2-313

(creation of express warranties).  Plaintiff has made no such allegation, requiring dismissal. This

Court recently dismissed an express warranty claim, explaining, "Plaintiffs fail[ed] to state a

claim because they [did] not identify any express warranties made or the source of such

warranties, and consequently no breach of any such warranties." *Carrado v. Daimler AG*, 17-cv-

3080, 2018 U.S. Dist. LEXIS 163026, at *17, (D. Colo. Sept. 24, 2018) (Martinez, J.).

The FAC also includes only conclusory statements with respect to a purported implied

warranty.  While Plaintiff alleges that Bonsai knew "the particular purposes for which" the zip

line, equipment, and components were to be used, Plaintiff does not state what the "particular

purpose," or even the usual purpose, of the zip line, equipment, and components supposedly

were.  In *Carrado*, this Court explained what must be pleaded for an implied warranty claim to

survive a motion to dismiss: "[A] plaintiff must also show that the product was to be used for a

particular purpose (different from its ordinary purpose), seller knew of the particular purpose,

seller knew that the buyer was relying on sellers skill to provide a product that would satisfy the

particular purpose, and the buyer relied on that skill." *Id.* at *19 (citation omitted).  This Court's

rationale for dismissing the implied warranty cause of action in *Carrado* applies equally to the

present case, and is therefore quoted at length:

> Plaintiffs fail to plead more than conclusory allegations pertaining to the implied warranties. For example, Plaintiffs do not even specify what the ordinary purpose of the Smart is, much less how Mercedes breached any warranty of merchantability. Similarly, when pleading that Mercedes knew of the "particular purposes" for which the Smart would be used, Plaintiffs do not identify *what* purpose the vehicle would be used for apart from its ordinary purpose (which is also unspecified). Plaintiffs fail to allege sufficient facts to support their claim that Mercedes breached any implied warranties, and instead merely restate the elements of a breach of implied warranty claim. Such conclusory allegations are insufficient.

*Id.* (citation omitted). Plaintiff's allegations here are similarly insufficient, and Bonsai requests that the Court dismiss Count III of the FAC.

## H.   Count VIII of the First Amended Complaint Should Be Dismissed Because Plaintiff Fails to Allege Any of the Elements of Fraud Against Bonsai.

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and Rule 9(b) requires that a fraud claim be pled with particularity. *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006). At a minimum, a plaintiff must allege the "who, what, when, where and how of the alleged fraud." *Id. See also Se. Colo. Water Conservancy Dist. v. Cache Creek Mining Trust*, 854 P.2d 167, 172 (Colo. 1993) (reciting the elements of fraud).

Plaintiff fails to allege any facts against Bonsai that would satisfy a single element of a fraud claim. Indeed, Plaintiff did not allege **any** direct contact with Bonsai prior to the accident, much less a false representation by Bonsai. Plaintiff's generic reference to "Defendants" throughout the fraud cause of action does not satisfy the "who" requirement of a fraud claim, as it would require a court to speculate as to what acts are attributable to whom. *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008); *see also Oshima v. Kia Motors Corp.*, No. 11-CV-3349, 2012 U.S. Dist. LEXIS 63086, at *15  (D. Colo. May 4, 2012)

("global references to 'defendants' collectively . . . are insufficient to provide the fair notice required by Fed. R. Civ. P. 8(a).").

The fraud count also does not specify the "when" of any potential statement or fraudulent act by Bonsai, and simply makes the conclusory allegations that the acts of "Defendants" took place "at all relevant times."   Bonsai also is left to guess what, where and how it supposedly committed fraudulent acts in connection with Plaintiff.  The fraud claim has not been pled with particularity and should be dismissed against Bonsai under Rules 8(a)(2) and 9(b).

**I.      Plaintiff Has Not Pleaded Sufficient Facts for a Joint
          Venture Claim, Requiring Dismissal of Count IX of the FAC.**

A "joint venture" between two parties is a partnership that is formed for a limited purpose, and the law of partnership applies to determine whether a joint venture exists. *Batterman v. Wells Fargo Ag Credit Corp.*, 802 P.2d 1112, 1117 (Colo. Ct. App. 1990). A joint venture exists only where the parties have "joint, not several, profit sharing." *Id.* "This element of profit sharing has been said to be the 'primary attribute' of, and a 'necessary condition' for, a partnership." *Colo. Performance Corp. v. Mariposa Assocs.*, 754 P.2d 401, 405 (Colo. Ct. App. 1987); *see also Old Colo. Brewing Co. v. Company V.*, 2016 CV 31161, 2018 Colo. Dist. LEXIS 1433, at *34-35 (Colo. Dist. Ct., Jan. 24, 2018) ("In absence of an agreement to share profits or losses, an essential element to prove the existence of a joint venture is lacking.").  There is no profit sharing, and therefore no joint venture, if one party "receives a fixed sum, irrespective of the venture's profits or losses." *Batterman*, 802 P.2d at 1117.

