**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-1946-WJM-MEH

**LISA COWLES**, a citizen of Wisconsin,

Plaintiff,

v.

**BONSAI DESIGN LLC,** a Colorado limited liability company with its principal place of business in Colorado and with three members, who citizens of Colorado and/or citizens of North Carolina;
**VAIL RESORTS, INC.,** a Delaware corporation with its principal place of business in Colorado;
**VAIL RESORTS HOLDINGS, INC.,** a Colorado corporation with its principal place of business in Colorado;
**THE VAIL CORPORATION**, a Colorado corporation with its principal place of business in Colorado; and
**VAIL RESORTS MANAGEMENT COMPANY**, a Colorado corporation with its principal place of business in Colorado,

Defendants.

**PLAINTIFF'S MOTION TO STRIKE EXHIBITS TO BONSAI'S
RULE 12(b)(6) MOTION TO DISMISS OR, ALTERNATIVELY,
MOTION TO CONVERT BONSAI'S MOTION TO DISMISS TO
MOTION FOR SUMMARY JUDGMENT**

Generally, when ruling on a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), a court should not look beyond the contents of the complaint itself. Here, Bonsai has filed a dispositive motion which, though styled as a motion pursuant to Rule 12(b)(6) [*see* Doc. #61], primarily relies on attached documents that Plaintiff, Lisa Cowles, does not incorporate or reference in her operative complaint [Doc. #9], that are not central to her claims, and that are not proper subjects of judicial notice. Because Bonsai has elected to seek dispositive relief pursuant to Rule 12(b)(6),

these documents should not be considered by the Court in ruling on Bonsai's motion to dismiss. Plaintiff therefore requests the Court strike and disregard these documents.

Alternatively, Fed. R. Civ. P. 12(d) affords this Court discretion to consider Bonsai's documents by converting its motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56. While Plaintiff contends that the Court should instead simply strike Exhibits A through E to Bonsai's Rule 12(b)(6) motion, Plaintiff alternatively – and conditionally – requests the Court convert the motion to a Rule 56 motion. Plaintiff's alternative request is conditioned on the Court providing sufficient time for the parties to complete discovery germane to the issues raised by Bonsai in seeking dispositive relief in this case, which is at the outset of factual discovery.

**Certificate of Conferral Pursuant to D.C.COLO.LCivR 7.1(a)** – Undersigned counsel certify that they have conferred with counsel for Bonsai concerning this motion and are authorized to state based on that conferral that Bonsai opposes the motion.

### I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1. This lawsuit arises from serious injuries suffered by the Plaintiff, Lisa Cowles, in a zip-lining accident on July 7, 2017, at the "Game Creek" zip-lining course in Vail, Colorado. Plaintiff alleges that, *inter alia*, a braking system designed, manufactured, and installed by Bonsai malfunctioned and failed, causing her to crash into the bottom of the zip line at a high rate of speed.

2. Plaintiff filed her First Amended Complaint on July 22, 2019. [*See* Doc. #9].

3. The First Amended Complaint is currently the operative complaint in this matter. [*See* Minute Order, July 22, 2019, Doc. #8].

4. Bonsai filed its motion to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on October 28, 2019. [Doc. #61].

5. Bonsai submitted five exhibits in support of its motion to dismiss. Exhibit A to

Bonsai's motion appears to be a collection of documents collectively referred to as "Design and Build Agreement." [Doc. #61-1]. Exhibit B is a copy of a document titled, "Ski Area & Summer Activity Release of Liability, Waiver of Claims, Assumption of Risk & Indemnity Agreement." [Doc. #61-2]. Exhibit C is a copy of a document titled, "ZipStop Installation, Operation, and Maintenance Manual." [Doc. #61-3]. Exhibit D is a copy of a document titled, "Amusement Rides and Devices Annual Certificate of Registration." [Doc. #61-4]. Exhibit E is a copy of Bonsai's initial ASTM certification for the Game Creek zipline course, dated November 10, 2015. [Doc. #61-5].

6. None of these documents are attached to or referenced anywhere in Plaintiff's First Amended Complaint. [*See* Doc. #9].

## II. BONSAI'S EXHIBITS TO ITS RULE 12(b)(6) MOTION TO DISMISS SHOULD BE STRICKEN AND DISREGARDED BY THE COURT

### A. On a Rule 12(b)(6) Motion, Trial Courts May Consider Materials Outside the Pleadings Only Under Limited Circumstances Absent Here.

