**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-1946-WJM-MEH

**LISA COWLES**, a citizen of Wisconsin,

Plaintiff,

v.

**BONSAI DESIGN LLC,** a Colorado limited liability company with its principal place of business in Colorado and with three members, who citizens of Colorado and/or citizens of North Carolina;
**VAIL RESORTS, INC.,** a Delaware corporation with its principal place of business in Colorado, et al.,

Defendants.

---

**PLAINTIFF'S <u>UNOPPOSED</u> MOTION TO RESTRICT PUBLIC ACCESS TO PLAINTIFF'S <u>AMENDED</u> RESPONSE BRIEF IN OPPOSITION TO VAIL'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES PURSUANT TO RULE 12(b)(6) AND CERTAIN EXHIBITS THERETO**

---

Plaintiff, Lisa Cowles, through her attorneys, respectfully seeks to restrict public access to her <u>Amended</u> Response Brief in Opposition to Vail's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and certain exhibits thereto, as provided pursuant to paragraph 11 of the protective order entered by the Court on November 15, 2019. [*See* Doc. #79]. While Plaintiff does not concede that any of the information produced by Defendants or otherwise so designated by Defendants actually consists of "confidential" information subject to the terms of the protective order, Plaintiff brings this motion in an abundance of caution to avoid any accusation that she has improperly disclosed confidential material. In support of her motion, Plaintiff states as follows:

1. On November 15, 2019, this Court entered the parties' stipulated protective order as an Order of the Court. [Doc. 79].

2. As relevant here, paragraph 11 of the protective order provides that "[a]ll documents containing Confidential Information that are filed with the Court in connection with a motion or otherwise shall be subject to Level 1 Restriction pursuant to D.C.COLO.LCivR 7.2, unless otherwise agreed to by the Parties or ordered by the Court." [*Id.*, ¶ 11].

3. Contemporaneously herewith, Plaintiff is filing her <u>Amended</u> Response Brief in Opposition to Vail's Motion to Dismiss Plaintiff's First Amended Complaint for Damages Pursuant to Rule 12(b)(6), which contains references to documents and information that Defendants have designated (or otherwise contend are) confidential and attaches exhibits consisting of documents Defendants have designated (or otherwise contend are) confidential.

4. In order to comply with paragraph 11 of the protective order, and in an abundance of caution to avoid accusations of improperly disclosing confidential information, Plaintiff is seeking Level 1 Restriction for the following documents being filed on December 11, 2019:

   a. Plaintiff's <u>Amended</u> Response Brief in Opposition to Vail's Motion to Dismiss Plaintiff's First Amended Complaint for Damages Pursuant to Rule 12(b)(6);

   b. Exhibit 1 to Plaintiff's <u>Amended</u> Response Brief in Opposition to Vail's Motion to Dismiss Plaintiff's First Amended Complaint for Damages Pursuant to Rule 12(b)(6);

   c. Exhibit 2 to Plaintiff's <u>Amended</u> Response Brief in Opposition to Vail's Motion to Dismiss Plaintiff's First Amended Complaint for Damages Pursuant to Rule 12(b)(6), including Attachments 1, 2, 3, 4, 6, 7, 8, 9, and 10 to Exhibit 2.[1]

---

[1] Attachments 1, 4, 6, 7, 8, and 10 to Exhibit 2 have been designated and marked by the producing Defendant as "confidential" pursuant to paragraph 4(a) of the protective order. Attachments 2, 3, and 9 to Exhibit 2, while not marked "confidential" by the producing party (Vail), contain documents and/or electronic correspondence that undersigned counsel understands have been designated as confidential information by Bonsai notwithstanding Vail's production of the documents without formal designation as "confidential information."

5.  Plaintiff is <u>not</u> seeking Level 1 Restriction for Exhibits 3 and 4 to her <u>Amended Response Brief</u>, which do not contain or consist of confidential information.

6.  Nothing herein is intended by Plaintiff to waive or release any right to challenge the designation of any documents or information by any Defendant as constituting or containing "confidential information" subject to the terms of the protective order or otherwise warranting Level 1 Restriction.

7.  Plaintiff expressly reserves right to challenge any and all designations of confidential information by Defendants under the protective order and to request the removal of Level 1 Restriction that may be afforded these documents pursuant to this request. *Accord* Doc. #79, ¶ 5.

8.  **Certificate of Conferral Pursuant to D.C.COLO.LCivR 7.1(a)** – Undersigned counsel certify that the parties previously stipulated to the terms of the protective order entered by the Court, including paragraph 11 requiring Level 1 Restriction of any document containing or consisting of "confidential information"; and that counsel for Defendants have indicated that the documents and information referenced in paragraph 4(a), 4(b), and 4(c) are (or refer to) information designated by Defendants as "confidential" pursuant to the protective order. Accordingly, undersigned counsel presume that the instant motion is unopposed by the Defendants.

WHEREFORE, Plaintiff requests the Court enter an Order providing that the documents identified in Paragraphs 4(a), 4(b), and 4(c) herein are subject to Level 1 restriction.

Respectfully submitted this 11th day of December, 2019,

By: s/ *Paul J. Komyatte*
Paul J. Komyatte #22750
David P. Mason #41333
The Komyatte Law Firm LLC
1536 Cole Blvd., Bldg. 4, Suite 300
Lakewood, CO 80401
Phone No. (720) 975-8553
Fax No. (720) 528-8072
Email   paul@komyattelawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of December, 2019, a true and accurate copy of the foregoing was electronically filed with the Court and served upon all counsel of record via the Court's CM/ECF system:

**THE KOMYATTE LAW FIRM LLC**

<u>*s/ David P. Mason*</u>
David P. Mason, Esq.