**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:19-cv-01946-MEH

Lisa Cowles,

    Plaintiff,

v.

Bonsai Design LLC,
Vail Resorts, Inc.,
Vail Resorts Holdings, Inc.,
The Vail Corporation, and
Vail Resorts Management Company,

    Defendants.

---

**BONSAI'S RESPONSE TO PLAINTIFF'S MOTION TO
STRIKE OR, ALTERNATIVELY, TO CONVERT BONSAI'S
MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT**

---

Bonsai Design, LLC ("Bonsai"), by and through counsel, Sanitas Law Group, files this Response in Opposition to Plaintiff's Motion to Strike Exhibits to Bonsai's Rule 12(b)(6) Motion to Dismiss or, Alternatively, Motion to Convert Bonsai's Motion to Dismiss to Motion for Summary Judgment.  In support of this motion, Bonsai states the following:

### I.  BRIEF SUMMARY

By its Motion, Plaintiff seeks to both prohibit this Court from reviewing a couple of key documents that are central to this case and that would eliminate months of costly litigation, and to herself rely on documents produced through discovery. This duplicitousness should not be abided, and Plaintiff's motion to strike should be denied.

Bonsai filed and served its timely Motion to Dismiss on October 28, 2019. (Dkt. # 61.)

Plaintiff then filed a motion seeking leave of Court to file a Second Amended Complaint (Dkt. # 66), and Plaintiff's counsel then requested an extension of time to respond to Bonsai's Motion to Dismiss (Dkt. # 76.) The primary reason that Plaintiff's counsel provided for needing additional time to respond to the Motion to Dismiss was so that counsel could review documents being produced by Bonsai. (*Id.* ¶¶ 9-12, 14.) It therefore seems curious that Plaintiff would need additional time to respond to a motion to dismiss, so that her counsel could review documents being produced through the discovery process, while simultaneously claiming that the five documents attached to Bonsai's Motion to Dismiss should be stricken.[1]

The documents that Bonsai attached to its Motion to Dismiss are central to the case, or in the case of one document the Court may take judicial notice, and the Court should consider those documents in determining Bonsai's Motion to Dismiss. There is no need to convert the Motion to a Rule 56 Motion for Summary Judgment. Plaintiff has made no serious argument as to why additional discovery would be needed with respect to these documents, and none is needed. Bonsai respectfully requests that the Court deny Plaintiff's Motion to Strike or to Convert Bonsai's Motion to Dismiss into a motion for summary judgment.

## II.  LEGAL ARGUMENT & AUTHORITIES.

**A.     Legal Standard**

Ordinarily, only the allegations in a complaint may be reviewed to determine whether to grant a motion to dismiss. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Where, however, a complaint incorporates documents by reference, or documents are central to a claim

---

[1] Plaintiff both claims that Bonsai and Vail "have yet to produce substantial relevant discovery documents," (Dkt. # 87 ¶ 24), and laments that Defendants produced "voluminous (over 5 gigabytes) [of] discovery documents" (Dkt. # 94 ¶ 32). In actuality, as of the date Plaintiff filed her Motion to Strike, December 2, 2019, Bonsai had produced 3,585 pages of documents. As of December 6, 2019, Bonsai had produced 10,037 pages of documents.

in the complaint and the parties do not dispute the documents' authenticity, or the court may take judicial notice of documents, documents other than the complaint may be referenced in determining a motion to dismiss. *Id.* As explained by the Tenth Circuit, if a document is central to a case but not attached, and the court were not permitted to review that document on a motion to dismiss, "a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1385 (10th Cir. 1997). If documents outside the complaint are reviewed but do not fall into one of the exceptions, the motion to dismiss must be converted into a motion for summary judgment. *Id.* at 1384.

**B.    The Documents Attached to Bonsai's Motion to Dismiss Should Be Considered By This Court Without Converting the Motion into a Rule 56 Motion**

In support of its Motion to Dismiss, Bonsai attached five exhibits – the Design and Build Agreement between Bonsai and Vail related to the zipline system that is the subject of this suit (Exhibit A), the exculpatory agreement signed by Plaintiff before she participated in the zipline course (Exhibit B), the Installation, Operation and Maintenance Manual for the zipStop primary brake system that was manufactured by Head Rush Technologies (Exhibit C), a copy of the October 25, 2016 Certificate issued by the Colorado Department of Labor and Employment, Division of Oil and Public Safety, Amusement Rides and Devices Program to Vail, certifying that the Game Creek course complied with pertinent Colorado Codes (Exhibit D), and a certification provided by Bonsai to Vail that the Game Creek course complied with ASTM standards (Exhibit E). Each document is addressed in turn.

**1.    Exhibit A Is Referenced, and Even Quoted, in the Second Amended Complaint**

Exhibit A to Bonsai's Motion to Dismiss is a copy of the September 19, 2012 Design and

Build Agreement between Vail and Bonsai for the construction of the Game Creek course. Plaintiff discusses this document at length in the proposed Second Amended Complaint, and Plaintiff even quotes from the Design and Build Agreement. (Dkt. # 66-1 ¶¶ 72-73, 78-79.) This is precisely the situation discussed in *GFF*. If Plaintiff is permitted to quote from a document, but the document itself cannot be considered by the Court because Plaintiff did not attach it to the SAC, Plaintiff would do an end-run around established precedent of this circuit.[2] *See, e.g.*, *Fourth Corner Credit Union v. FRB*, 861 F.3d 1052, 1054 n.3 (10th Cir. 2017) ("Because the Credit Union quoted from the denial letter in its pleadings, and the letter is central to its claim, this court may consider it when reviewing the Reserve Bank's motion to dismiss.").[3]

Plaintiff's motion to strike Exhibit A should be denied.

