# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.   1:19-cv-01946-MEH

Lisa Cowles,

      Plaintiff

v.

Bonsai Design LLC,
Vail Resorts, Inc.,
Vail Resorts Holdings, Inc.,
The Vail Corporation, and
Vail Resorts Management Company,

      Defendants.

---

## DEFENDANT BONSAI DESIGN LLC'S MOTION TO RESTRICT PUBLIC ACCESS TO BONSAI'S REPLY IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS AND APPENDED EXHIBITS F AND G THERETO, AND TO PLAINITFF'S PROPOSED AMENDED COMPLAINT AND EXHIBITS

---

Defendant, Bonsai Design LLC ("Bonsai"), through its attorneys, respectfully seeks to restrict public access to its Reply in Support of its Rule 12(b)(6) Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and appended exhibits F and G thereto, Plaintiff's Proposed Second Amended Complaint (Dkt. # 66-1) and Exhibits 1A, 3, 4, and 5 thereto (Dkt. # 66-1A, 66-3, 66-4, and 66-5), and all references to these documents as provided pursuant to paragraph 11 of the protective order entered by the Court on November 15, 2019. (*See* Dkt. # 79.)  In support of its motion, Bonsai states as follows:

1.     On October 21, 2019, Vail produced certain documents with its initial disclosures, including a text message between Jamie Barrow of Vail and Thaddeus Shrader, the CEO of Bonsai. This document was produced before a Protective Order was in place in this case, and is Bates stamped VAIL001211. Other documents produced by Vail before a protective order was in place include VAIL001221-24 and VAIL001212.

2.     On November 12, 2019, Plaintiff filed a Motion to Further Amend her Complaint (Dkt. # 66), and she attached numerous exhibits to the proposed Second Amended Complaint, including certain documents that were produced by Vail before a Protective Order had been entered in this case, and including VAIL001211, VAIL001221-24, and VAIL001212.

3.     On November 15, 2019, this Court entered the parties' stipulated protective order as an Order of the Court. (Dkt. # 79.) As relevant here, paragraph 11 of the protective order provides that "[a]ll documents containing Confidential Information that are filed with the Court in connection with a motion or otherwise shall be subject to Level 1 Restriction pursuant to D.C.COLO.LCivR 7.2, unless otherwise agreed to by the Parties or ordered by the Court." (*Id.* ¶ 11.)

4.     On December 11, 2019, Plaintiff filed what she termed an "unopposed" motion to restrict with respect to her Amended Response to Vail's Motion to Dismiss and certain exhibits thereto, claiming that her counsel "presume[d] that the instant motion is unopposed by the Defendants." (Dkt. # 93 ¶ 8.) In reality, Plaintiff's counsel made no attempt to confer with counsel for Bonsai regarding this motion.

5.     On December 18, 2019, Magistrate Judge Hegarty entered a Minute Order denying Plaintiff's motion to restrict with respect to the proposed Second Amended Complaint

and exhibits thereto because the Second Amended Complaint and exhibits had been publicly filed.

6.  Bonsai seeks Level 1 Restriction of Plaintiff's proposed Second Amended Complaint and Exhibits 1A, 3, 4, and 5, and all references to these documents (including Dkt. # 94 and 94-1), because such documents are considered confidential by Bonsai, and Bonsai produced certain of these documents with the "Confidential" designation stamped on them. An iteration of the email chain attached as Exhibit 4 to Plaintiff's proposed Second Amended Complaint was produced at BONSAI002786, and Exhibit 5 to the SAC was produced at BONSAI004628. These documents, showing Bonsai's confidentiality designations, will be produced to the Court under a Level 1 restriction upon the Court's direction.

7.  Exhibit 3 to Plaintiff's proposed SAC is a screen shot of a text message between an employee of Vail and the CEO of Bonsai. Bonsai considers this message to be confidential, and requests that it be given a Level 1 restriction.

8.  On December 16, 2019, Bonsai filed its Reply in Support of its Rule 12(b)(6) Motion to Dismiss with appended exhibits F and G, which contains references to documents and information that have been designated as confidential.

