## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-1946-WJM-MEH

**LISA COWLES**, a citizen of Wisconsin,

Plaintiff,

v.

**BONSAI DESIGN LLC,** a Colorado limited liability company with its principal place of business in Colorado and with three members, who citizens of Colorado and/or citizens of North Carolina;
**VAIL RESORTS, INC.,** a Delaware corporation with its principal place of business in Colorado;
**THE VAIL CORPORATION**, a Colorado corporation with its principal place of business in Colorado; and
**VAIL RESORTS MANAGEMENT COMPANY**, a Colorado corporation with its principal place of business in Colorado,

Defendants.

---

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE EXHIBITS TO BONSAI'S RULE 12(b)(6) MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO CONVERT BONSAI'S MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT**

---

Bonsai's opposition to Plaintiff's motion to strike is without merit, Plaintiff's motion should be granted, and the Court should strike the Exhibits to Bonsai's motion to dismiss [Doc. #61-1 through 61-5]. In improperly seeking a quick dismissal of Plaintiff's entire case based on an unenforceable liability waiver and other documents not properly before the Court, Bonsai seeks to avoid the procedural rules governing Rules 12(b)(6) motions, arguing the Court should consider documents that are not referenced in Plaintiff's Complaint, not central to her claims, and not indisputably authentic. This invitation to error should be declined by the Court.

The Court can avoid these issues by accepting Plaintiff's proposed Second Amended Complaint for filing. While Bonsai initially opposed Plaintiff's motion to amend (a motion it has since confessed),[1] acceptance of Plaintiff's Second Amended Complaint for filing will moot Bonsai's motion to dismiss – thus mooting Bonsai's motion to dismiss as well. Moreover, even if the Court reaches the merits of the motion to strike, Bonsai's arguments based on a single narrow exception to the rule barring consideration of matters outside the pleadings misstate the governing law and ignore the circumstances showing that exception does not apply here.

In fact, Bonsai's waiver defense is without merit and its liability waiver is void and unenforceable in this case involving claims of strict liability and injuries caused by gross negligence. Substantial discovery on hotly disputed issues bearing on Bonsai's fact-intensive waiver defense remains outstanding. Conversion to a motion for summary judgment is unwarranted here unless the Court decides to afford the parties sufficient time to complete the substantial remaining discovery germane to the waiver issue – including Bonsai's strict liability and gross negligence in causing Plaintiff's injuries. Under these circumstances, the best course would be for the Court to simply strike Bonsai's exhibits, and Plaintiff's motion should be granted.

## ARGUMENT

**I.    Plaintiff's Motion to Strike Will Be Mooted by Acceptance of Her Second Amended Complaint For Filing.**

1.     "Generally, when an amended complaint is filed, the previous complaint is wiped out and the operative complaint is the most recently filed version." *Calvert v. Siemen Water Tech. Corp.*, 2010 WL 724380, *2 (D. Colo. Mar. 2, 2010) (citations omitted).

---

[1] Bonsai did not file a response to Plaintiff's motion to amend or seek additional time prior to its deadline of December 3, 2019 and appears to have confessed the motion. *Accord Carman v. Affiliated Credits Servs.*, 2010 WL 3075492, *2 (D. Colo. Aug. 4, 2010).

2. A pending Rule 12(b)(6) motion is mooted by the filing of the amended complaint. "Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." *Scott v. Buckner Co.*, 388 F.Supp.3d 1320, 1324 (D. Colo. 2019)

3. While Bonsai argues that its Exhibit A, one of multiple versions of the Vail-Bonsai Design and Build Agreement produced by Defendants in this case,[2] may be properly considered on its Rule 12(b)(6) motion because the document is quoted in Plaintiff's Second Amended Complaint, this misses the point. When the Court accepts the Second Amended Complaint for filing, Bonsai's Rule 12(b)(6) motion will be rendered moot – thus mooting the motion to strike Bonsai's exhibits. The Court can resolve Plaintiff's motion simply by accepting her Second Amended Complaint for filing, consistent with the liberal policy of amendment under Rule 15(a).

