# EXHIBIT 1

FREE SPEECH

# Motion to Stop Me from Publishing Material …

that I had gotten from a court docket while it has not been sealed, but that the movant is seeking to seal.

EUGENE VOLOKH | THE VOLOKH CONSPIRACY | 1.8.2020 1:15 PM

    

Two weeks ago, I objected to a sealing motion in a District of Colorado case, *Cowles v. Bonsai Design LLC*. The motion sought to seal an entire proposed amended complaint and an entire reply to a motion to dismiss, as well as some exhibits. (All the documents had already been filed in the open court record.) I argued that the sealing was unjustifiable, and would violate the public's right of access to court records—and that includes my own right of access (which is why I have standing to object).

Monday, the movant filed a much-narrowed revised motion, which asks for sealing of only a few exhibits and a redaction of references to those exhibits. I think that is still not justifiable, but I agree that such narrower proposed restrictions are potentially more defensible than the initial proposal.

But the revised motion also adds this:

> Finally, to ensure that the Restriction is implemented, and in the face of Professor Volokh's expressed desire to publish documents from this case, which publication would seriously harm Bonsai's business interests, Bonsai requests that this Court's order specify that no publication of these documents (or redacted portions of documents) be published, regardless of whether these documents were previously available on the court's website or otherwise.

That, it seems to me, would violate my free speech and free press rights, and not just my right of access to court records. Once someone has downloaded publicly accessible documents, that person has a right to quote them and write about them, and that right cannot be taken away by retroactively sealing the documents. The sealing order could bar future access to the documents in the court file, and might also constrain the parties to the case. But it can't bar continued speech about those documents by outsiders who had lawfully accessed them.

Indeed, under the logic of *Florida Star v. B.J.F.*, such outsiders are free to publish even information that the government was supposed to have kept confidential all along, but had released erroneously. It should be even clearer that people are free to publish information that had been properly released, even if later the government (here, the court) concluded that it shouldn't be released in the future. The renewed motion doesn't actually cite any precedent for the no-publication order that it seeks.

Still, it's an interesting issue, potentially made more complicated by my being a member of the bar (including of the District of Colorado bar), which might be seen as imposing greater obligations on me. I don't think that those obligations would include a prohibition on publishing such downloaded-while-publicly-available-but-later-sealed documents; but that is one of the matters that the Court will need to decide.

