IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:19-cv-01946-MEH

Lisa Cowles,

    Plaintiff

v.

Bonsai Design LLC,
Vail Resorts, Inc.,
The Vail Corporation, and
Vail Resorts Management Company,

    Defendants.

---

**DEFENDANT BONSAI DESIGN LLC'S REPLY IN SUPPORT OF ITS
AMENDED AND SUPERSEDING MOTION TO RESTRICT PUBLIC ACCESS
TO CERTAIN DOCUMENTS (DKT. # 119), RESPONSE TO PROF. VOLOKH'S
OBJECTION (DKT. # 112), AND MOTION TO RECONSIDER THE COURT'S
DECEMBER 18, 2019 MINUTE ORDER (DKT. # 99)**

---

    Bonsai's Amended and Superseding Motion to Restrict (Dkt. # 119, the "Amended Motion to Restrict") seeks Level 1 restriction of very little material – only three documents and direct references to those documents.[1] The parties to this case have not objected to the limited restrictions, but a law professor with a blog "is interested in this case" and has filed objections.

---

[1] Bonsai seeks Level 1 restriction of the following documents:
   (1) the Design and Build Agreement between Bonsai and Vail (Dkt. # 45-2, 45-3, 56-2, 56-3, 61-1, 106-2, 106-3, 106-4, 106-5, 106-6);
   (2) a private text message from and to the CEO of Bonsai (Dkt. # 66-4, 98-1); and
   (3) an email chain between Bonsai and Vail concerning various maintenance and possible warranty issues (Dkt. # 66-5).
Bonsai also seeks restriction of specific references in the proposed Second Amended Complaint to these documents (¶¶ 249-51 of Dkt. # 65-1, 66-1, 66-2, 88-1, 94-1, and 101-1), and Bonsai seeks restriction of references to Plaintiff's medical history ((Dkt. # 98-2).

(Dkt. # 112 at 1.) Prof. Volokh has not provided any substantive reason for this interest, and it appears he has none. Rather, he is using this case as an example, trying to access confidential business records merely for the sake of it and to provide his students with a fun learning experience. Bonsai, however, provides a livelihood to approximately 20 employees, and harm to its competitive interests directly threatens its ability to maintain its business.

Bonsai's effort to restrict public access of its confidential documents and correspondence, when the owner and CEO of Bonsai has expressed serious concerns over the competitive harm that disclosure could cause his business, is entirely defensible. This "clearly defined and serious injury," Loc. R. Civ. P. 7.2(c), justifies the very limited restrictions that Bonsai seeks. Even Prof. Volokh has begrudgingly admitted that Bonsai's Amended and Superseding Motion to Restrict (Dkt. # 119) is "potentially more defensible than the initial proposal." Exhibit 1, Volokh, Eugene, *"Motion to Stop Me From Publishing Material*," Reason: The Volokh Conspiracy (Jan. 8, 2020), https://reason.com/2020/01/08/motion-to-stop-me-from-publishing-material/.

The only way to ensure that such restrictions are effective, that is, that they not make their way to Bonsai's competitors, is to prohibit Professor Volokh and others from publishing the materials that were filed by another party or inadvertently filed without restriction (but with a confidentiality designation) by Bonsai's counsel. While Professor Volokh and his students may be eager to devise interesting and unique constitutional arguments, this case is not a classroom exercise. Bonsai has proposed a practical, real-world solution that will impact a real company and real people, Bonsai and its employees. It is not an unconstitutional prior restraint on publication.

Bonsai strongly urges the Court to grant its Amended Motion to Restrict, to reconsider its prior order (Dkt. # 99), and to prohibit Professor Volokh from publishing the restricted documents.

## ARGUMENT

Harm to Bonsai's Business Interests is a "Clearly Defined and Serious Injury"

The owner and CEO of Bonsai, Mr. Thaddeus Shrader, submitted a declaration specifying that disclosure of confidential Bonsai documents would cause serious competitive harm to his small company. (Dkt. # 119-1.) The Design and Build Agreement, for example, includes details of the arrangement between Vail and Bonsai – which party maintains responsibility for which portion of the course at what stage of the installation, Vail and Bonsai's arrangement with respect to post-installation agreements, and Bonsai's method of organizing work site installation, among other sensitive topics. The text message and email chain that Bonsai seeks to restrict from public view concern specific component parts used on the zipline system, which is competitively sensitive information in the ziplining industry. *Id.* ¶¶ 10-11. In a clear indication of the lack of importance of business interests to Prof. Volokh and his law student, Ms. Jennifer Wilson, the Professor's response brief completely ignores Mr. Shrader's affidavit and his concerns.

