**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-01946-WJM-MEH

**LISA COWLES**,

      Plaintiff,

v.

**BONSAI DESIGN LLC**, et al.,

      Defendants.

---

**DEFENDANTS THE VAIL CORPORATION, VAIL RESORTS MANAGEMENT COMPANY, AND VAIL RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND CROSS-CLAIM AGAINST DEFENDANT BONSAI DESIGN LLC**

---

Defendants Vail Resorts Inc., The Vail Corporation, and Vail Resorts Management Company (collectively, "Vail") hereby submit this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint for Damages ("Complaint") and Cross-Claim Against Defendant Bonsai Design LLC ("Bonsai") as follows:

## <u>INTRODUCTION</u>

1.      Paragraph 1 of the Complaint is an introductory paragraph to which Vail is not required to respond because it contains legal conclusions and no factual allegations. To the extent Vail is required to respond to any allegations contained in Paragraph 1, Vail denies them.

## <u>PARTIES</u>

2.      Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 2, and therefore denies them.

3.      Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 3, and therefore denies them.

4.      Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 4, and therefore denies them.

5.      Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 5, and therefore denies them.

6.      Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 6, and therefore denies them.

7.      Paragraph 7 contains no factual allegations to which Vail is required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 7.

8.      Vail admits that Vail Resorts, Inc. is a Delaware Corporation with its principal place of business in Colorado. Vail denies the remaining allegations in Paragraph 8.

9.      Vail denies the allegations in Paragraph 9.[1]

10.      Vail admits that The Vail Corporation is a Colorado Corporation with its principal place of business in Colorado. Vail denies the remaining allegations in Paragraph 10.

11.      Vail admits that The Vail Corporation, doing business as Vail Resorts Management Company, owns and/or operates at least one zip-line, and that The Vail Corporation, doing business as Vail Resorts Management Company, is the owner and/or operator of the Game Creek zip-line course at Vail Mountain located in Vail, CO ("Zipline"). Vail further admits that The Vail Corporation, doing business as Vail Resorts Management Company, is a

---

[1] Plaintiff filed a "Stipulation for Dismissal <u>Without</u> Prejudice of Defendant Vail Resorts Holdings, Inc. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)" on December 24, 2019 (ECF No. 104).  Although this Court has not yet ruled on that Stipulation for Dismissal, Vail continues to assert that the entity Vail Resorts Holdings, Inc. does not exist.

Colorado Corporation with its principal place of business in Colorado. Vail denies the remaining allegations in Paragraph 11.

12.     Paragraph 12 contains no factual allegations to which Vail is required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 12.

## JURISDICTION AND VENUE

13.     Paragraph 13 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail admits this Court has personal jurisdiction over Vail. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 13, and therefore denies them.

14.     The allegations in Paragraph 14 are not directed at Vail, and Vail is not required to respond. To the extent Vail is required to respond, Vail denies any allegations contained in Paragraph 14.

15.     Paragraph 15 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail admits that this Court has personal jurisdiction over Vail. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 15, and therefore denies them.

16.     Paragraph 16 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail admits that venue is appropriate in the District of Colorado. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 16, and therefore denies them.

## **GENERAL ALLEGATIONS**

### **"Basic Principles of Zip-Line Design and Operation"**

17.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 17, and therefore denies them.

18.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 18, and therefore denies them.

19.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 19, and therefore denies them.

20.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 20, and therefore denies them.

21.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 21, and therefore denies them.

22.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 22, and therefore denies them.

### **"Rapid Growth of the Commercial Zip-Line Industry"**

23.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 23, and therefore denies them.

24.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 24, and therefore denies them.

25.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 25, and therefore denies them.

26.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 26, and therefore denies them.

27.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 27, and therefore denies them.

28.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 28, and therefore denies them.

29.     Vail admits that it charges its guests a fee to use the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 29, and therefore denies them.

30.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 30, and therefore denies them.

31.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 31, and therefore denies them.

32.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 32, and therefore denies them.

### "Large-Scale Commercial Zip-Line Courses and 'Canopy Tours'"

33.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 33, and therefore denies them.

34.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 34, and therefore denies them.

35.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 35, and therefore denies them.

36.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 36, and therefore denies them.

37.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 37, and therefore denies them.

38.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 38, and therefore denies them.

39.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 39, and therefore denies them.

40.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 40, and therefore denies them.

41.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 41, and therefore denies them.

42.     Vail admits only that the "Amusement Rides and Devices Annual Certificate of Registration" from the State of Colorado ("Registration," Bates-stamped VAIL001197) identifies the "Game Creek Canopy Tour." The Registration speaks for itself, and Vail denies any interpretation of the Registration contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 42, and therefore denies them.

**"Development of Custom Zip-Lining Equipment for Large-Scale Commercial Zip-Lines"**

43.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 43, and therefore denies them.

44.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 44, and therefore denies them.

