IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01946-WJM-MEH

**LISA COWLES**,

      Plaintiff,

v.

**BONSAI DESIGN LLC**, et al.,

      Defendants.

---

## DEFENDANTS THE VAIL CORPORATION, VAIL RESORTS MANAGEMENT COMPANY, AND VAIL RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO BONSAI DESIGN LLC'S CROSS-CLAIMS

---

Defendants The Vail Corporation, Vail Resorts Management Company, and Vail Resorts Inc. (collectively, "Vail") hereby submit this Answer and Affirmative Defenses to Bonsai Design LLC's ("Bonsai") Cross-Claims, ECF No. 138 ("Bonsai's Cross-Claims") as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 1, and therefore denies them.

2. Vail admits only that Vail Resorts, Inc. is a Delaware corporation with its principal place of business in Colorado. Vail denies any remaining allegations in Paragraph 2.

3. Vail admits only that The Vail Corporation d/b/a Vail Resorts Management Company is a Colorado corporation with its principal place of business in Colorado. Vail denies any remaining allegations in Paragraph 3.

4. Paragraph 4 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail admits that this Court has supplemental jurisdiction over Bonsai's Cross-Claims pursuant to 28 U.S.C. § 1367. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 4, and therefore denies them.

5. Paragraph 5 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail admits that venue is appropriate in the District of Colorado. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 5, and therefore denies them.

**FACTUAL ALLEGATIONS**

6. Vail admits that The Vail Corporation entered into the "Design and Build Agreement" (as amended, the "Agreement," Bates-stamped VAIL000006), which Agreement speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 6, and therefore denies them.

7. Vail admits that The Vail Corporation entered into the Agreement, which speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 7, and therefore denies them.

8. Vail admits that The Vail Corporation entered into the Agreement, which speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks

knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 8, and therefore denies them.

9. Vail admits that The Vail Corporation entered into the Agreement, which speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 9, and therefore denies them.

10. Vail admits that Plaintiff's Second Amended Complaint purports to assert a claim for "gross negligence" against Vail, among other things. (*See* ECF No. 130 at 66–67.) Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 10, and therefore denies them.

11. Vail admits that The Vail Corporation entered into the Agreement, which speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 11, and therefore denies them.

12. Vail admits that Bonsai provided a "Course Operations Manual," (the "Manual," Bates-stamped VAIL000146), which Manual speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 12, and therefore denies them.

13. Vail admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 13, and therefore denies them.

14. Vail admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 14, and therefore denies them.

15. Vail admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 15, and therefore denies them.

16. Vail admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 16, and therefore denies them.

17. Vail admits that modifications were made to the Game Creek zip-line course at Vail Mountain located in Vail, Colorado (the "Zipline"), as set out in the Agreement and Change Orders (the "Change Orders," Bates-stamped VAIL000037). Vail denies that it made any modifications to the Zipline without Bonsai's prior approval. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 17, and therefore denies them.

18. Vail admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 18, and therefore denies them.

19. Vail admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 19, and therefore denies them.

20. Vail admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 20, and therefore denies them.

21. Vail admits that Plaintiff's Second Amended Complaint alleges that a guest was injured when a primary braking system failed in June 2017. (*See* ECF No. 130 at 25-26.) Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 21, and therefore denies them.

22. Vail admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 22, and therefore denies them.

23. Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 23, and therefore denies them.

24. Vail admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 24, and therefore denies them.

25. Vail denies the allegations in paragraph 25.

26. Vail denies the allegations in paragraph 26.

27. Vail admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 27, and therefore denies them.

28. Vail denies the allegations in Paragraph 28.

29. Vail admits that Bonsai provided a "Course Commissioning Letter," (the "Letter," Bates-stamped VAIL000125), which Letter speaks for itself. Vail denies any interpretation of the Letter contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 29, and therefore denies them.

30. Vail admits that Bonsai provided the Letter, which speaks for itself. Vail denies any interpretation of the Letter contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 30, and therefore denies them.

31. Vail admits that Bonsai provided the Letter, which speaks for itself. Vail denies any interpretation of the Letter contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 31, and therefore denies them.

32. Vail admits that Bonsai has requested that Vail indemnify Bonsai with respect to Plaintiff's instant claims. Vail lacks knowledge or information about the remaining allegations in Paragraph 32, and therefore denies them.

33. Paragraph 33 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies that it is liable to Plaintiff. Vail also denies that it is obligated to indemnify Bonsai with respect to Plaintiff's claims. Vail denies the remaining allegations in Paragraph 33.