The Agreement defines Vail as the "Buyer" and Bonsai as the "Seller." (<u>Exhibit A</u>).  The Agreement specifies that "Seller will furnish and deliver to Buyer, FOB Buyer's place of business, the Zip Line System as further described in the Plans . . . ." *Id.* at ¶ 2(d)(i).  Further,

"Ownership of the Zip Line System will pass to Buyer upon payment in full." *Id.* at ¶ 5.  The Agreement makes no mention of profit sharing between Vail and Bonsai.

In the FAC, Plaintiff includes only one sentence about the "essential element" of a joint venture, the sharing of profits, which sentence is based on information and belief. FAC ¶ 418. There is clearly no basis for this allegation, which is belied by the Agreement between Vail and Bonsai. Bonsai, the "Seller" of the Zip Line System, has no ownership interest in the Zip Line System, and does not share in any way in the profits that Vail earns from the Zip Line System.

Bonsai requests that the Court dismiss the joint venture cause of action.

**J.     Plaintiff Fails to Sufficiently Plead a Cause of Action for Gross Negligence, Requiring Dismissal of Count X of the FAC.**

"[I]t has been aptly said that gross negligence is ordinary negligence with a vituperative epithet added." *Holland v. Florida*, 560 U.S. 631, 658 (2010).  In Colorado, the vituperative epithet must amount to "an act or omission purposefully committed by a person who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly the plaintiff." CJI – Civ. 9:30. *See also Hamill,* 262 P.3d at 954 ("Gross negligence is willful and wanton conduct, that is, action committed recklessly, with conscious disregard for the safety of others."); *United Blood Servs. v. Quintana*, 827 P.2d 509, 523 n.10 (Colo. 1992) ("Willful misconduct consists of conduct purposely committed under circumstances where the actor realizes that the conduct is dangerous but nonetheless engages in the conduct without regard to the safety of others.").  Willful and wanton conduct "extends beyond mere unreasonableness." *Forman v. Brown*, 944 P.2d 559, 564 (Colo. App. 1996).

In *Hamill*, the court determined that there was no evidence that a camp wrangler acted willfully, purposefully caused a saddle to slip, or recklessly disregarded the appropriate way to

tack a horse. *Id.* at 955.  The court therefore upheld the trial court's dismissal of the gross negligence claim on summary judgment.  Similarly, where a rafting guide instructed participants on how to enter the water to avoid injuries, the court found that the guide "did not consciously and willfully disregard the safety of the participants.  Furthermore, plaintiff does not allege, nor does the record indicate that Scott [the guide] recklessly forced the participants to jump in the river or otherwise intentionally disregarded the participants' safety." *Forman*, 944 P.2d at 565.

Here, at the motion to dismiss stage, the court must evaluate the allegations of the complaint to determine whether Plaintiff has alleged sufficient facts to withstand dismissal of the gross negligence cause of action.  Plaintiff falls far short, only vaguely alleging, "[i]n engaging in one or more of the acts and omissions set forth herein causing Plaintiff's injuries, Defendants acted willfully, wantonly, and recklessly, without regard for the consequences or the rights and safety of the Plaintiff." FAC ¶ 423.  The recitation of facts section of the FAC is devoid of any allegations of willful, wanton, or reckless conduct on the part of Bonsai, or conduct that was undertaken without regard for the safety of Plaintiff.  This is a far cry from the requisite allegations of a conscious and willful disregard for the safety of participants.  Bonsai respectfully requests that the gross negligence cause of action (Count X) be dismissed.

## IV.   CONCLUSION

**WHEREFORE**, for the reasons stated above, Bonsai's Rule 12(b)(6) motion to dismiss Plaintiff's claims should be granted in its entirety.  Bonsai respectfully requests that the Court dismiss Counts I through III and VII through X as against Bonsai with prejudice.  Bonsai prays for such other and further relief as the Court deems appropriate, including costs.

**DATED** this 28th day of October, 2019.

Respectfully Submitted,

[*]s/ *Jennifer C. Arnett*

Jennifer C. Arnett
Christopher C. Ash
Sanitas Law Group
1221 Pearl St.
Boulder, Colorado 80302
Tel: 303-442-2900
Fax: 303-442-2900
jennifer@sanitaslaw.com
chris@sanitaslaw.com
*Attorneys for Defendant Bonsai Design, LLC*

---

[*] *Pursuant to Electronic Case Filing Procedure for the District of Colorado (Civil Cases) § 5(C)(1-3), the "s/ signature" serves as the filer's signature on all such documents filed with the court. It also serves as the filer's signature for purposes of the Federal Rules of Civil Procedure, the local rules of this court, and any other purpose for which a signature is required in connection with proceedings before the court.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th of October, 2019, I electronically filed the foregoing "**BONSAI'S RULE 12(b)(6) MOTION TO DISMISS**" and five exhibits cited therein with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Paul J. Komyatte
paul@komyattelawfirm.com
*Attorney for Plaintiff Lisa Cowles*


*Alison K. Toivola*
aktoivola@vailresorts.com

Samuel N. Shapiro
sshapiro@vailresorts.com
*Attorneys for Vail Resorts Management Company*


*s/ Christine Giaquinto, Legal Assistant of Sanitas Law Group*