7. "Generally, when ruling on a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), a court should not look beyond the contents of the complaint itself." *Hampton v. Root9B Technologies, Inc.*, 2016 WL 7868823, *2 (D. Colo. Aug. 3, 2016) (citations omitted).

8. "There are exceptions to this restriction on what the court can consider, but they are quite limited: (1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which the court may take judicial notice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citations omitted).

9. "[T]his court has broad discretion in determining whether or not to accept materials beyond the pleadings." *Hampton, supra*, 2016 WL 7868823, at *2 (citations omitted). Where "a

defendant attaches to a 12(b)(6) motion materials referred to by the plaintiff and central to [her] claim," the court has discretion to decide whether or not to consider those materials. *Prager v. LaFever*, 180 F.3d 1185, 1189 (10th Cir. 1999). "The mere fact that [a defendant] provide[s] documents to this Court does not require the Court to rely on those documents" or to consider them at all. *Hampton, supra*, 2016 WL 7868823, at *2 (citations omitted).

**B. Bonsai's Exhibits Do Not Fall Within Any Exception to the Rule Barring Consideration of Materials Outside the Pleadings on a Rule 12(b)(6) Motion**

10.     *No Incorporation by Reference*. None of Bonsai's exhibits are incorporated into Plaintiff's complaint by reference. For example, while Plaintiff generally alleges that Bonsai and Vail entered into contractual arrangements with respect to the design and construction of the Game Creek zip-line course [*see, e.g.*, Doc. #9, ¶¶ 59, 73-75, 226], Plaintiff's First Amended Complaint does not attach or incorporate by reference the "Design Build Agreement" submitted as Bonsai's Exhibit A. [*See generally* Doc. #9]. Plaintiff could not have incorporated this document by reference in her operative Complaint because she and her counsel were not provided with a copy of the document until months after her operative Complaint was filed.[1]

11.     Similarly, Plaintiff was not provided with a copy of Bonsai's Exhibit C, which Bonsai refers to as "a copy of the manual for Head Rush's zipSTOP Brake Assembly system," until Bonsai produced that document in discovery – again, months after Plaintiff's operative Complaint was filed. None of Bonsai's Exhibits are incorporated by reference in the Complaint.

12.     ***Documents Not Central to Plaintiff's Claims***. None of Bonsai's Exhibits are "central to" Plaintiff's claims, either. None of Plaintiff's claims rely on the existence of an

---

[1] Vail's in-house counsel emailed a copy of the Design and Build Agreement to Plaintiff's counsel on August 29, 2019. Vail and Bonsai have each since produced versions of the agreement with their Rule 26(a)(1) disclosures that appear to contain different attachments, addendums, and appendices than the version informally provided by Vail's in-house counsel.

exculpatory agreement, including the specific document attached as Bonsai's Exhibit B. Bonsai apparently concedes this point as it fails to argue anywhere in its motion that consideration of this document would be appropriate on its request for relief under Rule 12(b)(6**)**.

13. Nor is this a case where "a plaintiff with a deficient claim" omits from their complaint "a dispositive document upon which the plaintiff relied" simply to "survive a motion to dismiss …" *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).

14. An exculpatory agreement is not *a priori* enforceable in all cases. Assuming, *arguendo*, that Exhibit B is shown to be an authentic copy of an exculpatory agreement actually signed by Plaintiff in connection with her visit to Vail's zip-lining course, Bonsai concedes in its motion that "such agreements cannot shield against a claim for willful and wanton conduct, regardless of the circumstances or intent of the parties." *Brigance v. Vail Summit Resorts, Inc.*, 883 F.3d 1243, 1249 (10th Cir. 2018) (citing *Boles v. Sun Ergoline, Inc.*, 223 P.3d 724, 726 (Colo. 2010)).[2] Bonsai appears to concede that an "agreement releasing a manufacturer from strict products liability … necessarily violates the public policy of this jurisdiction and is void" under Colorado law as well, as its motion does not contend that Plaintiff's strict liability claim is barred by a waiver either. *Boles, supra*, 223 P.3d at 727-28. An exculpatory agreement that fails to express the parties' intent in clear and unambiguous language is similarly unenforceable. *See, e.g., Schlumbrecht-Muniz v. Steamboat Ski & Resort Co.*, 132 F.Supp.3d 1310, 1314-16 (D. Colo. 2015); *Rowan v. Vail Holdings, Inc.*, 31 F. Supp. 2d 889, 898-900 (D. Colo. 1998); *Stone v. Life-Time Fitness, Inc.*, 2016 COA 189M, ¶ 15.