### 2. Exhibit B Is Central to the Case and There Is No Claim that It Is Not Authentic

Exhibit B, the recreational waiver that Plaintiff signed as a condition to participating in the zipline course, is central to this case, and Plaintiff has not disputed the authenticity of the document. In a twist on *GFF Corp.*, here, Plaintiff has attempted to save her deficient case simply by not mentioning the dispositive waiver that she signed. She has not disputed that she signed the waiver, or that the copy attached to Bonsai's Motion is authentic. She instead simply claims that she needs to conduct unspecified discovery related to the waiver. But as Plaintiff has pointed out, as of December 11, 2019, Defendants together had produced more than five gigabytes of data to Plaintiff. (Dkt. # 94 ¶ 32.) Plaintiff has clearly reviewed those documents, as

---

[2] The First Amended Complaint also references the Design and Build Agreement, albeit with less detail. (Dkt. # 9 ¶ 64.)

[3] While Plaintiff states that she has received multiple versions of the Design and Build Agreement (Dkt. # 87 ¶ n.1), Plaintiff is refers only to which amendments to the 2012 Agreement have been produced. The central 2012 Agreement, signed by Vail and Bonsai, has not changed, and Plaintiff cannot contest its authenticity.

one of her recently-filed briefs includes a detailed argument based on newly-produced documents from Defendants. (Dkt. # 94 ¶ 29.)

There is no need for additional discovery. The waiver that Plaintiff signed is central to this case and Plaintiff does not argue that it is not authentic. Plaintiff's attempt to survive Bonsai's motion to dismiss by simply pushing review of the waiver to some future date should be refuted. Bonsai strongly urges the Court to deny Plaintiff's motion with respect to Exhibit B to Bonsai's Motion to Dismiss, the exculpatory agreement Plaintiff signed.

### 3. Exhibit C Is Central to the Case and There Is No Claim That It Is Not Authentic

Plaintiff claims that Bonsai or a third party is the manufacturer of the zipStop primary braking system. (Dkt. # 66-1 ¶ 112.) The primary brake failed when Plaintiff was riding the zipline at Vail, and it is the failure of the zipStop primary brake that Plaintiff claims caused her injuries. (Dkt. # 66-1 ¶¶ 236-37.) Plaintiff's strict liability cause of action is based largely on the failure of the primary brake. Exhibit C to Bonsai's Motion to Dismiss clearly shows that Bonsai is not the manufacturer of the primary brake. It is therefore central to this case, and Plaintiff has not argued that the document is not authentic. The Court should deny Plaintiff's Motion to strike Exhibit C.

### 4. This Court Can Take Judicial Notice of Exhibit D

Exhibit D is a public document of which this Court can take judicial notice. It is a certification issued by the Amusement Rides and Devices Program of Colorado's Department of Labor and Employment, certifying that as of October 25, 2016, when the Game Creek course was commissioned, the course "was in compliance with manufacturer specifications and current

codes adopted in the Colorado Amusement and Devices Regulations."[4] The Court may take judicial notice of documents "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. *See, e.g., In re King Resources Co.*, 651 F.2d 1326, 1337 (10th Cir. 1980). Indeed, "[t]he contents of an administrative agency's publicly available files, after all, traditionally qualify for judicial notice . . . ." *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012). *See also Fourth Corner Credit Union*, 861 F.3d at 1064 n.1 (taking judicial notice of a Federal Reserve manual found online).

Exhibit D is a copy of a document issued by an administrative agency, and it is publicly available. This Court should take judicial notice of the certification and deny Plaintiff's request to strike it.

### 5. There Is No Basis to Convert Bonsai's Motion to Dismiss into a Motion for Summary Judgment

Exhibits A through D to Bonsai's Motion to Dismiss may be considered by the Court at this time. There is no reason to convert the Motion to Dismiss into a Rule 56 motion, and Bonsai requests that the Court deny Plaintiff's motion.

### III. CONCLUSION

**WHEREFORE**, for the reasons stated above, Plaintiff's Motion to Strike the exhibits attached to Bonsai's Motion to Dismiss, or alternatively to convert Bonsai's motion into a motion for summary judgment, should be denied, and Bonsai prays for such other and further relief as the Court deems appropriate.

---

[4] Exhibit E was also attached to the Motion to Dismiss for the purpose of showing that the course complied with regulations. For present purposes, Exhibit E may be disregarded.

**DATED** this 19th day of December, 2019.

                                        Respectfully Submitted,

                                        s/ *Jennifer C. Arnett*
                                        Jennifer C. Arnett
                                        Christopher C. Ash
                                        Sanitas Law Group
                                        806 S Public Road
                                        Suite 201
                                        Lafayette, Colorado 80026
                                        Tel: 303-442-2900
                                        Fax: omitted
                                        jennifer@sanitaslaw.com
                                        chris@sanitaslaw.com
                                        *Attorneys for Defendant – Bonsai Design, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2019, I electronically filed the foregoing "Bonsai's Response to Plaintiff's Motion to Strike or, Alternatively, to Convert Bonsai's Motion to Dismiss to a Motion for Summary Judgment" with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Paul J. Komyatte
paul@komyattelawfirm.com

Dave Mason
dave@komyattelawfirm.com

*Attorneys for Plaintiff Lisa Cowles*


*Alison K. Toivola*
aktoivola@vailresorts.com

E. Tim Walker
etwalker@vailresorts.com

*Attorneys for Defendant Vail Resorts Management Company*


         *s/ Christine Giaquinto, Legal Assistant for Sanitas Law Group*