9.  Pursuant to paragraph 11 of the protective order, Bonsai is seeking Level 1 Restriction for the following documents:

   a. Plaintiff's proposed Second Amended Complaint (Dkt. # 66-1);

   b. Exhibits 1A, 3, 4, and 5 to Plaintiff's proposed Second Amended Complaint (Dkt. # 66-1A, 66-3, 66-4, and 66-5);

   c. Plaintiff's Amended Response in Opposition to Vail's Motion to Dismiss (Dkt. # 94) and Exhibit 1 thereto (Dkt. # 94-1);

   d. Bonsai's Reply in Support of its Rule 12(b)(6) Motion to Dismiss (Dkt. # 98); and

    e. Exhibits F and G to Bonsai's Reply in Support of its Rule 12(b)(6) Motion to Dismiss (Dkt. # 98-1 and 98-2);

10. With the exception of Exhibit G to Bonsai's Reply in Support of its Rule 12(b)(6) Motion to Dismiss, the above-listed exhibits were produced by Vail or reference documents produced by Vail before a Protective Order was entered in this case, and they were not designated as "Confidential" by Vail. Bonsai, however, produced copies of the same documents, and Bonsai designated these documents as "Confidential" in accordance with the Protective Order.

11. Exhibit G to Bonsai's Reply in Support of Its Motion to Dismiss was not designated as "Confidential" by Plaintiff, but upon inquiry by counsel for Bonsai, counsel for Plaintiff has indicated that the medical information of Plaintiff contained in exhibit G should be treated as Confidential in accordance with the Protective Order and the Local Rules.

12. Bonsai requests that Plaintiff's proposed Second Amended Complaint and Exhibits 1A, 3, 4, and 5, Plaintiff's Amended Response to Vail's Motion to Dismiss and Exhibit 1 thereto, Bonsai's Reply in Support of its Rule 12(b)(6) Motion to Dismiss and Exhibits F and G thereto (Dkt. # 66-1, 66-1A, 66-3, 66-4, 66-5, 98, 98-1, and 98-2), and all references to these documents, be treated as "confidential information" pursuant to the Protective Order, and that they be placed under Level 1 restriction pursuant to Local Rule 7.2.

13. **Certificate of Conferral Pursuant to D.C.COLO.LCivR 7.1(a)** Undersigned counsel certifies that the parties previously stipulated to the terms of the protective order entered by the Court, including paragraph 11 requiring Level 1 Restriction of any document containing or consisting of "confidential information"; and that undersigned counsel conferred with counsel for Plaintiff and counsel for Vail.[1] Vail does not oppose this Motion to Restrict, but Plaintiff objects

---

[1] Bonsai points out that while Plaintiff failed to confer with counsel for Bonsai regarding Plaintiff's Motion to Restrict (Dkt. # 93), in violation of Local Rule 7.1, counsel for Bonsai has, in good faith and in accordance with Local Rule 7.1, conferred with counsel for Plaintiff.

to the Motion other than the designation of her own medical information as Confidential. Plaintiff previously sought to restrict this same information, but Plaintiff's request was denied because the same information was publicly filed with Plaintiff's proposed Second Amended Complaint. Bonsai now seeks restriction of the SAC and certain exhibits thereto, and Bonsai seeks Level 1 protection of Plaintiff's Amended Response to Vail's Motion to Dismiss and Exhibit 1 thereto, and Bonsai's Reply in Support of its Motion to Dismiss and the attached exhibits.

WHEREFORE, Bonsai requests the Court enter an Order providing that the documents identified in Paragraphs 9(a) through (e) herein are subject to Level 1 restriction.

**DATED** this 20th day of December, 2019.

Respectfully Submitted,

s/ *Jennifer C. Arnett*
Jennifer C. Arnett
Christopher C. Ash
Sanitas Law Group
806 S Public Road
Suite 201
Lafayette, Colorado 80026
Tel: 303-442-2900
jennifer@sanitaslaw.com
chris@sanitaslaw.com
*Attorneys for Defendant Bonsai Design, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2019, I electronically filed the foregoing **DEFENDANT BONSAI DESIGN LLC'S MOTION TO RESTRICT PUBLIC ACCESS TO BONSAI'S REPLY IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS AND APPENDED EXHIBITS F AND G THERETO, AND TO PLAINITFF'S PROPOSED AMENDED COMPLAINT AND EXHIBITS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Paul J. Komyatte
paul@komyattelawfirm.com

Dave Mason
dave@komyattelawfirm.com

*Attorneys for Plaintiff Lisa Cowles*


Alison K. Toivola
aktoivola@vailresorts.com

E. Tim Walker
etwalker@vailresorts.com

*Attorneys for Defendant Vail Resorts Management Company*


      *s/ Christine Giaquinto, Legal Assistant for Sanitas Law Group*