**II. If the Court Reaches the Merits of Plaintiff's Motion to Strike, It Should Strike Exhibits A, B, and C to Bonsai's Rule 12(b)(6) Motion Because Those Exhibits are Not Referred to in Plaintiff's Complaint, Not Central to Her Claims, and Not Indisputably Authentic.**

4. Bonsai concedes that the Court can only consider Exhibits A, B, and C to its Rule 12(b)(6) motion if these documents are 1) referred to in Plaintiff's Complaint; 2) central to Plaintiff's claims; and 3) indisputably authentic. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Because Bonsai cannot meet these three requirements, Plaintiff's motion should be granted in the event it is not mooted by acceptance of the Second Amended Complaint for filing.

5. ***Exhibits A, B, and C Not Referred to in Plaintiff's Complaint***. Review of Plaintiff's Complaint shows no references to the Design-Build Agreement between Bonsai and

---

[2] This issue is discussed in Plaintiff's December 24, 2019 Reply in support of motion to Strike Exhibits to Vail's Motion to Dismiss and Exhibits 2 through 4 to that filing [Doc. #106, at ¶ 10; *see also* Doc. #106-2 through 106-6], incorporated by reference herein. Fed. R. Civ. P. 10(c).

Vail (Bonsai's Exhibit A), or to any liability waiver (Bonsai's Exhibit B), or to any Zip Stop manual (Bonsai's Exhibit C). [*See generally* Doc. #9]. Bonsai simply ignores the "referenced in" requirement, clearly set forth in the case law cited in its own brief. *See Gee, supra*; *see also GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).[3] Bonsai's exhibits cannot be considered on its Rule 12(b)(6) motion because they are not referenced in the complaint.

6. **_Exhibits A, B, and C Not "Central to" Plaintiff's Claims_**. The Court can only consider matters outside the pleadings on a Rule 12(b)(6) motion if they are also "central to **_the plaintiff's claim_** …" *GFF Corp., supra* (emphasis added); *see also Gee*, *supra*, 627 F.3d at 1186. In an attempt at linguistic sleight of hand, Bonsai contends that the Court should consider its exhibits because they are central to "*the case*," but this is a critical misstatement of the law.

7. Notwithstanding Bonsai's bald contentions that its exhibits are central to "the case," **_none_** of those exhibits are central to **_Plaintiff's claims_**. The version of the Design and Build agreement attached as Bonsai's Exhibit A is not referenced anywhere in Plaintiff's operative complaint. Nor is Plaintiff asserting any claims against Bonsai (or Vail) based on contractual agreements between the Defendants. [*See* Doc. #9].

8. Exhibit B, a liability waiver, is also not central to Plaintiff's claims. None of Plaintiff's claims are based on a liability waiver, her Complaint does not reference or rely on such a waiver, and she "need not anticipate in the complaint an affirmative defense that may be raised by the defendant," like waiver. *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018); *see also* Fed. R. Civ. P. 8(c)(1) ("waiver" an "affirmative defense"). Any waiver would, at

---

[3] "Notwithstanding these general principles, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is *referred to in the complaint* and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp., supra* (emphasis added).

best, provide some basis for a disputed <u>*affirmative defense*</u> on which <u>Bonsai</u>, not Plaintiff, would bear the burden of proof. *See, e.g., Squires ex rel. Squires v. Goodwin*, 829 F.Supp.2d 1062, 1067 (D. Colo. 2011) ("Because waiver is an affirmative defense, the Defendant has the burden to prove waiver."). This case is thus nothing like *GFF Corp.*, *supra*, which Bonsai cites, where the Court properly considered the plaintiff's letter purchase bid in granting the defendant's Rule 12(b)(6) motion to dismiss the plaintiff's breach of contract claim – *because the plaintiff's claim was based on exactly that document. See GFF Corp.*, *supra*, 130 F.3d at 1383-84. Bonsai can plead and prove a waiver defense if it chooses but should not be heard to argue that its burden to prove that affirmative defense should be shifted to Plaintiff, especially in the context of a fact-intensive Rule 12(b)(6) motion filed before substantial discovery on waiver-related issues can be completed. Bonsai fails to cite a single case where a Court has held otherwise.