While Professor Volokh and his student have adopted a cavalier attitude toward business concerns, the Supreme Court has not. As pointed out in Bonsai's Amended Motion to Restrict, the Supreme Court has long recognized, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978). Contrary to Professor Volokh's implication, this is not a situation where Bonsai is attempting to maintain its corporate reputation. Rather, Mr.

Shrader is concerned about competitive harm to Bonsai. *See* T. Shrader Dec. Jan. 6, 2020 (Dkt. # 119-1, ¶¶ 6-7, 9-12, 14-15).

In addition, while the Design and Build Agreement is central to Bonsai's business interests, it is not central to this case. *Cf.* Volokh Resp. (Dkt. # 125 at 5). As Plaintiff pointed out in her Reply in Support of Motion to Strike Exhibits to Bonsai's Motion to Dismiss, the contractual agreement between Vail and Bonsai is not the basis for any claim asserted by Plaintiff. (Dkt. # 117 ¶ 7.) Bonsai cited this document in its Motion to Dismiss, attaching a copy that was stamped as "confidential" but inadvertently not seeking Level 1 protection contemporaneously, solely to point out that ownership of the zipline system at issue in this case passed from Bonsai to Vail upon completion of the project. The proposed Second Amended Complaint does not include a joint venture cause of action, eliminating the need for any reference to the Design and Build Agreement if the Court grants Plaintiff's motion seeking leave to file the Second Amended Complaint.

The cases cited by the Professor are inapposite. In <u>Brown & Williamson Tobacco Corp. v. FTC</u>, 710 F.2c 1165, (6th Cir. 1983), a non-binding case from a different circuit, the district court had sealed the entire administrative record without providing reasons for the nondisclosure. Bonsai's request, to restrict access to three documents and quotations from those documents, is a far cry from restriction *in toto*. In addition, all of the competitors of Brown & Williamson had access to the information sought to be protected. Here, however, Bonsai seeks to shield the documents from the view of its competitors.

Further, the Sixth Circuit determined that business information would have to amount to a trade secret to be restricted. <u>Id.</u> at 1180. This district, however, does <u>not</u> require that confidential information rise to the level of a trade secret to be restricted from public view.

Rather, the Local Rules require that the proponent of a restriction identify a "clearly defined and serious injury" – which may be, but does not necessarily need to be, a trade secret.[2, 3] As such, cases cited by Prof. Volokh in support of the proposition that information must amount to a trade secret to be protected, Volokh Response (Dkt. # 125) at 6, are not binding in this Circuit.[4] The standard provided in the Local Rules governs.

This Court May Prohibit Prof. Volokh From Publishing
the Confidential Documents He Has Obtained

Professor Volokh wraps himself in the First Amendment, arguing that he cannot be prevented from posting confidential documents from this case because any such order would be an unconstitutional prior restraint. This argument is overblown and overwrought. Courts may prevent publication of materials where there is a significant state interest, People v. Bryant, 94 P.3d 624 (Colo. 2004), and they may do so where there are no other measures that would prevent the harm that publication would cause, Neb. Press Ass'n v. Stuart, 427 U.S. 539, 563-64 (1976). Further, where disclosure has already occurred, the Court can prohibit those who it knows have

---

[2] Professor Volokh makes arguments based on the First Amendment, but admits that the Tenth Circuit has not determined the applicability of the First Amendment analysis to accessing court documents. This Court does not need to, and should not, reach the question here.

[3] Bonsai has produced to the other parties in this case materials that it considers to be trade secrets. These materials have not been attached to any court filings. Bonsai reserves the right to seek protection of trade secret materials if any party seeks to attach such documents to court filings in the course of this litigation.