45.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 45, and therefore denies them.

46.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 46, and therefore denies them.

47.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 47, and therefore denies them.

48.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 48, and therefore denies them.

49.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 49, and therefore denies them.

50.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 50, and therefore denies them.

51.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 51, and therefore denies them.

52.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 52, and therefore denies them.

53.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 53, and therefore denies them.

54.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 54, and therefore denies them.

55.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 55, and therefore denies them.

56.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 56, and therefore denies them.

57.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 57, and therefore denies them.

**"Safety Risks and Hazards with Commercial Zip-Lines"**

58.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 58, and therefore denies them.

59.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 59, and therefore denies them.

60.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 60, and therefore denies them.

61.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 61, and therefore denies them.

62.     Vail admits only that there is a risk of serious injury and death associated with zip-lining, as explained in the "Ski Area & Summer Activity Release of Liability, Waiver of Claims, Assumption of Risk, & Indemnity Agreement" (the "Waiver," Bates-stamped VAIL000001). The Waiver speaks for itself, and Vail denies any interpretation of the Waiver contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 62.

63.     Vail denies the allegations in Paragraph 63.

64.     Vail denies the allegations in Paragraph 64.

65.     Vail admits that the eleven specific incidents identified in Paragraph 65 occurred, but denies the remaining allegations in Paragraph 65 as phrased.

66.     Vail admits that the eleven specific incidents identified in Paragraph 66 resulted in an allegation or claim of injury, but denies the remaining allegations in Paragraph 66 as phrased.

67.     Vail admits that it paid certain amounts relating to one or more of the eleven incidents, but denies the remaining allegations in Paragraph 67 as phrased.

68.     Vail denies the allegations in Paragraph 68.

69.     Vail denies the allegations in Paragraph 69.

70.     Vail denies the allegations in Paragraph 70.

71.     Vail denies the allegations in Paragraph 71.

"**Development and Construction of the Game Creek Zipline Course**"

72.     Vail admits that The Vail Corporation entered into the "Design and Build Agreement" (as amended, the "Agreement," Bates-stamped VAIL000006), which Agreement speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 72, and therefore denies them.

73.     Vail admits that The Vail Corporation entered into the Agreement, which Agreement speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 73, and therefore denies them.

74.     Vail admits that the Zipline was an expansion of its Epic Discovery summer activities at Vail Mountain.  Vail denies the remaining allegations in Paragraph 74 as phrased.

75.     Vail admits that it marketed the Zipline as part of its Epic Discovery summer activities at Vail Mountain, which includes zip-lines, adventure courses, and alpine coasters. Vail denies the remaining allegations in Paragraph 75 as phrased.

76.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 76, and therefore denies them.

77.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 77, and therefore denies them.

78.     Vail admits that The Vail Corporation entered into the Agreement, which Agreement speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 78, and therefore denies them.

79.     Vail admits that The Vail Corporation entered into the Agreement, which Agreement speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 79, and therefore denies them.

80.     Vail admits that The Vail Corporation entered into the Agreement, as well as several "Change Orders" (Bates-stamped VAIL0000037–115), which speak for themselves. Vail denies any interpretation of the Agreement or Change Orders contrary to their terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 80, and therefore denies them.

81.     Vail admits that The Vail Corporation entered into the Agreement as well as several Change Orders, which documents speak for themselves. Vail further admits it submitted to Bonsai on March 20, 2014 ("Change Order No. 2," Bates-stamped VAIL000039). Vail denies

any interpretation of the Agreement, Change Orders, or Change Order No. 2 contrary to their terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 81, and therefore denies them.

82.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 82, and therefore denies them.

83.     Vail admits that Bonsai approved certain changes to the Zipline that were requested by Vail, and which are set forth in the Change Orders, which documents speak for themselves.  Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 83, and therefore denies them.

84.     Vail admits that The Vail Corporation entered into the Agreement as well as several Change Orders, which documents speak for themselves. Vail denies any interpretation of the Agreement or Change Orders contrary to their terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 84, and therefore denies them.

85.     Vail denies the allegations in Paragraph 85 as phrased.

86.     Vail admits that The Vail Corporation entered into the Agreement, which Agreement speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 86, and therefore denies them.

87.     Vail admits that the Zipline featured seven zip-lines, spanning a total of approximately 10,000 feet (at one point approximately 300 feet above the ground), including one zip-line that is more than a half-mile in length and on which some participants can experience speeds up to 60 miles per hour. Vail denies the remaining allegations in Paragraph 87.

88.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 88, and therefore denies them.

89.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 89, and therefore denies them.

90.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 90, and therefore denies them.

91.     Vail admits the allegations in Paragraph 91.

92.     Vail admits the allegations in Paragraph 92.

93.     Vail admits the allegations in Paragraph 93.

94.     Vail admits the allegations in Paragraph 94.

95.     Vail admits the allegations in Paragraph 95.

96.     Vail denies the allegations in Paragraph 96.

## **"Design and Operation of the Game Creek Zipline Course"**

97.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 97, and therefore denies them.