## FIRST CLAIM FOR RELIEF

### "Breach of Contract—Failure to Indemnify and Accept Liability"

34. Vail incorporates its responses to paragraphs 1–33 as though fully set forth here.

35. Vail admits that The Vail Corporation entered into the Agreement, which speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 35, and therefore denies them.

36. Vail admits that Plaintiff has alleged that Vail was negligent. (*See* ECF No. 130 at 66–67.) Vail further admits that Plaintiff has alleged that Vail's alleged negligence caused or contributed to Plaintiff's injuries. (*Id.*) Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 36, and therefore denies them.

37. Vail admits that Bonsai provided the Letter, which speaks for itself. Vail denies any interpretation of the Letter contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 37, and therefore denies them.

38. Vail denies the allegations in Paragraph 38.

39. Vail denies the allegations in Paragraph 39.

40. Vail denies the allegations in Paragraph 40.

41. Vail denies the allegations in Paragraph 41.

## SECOND CLAIM FOR RELIEF

### "Breach of Contract—Operations Manual"

42. Vail incorporates its responses to paragraphs 1–41 as though fully set forth here.

43. Vail admits that The Vail Corporation entered into the Agreement, which speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail further admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail denies that the Manual is "incorporated into" the Agreement. Vail denies the remaining allegations in Paragraph 43.

44. Vail admits that modifications were made to the Zipline, as set out in the Agreement and Change Orders. Vail denies that it made any modifications without Bonsai's prior approval. Vail denies the remaining allegations in Paragraph 44.

45. Vail denies the allegations in Paragraph 45.

46. Vail denies the allegations in Paragraph 46.

47. Vail admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 47.

48. Vail admits that Bonsai provided the Manual, which speaks for itself. Vail denies any interpretation of the Manual contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 48.

49. Vail admits that Plaintiff's Second Amended Complaint alleges that a guest was injured when a primary braking system failed in June 2017. (*See* ECF No. 130 at 25-26.) Vail denies the remaining allegations in Paragraph 49.

50. Vail denies the allegations in Paragraph 50.

51. Vail denies the allegations in Paragraph 51.

52. Vail denies the allegations in Paragraph 52.

53. Vail denies the allegations in Paragraph 53.

54. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 54.

55. Vail denies the allegations in Paragraph 55.

## VAIL'S GENERAL DENIAL

Vail denies every allegation in Bonsai's Cross-Claims not explicitly admitted herein.

## RESERVATION

Vail reserves the right to amend or supplement this Answer as discovery and investigation warrants.

## VAIL'S AFFIRMATIVE DEFENSES

1. Bonsai's Cross-Claims fail to state a claim on which relief may be granted.

2. Bonsai's alleged damages were proximately caused or contributed to by its own actions or inactions.

3. Bonsai's Cross-Claims are barred, in whole or in part, by its own failure to mitigate damages.

4.      If other persons or entities are legally responsible or otherwise at fault for Bonsai's allege damages, any damages assessed against Vail must be reduced in relation to the other person's or entity's percentage of fault, pursuant to C.R.S. § 13-21-111.5.

5.      Vail reserves the right to supplement, amend, and/or withdraw any of its affirmative defenses as investigation and discovery warrants.

Dated:  March 20, 2020                                      Respectfully submitted,


*s/ Kristen L. Ferries*
E. Tim Walker
Alison K. Toivola
Legal Department
Vail Resorts Management Company
390 Interlocken Crescent
Broomfield, CO 80021
Telephone: 303.404.1895
E-mail:    etwalker@vailresorts.com
               aktoivola@vailresorts.com

Craig R. May
Kristen L. Ferries
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email:    may@wtotrial.com
              ferries@wtotrial.com

***Attorneys for Vail***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March, 2020, a true and correct copy of the foregoing **DEFENDANTS THE VAIL CORPORATION, VAIL RESORTS MANAGEMENT COMPANY, AND VAIL RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO BONSAI DESIGN LLC'S CROSS-CLAIMS** was served and electronically filed with the Court using the CM/ECF system upon the following:

- **Jennifer Arnett**
  jennifer@sanitaslaw.com; cgiaquinto@sanitaslaw.com

- **Christopher C. Ash**
  chris@sanitaslaw.com

- **Paul Joseph Komyatte**
  paul@komyattelawfirm.com; suzy@komyattelawfirm.com;
  dave@komyattelawfirm.com

- **David Patrick Mason**
  dave@komyattelawfirm.com

- **Eugene Volokh**
  volokh@law.ucla.edu

*s/ Kristen L. Ferries*