15. Bonsai's Exhibit A is also not "central to" Plaintiff's claims. While Plaintiff

---

[2] *See also Espinoza v. Ark. Valley Adventures LLC*, 809 F.3d 1150, 1152 (10th Cir. 2016) ("Under Colorado common law, it's long settled that courts will not give effect to contracts purporting to release claims for intentional, knowing, or reckless misconduct."); .

generally alleges the existence of contractual agreements between Bonsai and Vail, her operative Complaint does not assert any contract claims against either Defendant, much less a claim based on Exhibit A, or otherwise rely on any of the terms set forth in this document, which was not provided to Plaintiff or her counsel until months after the filing of her operative Complaint. *See* footnote 1, *supra*. The same is true of Bonsai's remaining exhibits.

16. ***Not Proper Subjects of Judicial Notice***. Nor can the Court consider Bonsai's Exhibits by taking "judicial notice" of the contents of these documents or the construction or enforceability of their terms.

17. "In general, the purpose of 'judicial notice' is to permit a court to make a *finding of fact* in the absence of record evidence." *Weigel v. BAC Home Loans Servicing, LP*, 2011 WL 1135319, *3 (D. Colo. Mar. 29, 2011) (emphasis added). To be a proper subject of judicial notice, the matter "must be beyond reasonable dispute … because the effect of taking judicial notice is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against [her] as to the fact noticed." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997).

18. Exhibits A and B, which both purport to set forth contractual agreements between the parties, are not proper subjects of judicial notice. Contractual agreements between private parties are not ordinarily a proper subject of judicial notice. *See, e.g., D.R. Horton, Inc. v. Travelers Indem. Co.*, 860 F.Supp.2d 1246, 1258-59 (D. Colo. 2012) (declining to take judicial notice of terms of purported settlement agreement). As a general rule, issues like the construction and enforceability of contract terms under a given set of facts "are not the proper subject of judicial notice." *United States v. Jimenez*, 2018 WL 3083744, *3 (D. Colo. June 22, 2018) (citing *United States v. Dedman*, 527 F.3d 577, 586-88 (6th Cir. 2008); *Taylor v. Charter Med. Corp.*, 162 F.3d

827, 830-31 (5th Cir. 1998)).

19. Even where a court may properly take judicial notice of the *terms* of a contract, it cannot take judicial notice of the *construction or enforceability* of those terms where, as here, those issues are a subject of genuine dispute between the parties. *Accord King v. Kramer*, 763 F.3d 635, 649-50 (7th Cir. 2014) (trial court did not err in refusing to take judicial notice of one party's legal argument concerning enforceability of contract term that was subject to parties' dispute). "If a court takes judicial notice of a fact whose application is in dispute, the court removes the weapons of rebuttal evidence, cross-examination, and argument from the parties and raises doubt as to whether the parties received a fair hearing." *United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002). Plaintiff is entitled to her counsel's use of these "weapons" with respect to the waiver issue and other disputed factual issues in this case, like Bonsai's status as a "manufacturer" of the defective braking system and components alleged to have caused her injuries. Bonsai should not be permitted to short-circuit the development of a factual record sufficient for pretrial determination of these issues simply by attaching copies of a component manual and a certification form to its Rule 12(b)(6) motion.

20. None of Bonsai's Exhibits fall within any exception to the rule limiting this Court's 12(b)(6) analysis to matters alleged in the Complaint. As such, Bonsai's Exhibits should be stricken and disregarded by the Court.