9. Plaintiff is not seeking delay for delay's sake by "pushing review of the waiver to some future date," as Bonsai contends. Because Bonsai bears the burden of proof on its affirmative defense of waiver, "it is generally Defendant's burden to plead the waiver defense in its answer rather than raising it in a motion to dismiss." *Statebridge Co., LLC v. Martin-Powell, LLC*, 2019 WL 2866692, *5 (D. Colo. July 3, 2019) (citations omitted).

10. Moreover, Bonsai concedes that "exculpatory agreements" are void, unenforceable, and "not a bar to civil liability for gross negligence," *Hamill v. Cheley Colo. Camps*, 262 P.3d 945 (Colo. App. 2011), "regardless of the circumstances or intent of the parties." *Boles v. Sun Ergoline, Inc.*, 223 P.3d 724, 726 (Colo. 2010).[4] Similarly, "an agreement releasing a manufacturer from

---

[4] *See Bonsai's Motion to Dismiss* [Doc. #61], at 5; *accord Boles*, *supra*, 223 P.3d at 726-28 (liability waivers void and unenforceable as a matter of law as to strict liability and gross negligence claims); *Schlumbrecht-Muniz v. Steamboat Ski & Resort Corp.*, 132 F.Supp.3d 1310, 1314-16 (D. Colo. 2015) (Steamboat's ski waiver unenforceable); *Rowan v. Vail Holdings, Inc.*, 31 F.Supp.2d 889, 888-90 (Colo. 1998) (Vail's ski waiver unenforceable); *Stone v. Lifetime*

5

strict products liability for personal injury … necessarily violates the public policy of this jurisdiction and is void." *Boles, supra*, 223 P.3d at 727-28. Given the significant factual disputes as to Bonsai's strict liability for injuries caused by its defective braking equipment, as well as its (and Vail's) gross negligence in causing Plaintiff's injuries, resolution of its waiver defense would be improper under Rule 12(b)(6).

11. Bonsai's contentions as to discovery are misleading and incomplete. Bonsai filed its motion to dismiss on October 28, 2019 – *before* it produced the vast majority of the discovery documents referenced in its response brief.[5] It withheld critical documents until *after* Plaintiff's December 2, 2019 deadline to respond to its motion to dismiss – thus depriving Plaintiff of opportunity to rely on those documents in responding to Bonsai's case-dispositive motion.[6] While the allegations in Plaintiff's operative Complaint and proposed Second Amended Complaint are more than sufficient to survive Bonsai's Rule 12(b)(6) motion, the fact remains that Bonsai is continuing to slow-roll production of discovery documents Plaintiff requested on October 7, 2019 – nearly *three months ago* – *and* is refusing to produce certain responsive documents altogether,

---

*Fitness, Inc.*, 2016 COA 189M, ¶¶ 21-35 (fitness club's recreational waiver unenforceable); *accord Anderson v. Vail Corp.*, 251 P.3d 1125, 1129-30 (Colo. App. 2010) (declining to reach issue of whether Vail's ski waiver ambiguous where Vail "conceded in its brief … and in oral argument" that waiver not intended "to contract away its *statutory duties*") (emphasis in original).
[5] While the number of pages produced in discovery is less significant than the contents of documents produced (or not produced), Plaintiff clarifies that Bonsai produced approximately three hundred and forty pages of documents on November 6, 2019; over two thousand pages of documents on November 26, 2019; nearly six thousand five hundred pages of documents on December 6, 2019; and another nearly eleven hundred pages of documents on December 30, 2019.
[6] Contrary to Bonsai's assertion, Plaintiff's counsel's review of the nearly ten thousand pages of documents Bonsai produced between November 6 and December 6, as well as over 1,000 additional pages just produced a few days ago, remains ongoing. Plaintiff anticipates further amendments to her Complaint upon completion of this document review and depositions of Vail and Bonsai representatives and relevant factual witnesses concerning various matters set forth in those documents, such as design of the braking systems on the Game Creek zip-line course, safety testing on those systems, and operations and modifications of the course leading up to the date of Plaintiff's accident and thereafter. *Accord* Fed. R. Civ. P. 15(a)(2).