[4] Prof. Volokh's attempt to distinguish the cases relied upon by Bonsai misses the mark. *Braun v. Medtronic Sofamor Danek, Inc.*, 719 Fed. Appx. 782, 801 n. 8 (10th Cir. 2017) (granting motion to seal "sensitive, proprietary information concerning Medtronic's business practices and potentially sensitive technical and financial data"); *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n. 8 (10th Cir. 2016) (granting motion to seal proprietary business information); *Hershey v. ExxonMobile Oil Corp.*, 550 Fed. Appx. 566, 574 (10th Cir. 2013) (granting motion to restrict confidential commercial competitive information of a third party). Those cases do not undermine Bonsai's position.

possession of the materials from disseminating or publishing the materials. <u>Bryant</u>, 94 P.3d at 638.[5]

Here, while there is no state interest at issue, Bonsai does seek to protect its confidential business materials, which is a protectible interest, and there are no less restrictive means to prevent competitive harm to Bonsai. While Bonsai's competitors in the ziplining industry may or may not be readers of Prof. Volokh's on-line blog, they very well may perform a simple search on the internet for "Bonsai Design" and locate any confidential materials that Prov. Volokh would post. There are therefore no less restrictive means to prevent competitive harm to Bonsai's competitive business interests.

## CONCLUSION

Prof. Volokh may freely write about this case and post links to the vast majority of the 125 docket entries plus exhibits filed to date. Bonsai simply requests that he not post three confidential documents and direct references to those documents. The three documents that Bonsai seeks to restrict from public view surely cannot be of any interest to Prof. Volokh beyond his gadfly-like desire to make a point, simply because he feels he can. It seems clear that Prof. Volokh has no interest in the content of these documents – his class and blog center on the First Amendment, not the outdoor recreation industry. Prof. Volokh has not mentioned in his submissions to this Court or on his blog any interest in how Bonsai's deals with its customers are structured, for example. Prof. Volokh's only interest is to ensure that anything filed in a court be

---

[5] Even if the Court declines to order Prof. Volokh to not publish confidential materials from this case, which it should, but the Court orders restriction going forward, any publication by Prof. Volokh would effectively undermine the Court's order. Such disregard for an order of this Court would arguably be in violation of Prof. Volokh's oath taken upon admission to this Court's bar to "maintain the respect due to courts and judicial officers."

completely open to the public, regardless of the competitive harm that may be caused to a litigant, simply for the sake of it.

Bonsai seeks Level 1 restriction of only three documents and direct references to those documents. While Bonsai is currently an innocent bystander caught in the crosshairs of Prof. Volokh's open records crusade, this Court may prevent future disclosure and resulting harm.

Bonsai requests, in accordance with Local Rule 7.2, that Level 1 Restriction be placed on the following documents: Dkt. # 45-2, 45-3, 56-2, 56-3, 61-1, 66-4, 66-5, 98-1, 98-2 (references to Plaintiff's medical history only),106-2, 106-3, 106-4, 106-5, and 106-6. Bonsai also requests that references to these documents be redacted from the following filings: Dkt. # 65-1, 66-1, 66-2, 88-1, 94-1, and 101-1. To the extent this Court's Minute Order (Dkt. # 99) is inconsistent with this request, Bonsai requests that the Court's Order be reversed. Finally, to ensure that the Restriction is implemented, Bonsai requests that this Court's order specify that no publication may be made of these documents (or redacted portions of documents), regardless of whether these documents were previously available on the court's website or otherwise.

**DATED** this 11th day of January, 2020.

Respectfully Submitted,

s/ *Jennifer C. Arnett*
Jennifer C. Arnett
Christopher C. Ash
Sanitas Law Group
806 S Public Road
Suite 201
Lafayette, Colorado 80026
Tel: 303-442-2900
jennifer@sanitaslaw.com
chris@sanitaslaw.com
*Attorneys for Defendant Bonsai Design, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2020, I electronically filed the foregoing **DEFENDANT BONSAI DESIGN LLC'S REPLY IN SUPPORT OF ITS AMENDED AND SUPERSEDING MOTION TO RESTRICT PUBLIC ACCESS TO CERTAIN DOCUMENTS (DKT. # 119), RESPONSE TO PROF. VOLOKH'S OBJECTION (DKT. # 112), AND MOTION TO RECONSIDER THE COURT'S DECEMBER 18, 2019 MINUTE ORDER (DKT. # 99)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Paul J. Komyatte
paul@komyattelawfirm.com

Dave Mason
dave@komyattelawfirm.com

*Attorneys for Plaintiff Lisa Cowles*


Alison K. Toivola
aktoivola@vailresorts.com

E. Tim Walker
etwalker@vailresorts.com

Craig Ruvel May
may@wtotrial.com

Kristen Leigh Ferries
ferries@wtotrial.com

*Attorneys for Defendant Vail Resorts Management Company*


Prof. Eugene Volokh
volokh@law.ucla.edu

*Pro Se Objector*


                                                   *s/ Jennifer C. Arnett*