98.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 98, and therefore denies them.

99.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 99, and therefore denies them.

100.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 100, and therefore denies them.

101.    Vail admits that gravity assisted guests in traveling from one end of the Zipline to the other.  Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 101, and therefore denies them.

102.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 102, and therefore denies them.

103.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 103, and therefore denies them.

### "Bonsai's Custom Braking Systems on the Game Creek Zipline Course"

104.    Vail admits that the Zipline required braking systems in order to slow and stop guests as they approach the end of the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 104, and therefore denies them.

105.    Vail admits that Bonsai approved the changes requested by Vail as set forth in the Agreement and Change Orders, which speak for themselves.  Vail admits the Zipline requires a functioning braking system in order to slow and stop guests as they approach the end of the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 105, and therefore denies them.

106.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 106, and therefore denies them.

107.    Vail admits that the braking system on the Zipline included a brake bobbin, a "Zip Stop," an Emergency Arrest Device, an All-Stop, and other cables and ropes. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 107, and therefore denies them.

108.    Vail admits the Zipline included a primary braking system as well as an Emergency Arrest Device. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 108, and therefore denies them.

109.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 109, and therefore denies them.

110.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 110, and therefore denies them.

111.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 111, and therefore denies them.

112.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 112, and therefore denies them.

113.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 113, and therefore denies them.

114.    Vail admits that the Emergency Arrest Device is a secondary braking component that operates to slow and stop the guest in the event of a primary brake failure. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 114, and therefore denies them.

115.    Vail admits that Bonsai designed the Zipline, including the braking equipment and components. Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 115, and therefore denies them.

116.    Vail admits that the Zipline did not utilize a hand brake. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 116, and therefore denies them.

117.    Vail admits that the Zipline did not have any braking components that could be controlled by a guest while riding the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 117, and therefore denies them.

118.    Vail denies the allegations in Paragraph 118.

119.    Vail admits that the Zipline included a braking system to slow and stop guests on the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 119, and therefore denies them.

120.    Vail admits that the Zipline required certain maintenance.  Vail denies the remaining allegations in Paragraph 120 as phrased.

### "Vail's Operation of the Game Creek Zipline Course"

121.    Vail denies the allegations in Paragraph 121.

122.    Vail admits that Bonsai provided maintenance and inspection services to Vail related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 122, and therefore denies them.

123.    Vail admits that Bonsai provided various operational, maintenance, and other manuals to Vail related to the Zipline, including, for example, a "Course Operations Manual," "Sky-Rider Maintenance Manual," "Sky-Rider Tour Training Syllabus," "Bonsai design Emergency Arrest System Operations Manual," "Bonsai Design EAD Tech Bulletin," and "Zip-Stop Operations Manual" (collectively "Manuals"). The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 123, and therefore denies them.

124.     Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 124, and therefore denies them.

125.     Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 125, and therefore denies them.

126.     Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 126, and therefore denies them.

127.     Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 127, and therefore denies them.

128.     Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks

knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 128, and therefore denies them.

129.    Vail admits that Bonsai provided the Manuals". The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 129, and therefore denies them.

130.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 130, and therefore denies them.

131.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 131, and therefore denies them.

132.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 132, and therefore denies them.

133.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 133, and therefore denies them.

134.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 134, and therefore denies them.

135.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 135, and therefore denies them.

136.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 136, and therefore denies them.

137.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks

knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 137, and therefore denies them.

138.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 138, and therefore denies them.

139.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 139, and therefore denies them.

140.    Vail denies any knowledge of any safety risks or hazards attendant to the design of the Zipline. Vail admits knowledge of safety risks and hazards attendant to operation of the Zipline in accordance with the Waiver, but denies that Vail's operation of the Zipline contributed to Plaintiff's alleged injuries. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 140, and therefore denies them.

### "Modifications and Failures of the Braking Systems on the Game Creek Zipline Course Prior to the Subject Zip-Lining Accident"

141.    Vail admits the allegations in Paragraph 141.

142.    Vail admits the allegations in Paragraph 142.

143.    Vail denies the allegations in Paragraph 143.

144.    Vail denies the allegations in Paragraph 144.

145.     Vail admits that Bonsai approved design modifications requested by Vail, as set forth in the Agreement and Change Orders, which speak for themselves. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 145, and therefore denies them.

146.     Vail admits that Bonsai performed an annual inspection of the Zipline in May 2017 as set forth in the Inspection Report (Bates-stamped VAIL001162–72), which Inspection Report speaks for itself. Vail denies any interpretation of the Inspection Report contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 146, and therefore denies them.