### III. ALTERNATIVELY, THE COURT SHOULD CONVERT BONSAI'S RULE 12(b)(6) MOTION TO A MOTION FOR SUMMARY JUDGMENT AND AFFORD PLAINTIFF OPPORTUNITY TO COMPLETE RELEVANT DISCOVERY ON THE ISSUES RAISED BY BONSAI

21. Plaintiff acknowledges that "the Court has discretion in deciding whether to convert a motion to dismiss into a motion for summary judgment by accepting or rejecting … attached

documents." *Hampton, supra*, 2016 WL 7868823, at *2 (citations omitted). If the Court is inclined to consider Bonsai's Exhibits on its present motion to dismiss, however, it should only do so after converting the motion to one for summary judgment under Rule 56 – *and* after affording the parties sufficient time to complete the significant discovery remaining on the issues raised by Bonsai in that motion.

22.  Initially, "the failure to convert a 12(b)(6) motion to one for summary judgment where a court does not exclude outside materials is reversible error unless the dismissal can be justified without considering the outside materials." *Gee, supra*, 627 F.3d at 1187 (citing *GFF Corp, supra*, 130 F.3d at 1384. Because Bonsai's request for case-dispositive relief cannot be justified without reference to its Exhibits, the Court can only properly consider the Exhibits by converting the motion to a summary judgment motion. *Accord Hampton, supra*, 2016 WL 7868823, at *2.

23.  Here, converting Bonsai's Rule 12(b)(6) motion to a summary judgment motion only makes sense if the Court affords the parties sufficient time to complete discovery germane to the disputed factual issues raised in the motion. *Accord GFF Corp.*, *supra*, 130 F.3d at 1384 ("Conversion to summary judgment when a district court considers outside materials is to afford the plaintiff an opportunity to respond in kind.").

24.  While submission of a complete Rule 56(f) affidavit may follow should the Court decide to convert Bonsai's motion to a motion for summary judgment, suffice it to say that Plaintiff is pursuing discovery relevant to the disputed factual issues raised in the motion. At present, however, Bonsai and Vail have yet to produce substantial relevant discovery documents and information significant to a variety of issues relevant to the (un)enforceability of Vail's liability waiver, including correspondence memorializing details concerning the subject accident;

documents concerning the condition of the braking systems on the Game Creek zip-line course both before and after the subject accident; documents concerning Bonsai's responsibility for and involvement in assembling, repairing, and maintaining the braking systems on the course, both during initial course construction and thereafter[3]; and information concerning other similar incidents where consumers were injured on zip-lines under similar circumstances including zip-lines designed and built by Bonsai. Plaintiff also has yet to depose any Bonsai or Vail representatives or employees with knowledge relevant to these and other disputed factual issues raised in Bonsai's motion.

25. To the extent the Court is not inclined to simply strike Bonsai's Exhibits, Plaintiff _conditionally_ requests that the Court convert Bonsai's motion to dismiss to a summary judgment motion but only requests this relief if the Court also affords sufficient time for the parties to undertake and complete reasonable discovery germane to the issues raised in the Motion. If the Court is not so inclined, Plaintiff respectfully submits that it should simply strike Bonsai's exhibits and confine its analysis to matters set forth in the pleadings as contemplated under Rule 12.

WHEREFORE, Plaintiff, Lisa Cowles, respectfully requests this Court GRANT her Motion to Strike Exhibits to Bonsai's Rule 12(b)(6) Motion to Dismiss or, Alternatively, to Convert Bonsai's Motion to Dismiss to Motion for Summary Judgment, and enter an Order striking the Exhibits submitted with Bonsai's pending Motion to Dismiss or, alternatively, converting Bonsai's motion to a motion for summary judgment and affording the parties opportunity to complete necessary discovery, and grant her such other and further relief as the Court deems just.

---

[3] _Accord_ C.R.S. § 13-21-401(1) (definition of product "manufacturer" includes an "entity who designs, _assembles,_ fabricates, produces, constructs, or _otherwise prepares_ a product or a component part of a product …").

Respectfully submitted this 2nd day of December, 2019.

          **THE KOMYATTE LAW FIRM LLC**

By:
    /s/ Paul J. Komyatte
    Paul J. Komyatte (No. 22750)
    David P. Mason (No. 41333)
    The Komyatte Law Firm, LLC
    1536 Cole Blvd., Ste. 300
    Lakewood, CO 80401
    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

 I hereby certify that on this 2nd day of December, 2019, a true and accurate copy of the foregoing was filed with the Court and served upon all counsel of record via the Court's CM/ECF system:

        **THE KOMYATTE LAW FIRM LLC**

        *s/ David P. Mason*
        David P. Mason, Esq.