such as documents pertaining to other similar incidents where consumers were injured on its high-speed zip-line courses and courses utilizing its custom braking systems and equipment. Plaintiff is not contending that she needs to conduct "unspecified" discovery, and Bonsai should be required to provide *requested* discovery *directly relevant to strict liability and gross negligence issues* before seeking case-dispositive relief on the basis of a liability waiver that cannot be enforced under the facts of this case.[7]

12. Exhibit C, a document identified by Bonsai as "a copy of the manual for Head Rush's zipSTOP Brake Assembly system," is also not central to Plaintiff's claims. *Gee, supra*. Plaintiff's strict liability allegations against Bonsai are set forth at length in her operative Complaint. Nowhere do these allegations refer to or rely on Bonsai's Exhibit C. [*See* Doc. #9]. While Bonsai contends that Exhibit C "clearly" shows it is not the manufacturer of the defective braking system equipment that failed and caused her injuries, this bald, non-evidential assertion is irrelevant because the allegations in Plaintiff's Complaint state otherwise. [*See generally id.*; *see also* Doc. #97-1].

13. **_Exhibits A, B, and C Not Indisputably Authentic_**. Bonsai's contentions that there is no dispute as to the authenticity of its exhibits is also overstated. With respect to Exhibit A, for example, Vail and Bonsai have produced multiple different versions of the Design and Build Agreement.[8] Plaintiff is not in a position to "admit" the authenticity of Exhibit A because she has yet to be provided with discovery on this issue by either Bonsai or Vail – and because significant questions exist as to whether Exhibit A is really a complete, authentic copy of its Design and Build

---

[7] *See* Plaintiff's December 24, 2019 Reply in support of motion to Strike Exhibits to Vail's Motion to Dismiss [Doc. #106, at ¶¶ 14-16], incorporated by reference herein. Fed. R. Civ. P. 10(c).
[8] *See* Doc. #106, at ¶ 10, Doc. #106-2 through 106-6, incorporated by reference herein. Fed. R. Civ. P. 10(c).

agreement with Vail. Given Defendants disagree as to what documents comprise the Design and Build Agreement, it is inaccurate for Bonsai to contend that its Exhibit A is indisputably authentic.

14. The authenticity of Exhibit B is also not established. Plaintiff does not know who created this Exhibit (which appears to have several different sets of handwriting on it); or when the document was created; or any details of chain of custody of the document since its creation; or whether or what changes were made to the document following its creation. Plaintiff has not yet been able to depose Vail representatives who might possess such knowledge and is not otherwise in possession of facts establishing the authenticity of Exhibit B.[9]

15. The same is true of Exhibit C. Plaintiff has not been provided with any discovery establishing the authenticity of Exhibit C, which appears to be a third-party document, or even any information showing that the zip-line equipment referenced in this document is the same zip-line equipment in use at Vail on the date of her accident. Bonsai has not produced any discovery establishing these facts, or any other facts showing that Plaintiff's accident resulted solely from defects with third-party equipment. [*Contra* Doc. #97-1, at ¶¶ 51, 104-120, 131-140, 235-240]. The authenticity of Exhibits A, B, and C is an open question, making consideration of these exhibits improper.

**III. Judicial Notice of Bonsai's Exhibit D is Irrelevant on Its Rule 12(b)(6) Motion.**

16. Exhibit D is submitted in support of Bonsai's argument that Plaintiff's case should be dismissed because it obtained a license from the State of Colorado for Vail to operate the Game Creek zip-line course. *See Bonsai's Motion to Dismiss* [Doc. #61], at 10. But Colorado law is clear that alleged regulatory compliance "does not conclusively establish" that a product "was not defective." *Blueflame Gas, Inc. v. Van Hoose*, 679 P.2d 579, 591 (Colo. 1984). The rebuttable

---

[9] *See* Doc. #106, at ¶ 7, Doc. #106-1, incorporated by reference herein. Fed. R. Civ. P. 10(c).

presumption Bonsai seeks to raise with Exhibit D is "by no means … conclusive on the issue of defect." *Id.* at 592. <u>Bonsai</u>, not Plaintiff, bears the burden of persuasion on this presumption and Plaintiff is not required to affirmatively plead that Bonsai's defective braking system did not comply with a regulation in order to state a cognizable strict liability claim. *Accord* Fed. R. Evid. 301; *Fernandez, supra*; *Blueflame Gas, supra*, 679 P.2d at 591-92.[10] Judicial notice of Exhibit D is simply irrelevant to resolution of Bonsai's Rule 12(b)(6) motion.