147.     Vail admits the allegations in Paragraph 147.

148.     Vail denies the allegations in Paragraph 148 as phrased.

149.     Vail denies the allegations in Paragraph 149 as phrased.

150.     Vail denies the allegations in Paragraph 150.

151.     Vail denies the allegations in Paragraph 151 as phrased.

152.     Vail denies the allegations in Paragraph 152.

153.     Vail denies the allegations in Paragraph 153.

154.     Vail denies the allegations in Paragraph 154 as phrased.

155.     Vail denies the allegations in Paragraph 155 as phrased.

156.     Vail denies the allegations in Paragraph 156 as phrased.

157.     Vail denies the allegations in Paragraph 157 as phrased.

## **"Plaintiff's Zip-Line Tour on Vail's Game Creek Zipline"**

158.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 158, and therefore denies them.

159.    Vail admits the allegations in Paragraph 159.

160.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 160, and therefore denies them.

161.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 161, and therefore denies them.

162.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 162, and therefore denies them.

163.    Vail admits that all guests are provided with zip-lining gear, including a harness and helmet, and are instructed regarding how to use that gear by Vail employees. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 163, and therefore denies them.

164.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 164, and therefore denies them.

165.    Vail admits the allegations in Paragraph 165.

166.    Paragraph 166 contains legal conclusions to which Vail is not required to respond. To the extent Vail is required to respond, Vail admits the allegations in Paragraph 166.

### "Vail Employees Instruct and Guide Plaintiff Through the First Three Zip-Lines on the Game Creek Zipline Course"

167.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 167, and therefore denies them.

168.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 168, and therefore denies them.

169.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 169, and therefore denies them.

170.     Vail admits that guests are instructed to watch for signals from the guides, and how to comply with those signals. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 170, and therefore denies them.

171.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 171, and therefore denies them.

172.     Vail admits that guests are instructed that a certain signal from the guides requires the guest to stretch his or her body into a less-aerodynamic position in order to reduce speed, as environmental conditions (among other things) can affect the guest's speed on the Zipline. Vail lacks sufficient knowledge or information sufficient to form a belief about the allegations in Paragraph 172, and therefore denies them.

173.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 173, and therefore denies them.

174.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 174, and therefore denies them.

175.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 175, and therefore denies them.

176.     Vail denies the allegations in Paragraph 176.

177.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 177, and therefore denies them.

178.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 178, and therefore denies them.

179.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 179, and therefore denies them.

180.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 180, and therefore denies them.

181.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 181, and therefore denies them.

182.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 182, and therefore denies them.

183.    Vail admits that Vail guides remain in contact using radio devices while operating the Zipline. Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 183, and therefore denies them.

184.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 184, and therefore denies them.

185.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 185, and therefore denies them.

### "Vail Temporarily Suspends Zip-Line Tour Operations on the Game Creek Zipline Course Due to Inclement Weather"

186.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 186, and therefore denies them.

187.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 187, and therefore denies them.

188.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 188, and therefore denies them.

189.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 189, and therefore denies them.

190.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 190, and therefore denies them.

191.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 191, and therefore denies them.

192.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 192, and therefore denies them.

193.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 193, and therefore denies them.

194.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 194, and therefore denies them.

195.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 195, and therefore denies them.

196.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 196, and therefore denies them.

197.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 197, and therefore denies them.

198.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 198, and therefore denies them.

199.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 199, and therefore denies them.

200.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 200, and therefore denies them.

201.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 201, and therefore denies them.

202.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 202, and therefore denies them.

203.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 203, and therefore denies them.

### "Vail Resumes Zip-Line Tour Operations on the Game Creek Zipline Course Including Plaintiff's Zip-Line Tour"

204.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 204, and therefore denies them.

205.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 205, and therefore denies them.

206.     Vail admits that zip-line number four on the Zipline is the longest zip-line on the Zipline.

207.     Vail admits that zip-line number four on the Zipline is approximately one-half mile in length.

208.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 208, and therefore denies them.

209.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 209, and therefore denies them.

210.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 210, and therefore denies them.

211.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 211, and therefore denies them.

212.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 212, and therefore denies them.

213.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 213, and therefore denies them.

214.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 214, and therefore denies them.

215.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 215, and therefore denies them.

216.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 216, and therefore denies them.

217.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 217, and therefore denies them.

218.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 218, and therefore denies them.

219.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 219, and therefore denies them.

220.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 220, and therefore denies them.

221.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 221, and therefore denies them.

**"Plaintiff Suffers Serious and Permanent Injuries in the Subject Zip-Line Accident"**

222.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 222, and therefore denies them.

223.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 223, and therefore denies them.

224.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 224, and therefore denies them.

225.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 225, and therefore denies them.

226.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 226, and therefore denies them.

227.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 227, and therefore denies them.

228.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 228, and therefore denies them.

229.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 229, and therefore denies them.

230.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 230, and therefore denies them.

231.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 231, and therefore denies them.

232.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 232, and therefore denies them.

233.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 233, and therefore denies them.