### IV. The Court Should Not Convert Bonsai's Motion to a Summary Judgment Motion Unless It Grants the Parties Sufficient Time to Complete Discovery Necessary on the Disputed Factual Issues Underlying Bonsai's Waiver Defense.

17. Where the movant on a Rule 12(b)(6) motion attaches documents to the motion, this Court "has discretion in deciding whether to convert a motion to dismiss into a motion for summary judgment by accepting or rejecting the documents." *Hampton v. Root9b Technologies, Inc.*, 2016 WL 7868823, *2 (D. Colo, Aug, 3, 2016). "The mere fact that Defendant[] provided documents to this Court does not require the Court to rely on those documents." *Id.* While Bonsai could easily have filed an Early Motion for Summary Judgment on its waiver defense,[11] it elected not to do so – likely because it knows the defense lacks merit given its strict liability and gross negligence, as to which any waiver would be void and unenforceable as a matter of law.

18. Under the circumstances, where Bonsai's gambit for a quick Rule 12(b)(6) dismissal prior to substantial discovery is devoid of legal and factual merit, Plaintiff respectfully submits that the most appropriate course would be for the Court to simply strike Bonsai's Exhibits

---

[10] "Because the focus in a strict liability claim is on the product itself, and not on the degree of care employed by the seller or distributor of the product … a product may be in a defective condition unreasonably dangerous to the user or consumer notwithstanding the supplier's compliance with a safety regulation related to that product." *Id.*

[11] *Accord* Practice Standards for Civil and Criminal Matters Before William J. Martinez, United States District Judge (hereinafter "Practice Standards"), at 5, § III(D)(2); Fed. R. Civ. P. 56(b).

and forego conversion to a Rule 56 motion. Conversion at this early stage[12] is not likely to "significantly reduc[e] the claims or issues in the case or the amount of discovery required" or "materially affect[] the settlement calculus." Practice Standards, § III(D)(2).

19. While the most appropriate course would be for the Court to strike Bonsai's Exhibits, Plaintiff would respectfully – and <u>conditionally</u> – request the Court convert the motion to a Rule 56 motion for summary judgment <u>only</u> if the Court is not prepared to grant her Motion to Strike, and <u>only</u> if the Court also affords the parties sufficient time to complete discovery on myriad factual issues relevant to Bonsai's waiver defense, including facts bearing on Bonsai's strict liability, both Defendants' gross negligence, and Vail's willful and wanton conduct in causing Plaintiff's injuries.[13]

WHEREFORE, Plaintiff, Lisa Cowles, respectfully requests this Court GRANT her Motion to Strike Exhibits to Bonsai's Rule 12(b)(6) Motion to Dismiss or, Alternatively, to Convert Bonsai's Motion to Dismiss to Motion for Summary Judgment, and grant her such other and further relief as the Court deems just.

Respectfully submitted this 2nd day of January, 2020.

                                                 **THE KOMYATTE LAW FIRM LLC**

By:
    /s/ Paul J. Komyatte
    Paul J. Komyatte (No. 22750)
    David P. Mason (No. 41333)
    The Komyatte Law Firm, LLC
    1536 Cole Blvd., Ste. 300
    Lakewood, CO 80401
    *Attorneys for Plaintiff*

---

[12] Under the Scheduling Order, the discovery deadline is July 31, 2020 and the dispositive motion deadline is October 31, 2010. [*See* Doc. #60, 62, at 17-18].

[13] *See also* Doc. #106, at ¶¶ 11-17.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2020, a true and accurate copy of the foregoing was filed with the Court and served upon all counsel of record via the Court's CM/ECF system:

**THE KOMYATTE LAW FIRM LLC**

*s/ David P. Mason*
David P. Mason, Esq.