234.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 234, and therefore denies them.

235.    Vail admits only that Plaintiff collided with one or more components of the Zipline structure (the "Incident"). Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 235, and therefore denies them.

236.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 236, and therefore denies them.

237.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 237, and therefore denies them.

238.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 238, and therefore denies them.

239.    Vail admits only that Plaintiff collided with one or more components of the Zipline structure. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 239, and therefore denies them.

240.    Vail admits that Plaintiff collided with one or more components of the Zipline structure. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 240, and therefore denies them.

241.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 241, and therefore denies them.

242.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 242, and therefore denies them.

243.    Vail denies the allegations in Paragraph 243.

244.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 244, and therefore denies them.

245.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 245, and therefore denies them.

246.    Vail admits only that Plaintiff was transported down from Vail Mountain to receive medical services at a local medical facility following the Incident. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 246, and therefore denies them.

247.    Vail admits only that Plaintiff was transported down from Vail Mountain to receive medical services at a local medical facility following the Incident. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 247, and therefore denies them.

248.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 248, and therefore denies them.

**Vail's Post-Incident Investigation**

249.    Vail admits that a Vail employee texted the Chief Executive Officer of Bonsai on July 7, 2017 (Bates-stamped VAIL001211). The text message speaks for itself, and Vail denies any interpretation of the text message contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 249, and therefore denies them.

250.    Vail admits that a Vail employee texted the Chief Executive Officer of Bonsai on July 7, 2017 (Bates-stamped VAIL002908). The text message speaks for itself, and Vail denies any interpretation of the text message contrary to its terms. Vail lacks knowledge or information

sufficient to form a belief about the remaining allegations in Paragraph 250, and therefore denies them.

251.    Vail admits that the Chief Executive Officer of Bonsai responded to a Vail employee via text message on July 7, 2017 (Bates-stamped VAIL002908). The text message speaks for itself, and Vail denies any interpretation of the text message contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 251, and therefore denies them.

252.    Paragraph 252 contains legal conclusions to which Vail is not required to respond. To the extent Vail is required to respond, Vail denies the allegations in Paragraph 252.

253.    Vail admits that it submitted to the State of Colorado an "Amusement Rides and Devices Injury Report" on or about July 10, 2017 ("Report," Bates-stamped VAIL001196). The Report speaks for itself, and Vail denies any interpretation of the Report contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 253, and therefore denies them.

254.    Vail denies the allegations in Paragraph 254.

255.    Vail denies the allegations in Paragraph 255.

256.    Paragraph 256 contains legal conclusions to which Vail is not required to respond. To the extent Vail is required to respond, Vail denies the allegations in Paragraph 256.

257.    Vail denies the allegations in Paragraph 257 as phrased.

258.    Vail admits that it conducted a thorough internal investigation following the Incident. Vail lacks sufficient knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 258, and therefore denies them.

259.    Vail denies the allegations in Paragraph 259.

260.   Vail admits that it incurred business interruption costs while the Zipline was closed following the Incident. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 260, and therefore denies them.

261.   Vail admits that Bonsai replaced portions of the Zipline's braking systems. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 261, and therefore denies them.

262.   Vail admits the allegations in Paragraph 262.

263.   Vail admits that it incurred business interruption costs while the Zipline was closed. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 263, and therefore denies them.

### "Vail's Post-Incident Communications with Plaintiff and Her Husband"

264.   Vail admits that Matthew Burnett, a Claims Manager at Vail, spoke with Plaintiff's husband, David Cowles, following the Incident. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 264, and therefore denies them.

265.   Vail admits that Mr. Burnett, Plaintiff, and Mr. Cowles generally discussed Plaintiff's medical records and medical status over the course of several months after the Incident. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 265, and therefore denies them.

266.   Vail admits that Mr. Burnett, Plaintiff, and Mr. Cowles generally discussed Plaintiff's medical records and medical status over the course of several months after the Incident. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 266, and therefore denies them.

267.     Vail denies the allegations in Paragraph 267 as phrased.

268.     Vail denies the allegations in Paragraph 268.

269.     Vail admits the allegations in Paragraph 269.

270.     Vail admits the allegations in Paragraph 270.

271.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 271, and therefore denies them.

272.     Vail denies the allegations in Paragraph 272 as phrased.

273.     Vail admits only that its guests have alleged injuries while riding zip-lines at Vail, Breckenridge, Park City, and Heavenly.  Vail denies the remaining allegations in Paragraph 273 as phrased.

274.     Vail admits only that its guests have alleged injuries while riding zip-lines at Vail, Breckenridge, Park City, and Heavenly. Vail denies the remaining allegations in Paragraph 274 as phrased.

275.     Vail denies the allegations in Paragraph 275 as phrased.

276.     Paragraph 276 contains legal conclusions to which Vail is not required to respond. To the extent Vail is required to respond, Vail denies the allegations in Paragraph 276.

## COUNT 1

### Strict Liability v. Bonsai

277.     Vail incorporates its responses to paragraphs 1–276 as though fully set forth herein.

278.     The allegations in Paragraph 278 are not directed at Vail, and Vail is not required to respond.

279.     The allegations in Paragraph 279 are not directed at Vail, and Vail is not required to respond.

280.     The allegations in Paragraph 280 are not directed at Vail, and Vail is not required to respond.

281.     The allegations in Paragraph 281 are not directed at Vail, and Vail is not required to respond.

282.     The allegations in Paragraph 282 are not directed at Vail, and Vail is not required to respond.

283.     The allegations in Paragraph 283 are not directed at Vail, and Vail is not required to respond.

284.     The allegations in Paragraph 284 are not directed at Vail, and Vail is not required to respond.

285.     The allegations in Paragraph 285 are not directed at Vail, and Vail is not required to respond.

286.     The allegations in Paragraph 286 are not directed at Vail, and Vail is not required to respond.

287.     The allegations in Paragraph 287 are not directed at Vail, and Vail is not required to respond.

288.     The allegations in Paragraph 288 are not directed at Vail, and Vail is not required to respond.

289.     The allegations in Paragraph 289 are not directed at Vail, and Vail is not required to respond.

290.     The allegations in Paragraph 290 are not directed at Vail, and Vail is not required to respond.

291.    The allegations in Paragraph 291 are not directed at Vail, and Vail is not required to respond.

292.    The allegations in Paragraph 292 are not directed at Vail, and Vail is not required to respond.

293.    The allegations in Paragraph 293 are not directed at Vail, and Vail is not required to respond.

294.    The allegations in Paragraph 294 are not directed at Vail, and Vail is not required to respond.

295.    The allegations in Paragraph 295 are not directed at Vail, and Vail is not required to respond.

296.    The allegations in Paragraph 296 are not directed at Vail, and Vail is not required to respond.

297.    The allegations in Paragraph 297 are not directed at Vail, and Vail is not required to respond.

298.    The allegations in Paragraph 298 are not directed at Vail, and Vail is not required to respond.

299.    The allegations in Paragraph 299 are not directed at Vail, and Vail is not required to respond.

300.    The allegations in Paragraph 300 are not directed at Vail, and Vail is not required to respond.

301.    The allegations in Paragraph 301 are not directed at Vail, and Vail is not required to respond.

302.     The allegations in Paragraph 302 are not directed at Vail, and Vail is not required to respond.

303.     The allegations in Paragraph 303 are not directed at Vail, and Vail is not required to respond.

304.     The allegations in Paragraph 304 are not directed at Vail, and Vail is not required to respond.

## **COUNT II**

### **Negligence v. Bonsai**

305.     Vail incorporates its responses to paragraphs 1–304 as though fully set forth herein.

306.     The allegations in Paragraph 306 are not directed at Vail, and Vail is not required to respond.

307.     The allegations in Paragraph 307 are not directed at Vail, and Vail is not required to respond.

308.     The allegations in Paragraph 308 are not directed at Vail, and Vail is not required to respond.

309.     The allegations in Paragraph 309 are not directed at Vail, and Vail is not required to respond.

310.     The allegations in Paragraph 310 are not directed at Vail, and Vail is not required to respond.

311.     The allegations in Paragraph 311 are not directed at Vail, and Vail is not required to respond.

312.     The allegations in Paragraph 312 are not directed at Vail, and Vail is not required to respond.

313. The allegations in Paragraph 313 are not directed at Vail, and Vail is not required to respond.

314. The allegations in Paragraph 314 are not directed at Vail, and Vail is not required to respond.

315. The allegations in Paragraph 315 are not directed at Vail, and Vail is not required to respond.

316. The allegations in Paragraph 316 are not directed at Vail, and Vail is not required to respond.

317. The allegations in Paragraph 317 are not directed at Vail, and Vail is not required to respond.

318. The allegations in Paragraph 318 are not directed at Vail, and Vail is not required to respond.

319. The allegations in Paragraph 319 are not directed at Vail, and Vail is not required to respond.

320. The allegations in Paragraph 320 are not directed at Vail, and Vail is not required to respond.

321. The allegations in Paragraph 321 are not directed at Vail, and Vail is not required to respond.

322. The allegations in Paragraph 322 are not directed at Vail, and Vail is not required to respond.

323. The allegations in Paragraph 323 are not directed at Vail, and Vail is not required to respond.

324.     The allegations in Paragraph 324 are not directed at Vail, and Vail is not required to respond.

325.     The allegations in Paragraph 325 are not directed at Vail, and Vail is not required to respond.

326.     The allegations in Paragraph 326 are not directed at Vail, and Vail is not required to respond.

327.     The allegations in Paragraph 327 are not directed at Vail, and Vail is not required to respond.

328.     The allegations in Paragraph 328 are not directed at Vail, and Vail is not required to respond.

329.     The allegations in Paragraph 329 are not directed at Vail, and Vail is not required to respond.

330.     The allegations in Paragraph 330, including all subparts, are not directed at Vail, and Vail is not required to respond.

331.     The allegations in Paragraph 331 are not directed at Vail, and Vail is not required to respond.

<u>**COUNTS AGAINST VAIL**</u>

<u>**COUNT III**</u>

332.     Vail incorporates its responses to paragraphs 1–331 as though fully set forth herein.

333.     Paragraph 333 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 333.

334.    Paragraph 334 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail admits the allegations contained in Paragraph 334.

335.    Paragraph 335 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 335.

336.    Paragraph 336 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail admits the allegations contained in Paragraph 336.

337.    Paragraph 337 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 337.

338.    Vail denies the allegations contained in Paragraph 338.

339.    Vail denies the allegations contained in Paragraph 339.

340.    Vail denies the allegations contained in Paragraph 340.

341.    Vail denies the allegations contained in Paragraph 341.

342.    Vail denies the allegations contained in Paragraph 342.

343.    Vail denies the allegations contained in Paragraph 343.

344.    Vail denies the allegations contained in Paragraph 344.

## COUNT IV

### Exemplary Damages Based on Willful and Wanton Conduct and Circumstances of Fraud v. Vail

345.    Vail incorporates its responses to paragraphs 1–344 as though fully set forth herein.

346.     Paragraph 346 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 346.

347.     Paragraph 347 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 347.

348.     Paragraph 348 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 348.

349.     Paragraph 349 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 349.

350.     Paragraph 350 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 350.

351.     Paragraph 351 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 351.

352.     Vail denies the allegations in Paragraph 352, including all subparts.

353.     Vail denies the allegations in Paragraph 353, including all subparts.

354.     Vail denies the allegations in Paragraph 354.

355.     Vail denies the allegations in Paragraph 355.

## COUNTS AGAINST ALL DEFENDANTS

## COUNT IV

## Gross Negligence

356.   Vail incorporates its responses to paragraphs 1–355 as though fully set forth herein.

357.   Vail denies the allegations in Paragraph 357.

358.   Vail denies the allegations in Paragraph 358.

359.   Vail denies the allegations in Paragraph 359.

360.   Vail denies the allegations in Paragraph 360.

## CAUSATION & DAMAGES

361.   Vail incorporates its responses to paragraphs 1–360 as though fully set forth herein.

362.   Vail denies the allegations in Paragraph 362.

363.   Paragraph 363 does not contain any factual allegations to which Vail is required to respond. To the extent Vail is required to respond, Vail denies any factual allegations contained in Paragraph 363.

## VAIL'S GENERAL DENIAL

Vail denies every allegation in the Complaint not explicitly admitted herein.

## RESERVATION

Vail reserves the right to amend or supplement this Answer as discovery and investigation warrants.

## VAIL'S AFFIRMATIVE DEFENSES

1.   Plaintiff failed to state a claim on which relief may be granted.

2.   Plaintiff waived the right to bring any claims in this action by intentionally and expressly relinquishing any such right by executing the Waiver.

3.   Plaintiff's claims are barred in whole or in part by the doctrine of waiver, laches, and/or estoppel.

4.   Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages.

5.   The proximate cause of Plaintiff's alleged damages and injuries may have been the acts or omissions of a third party or parties over whom Vail had no control, with whom Vail had or has no relationship, and/or for whom Vail is not legally responsible.

6.   Plaintiff's alleged damages and injuries may have been caused by her own comparative negligence, or the negligence of others that may be imputed to them, which negligence bars or diminishes any recovery of damages pursuant to C.R.S. § 13-21-111.

7.   Plaintiff's alleged damages and injuries may have been caused by her own assumption of a known risk, which diminishes any recovery of damages pursuant to C.R.S. § 13-21-111.7

8.   Plaintiff's claims are barred or limited pursuant to Colorado's pro rata liability statute, C.R.S. § 13-21-111.5.

9.   Plaintiff's alleged damages and injuries were the result of unforeseeable circumstances that could not have been reasonably anticipated by Vail, and Vail is therefore not legally responsible for Plaintiff's alleged damages.

10.   Plaintiff is barred from recovery of damages pursuant to the collateral source doctrine, as set forth in C.R.S. § 13-21-111.6.

11.   Vail reserves the right to supplement, amend, and/or withdraw any of its affirmative defenses as investigation and discovery warrants.

## VAIL'S CROSS-CLAIM AGAINST BONSAI DESIGN, LLC

Defendants Vail Resorts, Inc., The Vail Corporation, and Vail Resorts Management Company, (collectively, "Vail") hereby submit this Cross-Claim against Bonsai Design, LLC ("Bonsai"), and in support thereof states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Lisa Cowles ("Plaintiff") filed her Second Amended Complaint for Damages (ECF No. 130) against Vail and Bonsai, and has alleged injuries and damages resulting from an incident in which Plaintiff alleges she suffered injuries (the "Incident") related to the Game Creek zip-line at Vail Mountain, located in Vail, Colorado (the "Zipline").

2. Vail Resorts, Inc. is a Delaware Corporation with its principal place of business in Colorado.

3. The Vail Corporation, doing business as Vail Resorts Management Company, is a Colorado Corporation with its principal place of business in Colorado.

4. Upon information and belief, Plaintiff is a citizen and resident of the State of Wisconsin.

5. Upon information and belief, Bonsai is a citizen of Colorado and/or North Carolina, with its principal place of business in Colorado.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. Because the Incident, which forms the basis of the claims asserted in this case, occurred in the State of Colorado, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## CROSS-CLAIM AGAINST BONSAI

## BREACH OF CONTRACT—FAILURE TO DEFEND AND INDEMNIFY

8.      Vail reiterates its denials, both general and specific, of the allegations asserted against it in the Complaint as set forth in Vail's "Answer and Affirmative Defenses" ("Answer").

9.      At all relevant times herein, there was a valid contract between Vail and Bonsai, called the "Design and Build Agreement" dated September 19, 2012, for the project called the "GAME CREEK ZIP LINE, VAIL SKI RESORT, VAIL, COLORADO," which was in full force and effect between Vail and Bonsai, and which set forth the parties' respective duties as they relate to the Zipline on which Plaintiff alleges she was injured (as amended, VAIL000006).

10.     The Agreement clearly and unambiguously requires Bonsai to indemnify, defend, and hold Vail harmless for the claims asserted by Plaintiff in this case.  (VAIL000017 at § 17(a)).

11.     Vail has demanded that Bonsai or its insurer honor its contractual obligations to indemnify, defend, and hold Vail harmless for the claims asserted by Plaintiff in this case.

12.     Bonsai has refused Vail's demand, and has therefore materially breached the Agreement.

13.     As a direct and proximate result of Bonsai's material breach of the Agreement, Vail has been damaged, and has incurred and will continue to incur attorneys' fees and costs defending the instant action filed by Plaintiff and prosecuting this Cross-Claim against Bonsai.

14.     If, in fact, Plaintiff was damaged and injured on the Zipline, then pursuant to the clear and unambiguous terms of the Agreement, Bonsai is liable to Vail for all of the damages and injuries asserted against Vail, as well as Vail's legal costs and attorney fees for defending itself against the allegations in the Complaint.  (VAIL000017 at § 17(a)).

## **PRAYER FOR RELIEF**

WHEREFORE, Vail requests that this Court:

1.      Find in Vail's favor against Plaintiff;

2.      Dismiss Plaintiff's claims against Vail with prejudice;

3.      Find in Vail's favor against Bonsai as to the Cross-Claim;

4.      Award Vail all costs and fees as permitted by the Agreement and law; and

5.      Award Vail such other and further relief as this Court deems proper.


Dated:  February 7, 2020                    Respectfully submitted,


*s/ Kristen L. Ferries*
E. Tim Walker
Alison K. Toivola
Legal Department
Vail Resorts Management Company
390 Interlocken Crescent
Broomfield, CO 80021
Telephone: 303.404.1895
E-mail:     etwalker@vailresorts.com
                aktoivola@vailresorts.com

Craig R. May
Kristen L. Ferries
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email:   may@wtotrial.com
             ferries@wtotrial.com

***Attorneys for Vail***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of February 2020, a true and correct copy of the foregoing **DEFENDANTS THE VAIL CORPORATION, VAIL RESORTS MANAGEMENT COMPANY, AND VAIL RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND CROSS-CLAIM AGAINST DEFENDANT BONSAI DESIGN LLC** was electronically filed with the Court using the CM/ECF system and served electronically on the following counsel of record:

- **Jennifer Arnett**
  jennifer@sanitaslaw.com,cgiaquinto@sanitaslaw.com

- **Christopher C. Ash**
  chris@sanitaslaw.com

- **Kristen Leigh Ferries**
  ferries@wtotrial.com,creasey@wtotrial.com

- **Paul Joseph Komyatte**
  paul@komyattelawfirm.com,suzy@komyattelawfirm.com,
  dave@komyattelawfirm.com

- **David Patrick Mason**
  dave@komyattelawfirm.com

- **Craig Ruvel May**
  may@wtotrial.com,drotzmann@wtotrial.com,geiwitz@wtotrial.com

- **Alison Katarina Toivola**
  aktoivola@vailresorts.com,Khall2@vailresorts.com

- **Eugene Volokh**
  volokh@law.ucla.edu

- **Eugene Volokh**
  volokh@law.ucla.edu

- **Edward Timothy Walker**
  etwalker@vailresorts.com,khall2@vailresorts.com

*s/ Kristen L. Ferries*