**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-01946-WJM-MEH

**LISA COWLES**,

      Plaintiff,

v.

**BONSAI DESIGN LLC**, et al.,

      Defendants.

---

**DEFENDANTS THE VAIL CORPORATION, VAIL RESORTS MANAGEMENT COMPANY, AND VAIL RESORTS, INC.'S MOTION TO RESTRICT PUBLIC ACCESS TO EXHIBIT 13 TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(A) (ECF NO. 143)**

---

Pursuant to the Protective Order (ECF No. 79) and District of Colorado Local Rule 7.2, Defendants The Vail Corporation, Vail Resorts Management Company, and Vail Resorts, Inc. (collectively, "Vail") move to restrict public access to VAIL00759-61, a confidential settlement communication that Plaintiff attached as an exhibit to her Motion for Leave to File a Third Amended Complaint (ECF No. 143).[1] In support of the Motion, Vail states as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to District of Colorado Local Rule 7.1(a), undersigned counsel for Vail conferred by email with counsel for Plaintiff and counsel for Bonsai Design LLC ("Bonsai")

---

[1] Vail is not moving to restrict the other documents attached to Plaintiff's motion for leave that Vail had previously marked as confidential pursuant to the Protective Order, including VAIL003851 and VAIL002325. While Vail reasonably believed those documents to be confidential at the time they were disclosed, Vail no longer seeks to uphold the confidentiality designation. Vail moves only to restrict Exhibit 13 (VAIL00759-61).

regarding the relief requested in this motion on April 10, 2020. Counsel for Bonsai indicated that Bonsai does not oppose the motion. Counsel for Plaintiff indicated that Plaintiff opposes.

## INTRODUCTION

"This is a product liability action" in which Plaintiff alleges she suffered injuries from an allegedly defective braking system while participating in the Game Creek Zipline ("the Zipline") at Vail. (ECF No. 130, ¶ 1.) Plaintiff brought product liability claims against Bonsai, the manufacturer of the Zipline, and other claims against Vail, the owner and operator of the Zipline, seeking recovery for her injuries. (*Id.* ¶¶ 277-363.)

After Plaintiff's incident on the Zipline, Vail temporarily closed the Zipline to investigate the cause of the incident. Vail then pursued a business interruption claim against Bonsai, seeking damages for lost profits Vail sustained when it was forced to temporarily close the Zipline.

In response to a request from Plaintiff, Vail produced confidential settlement communications with Bonsai discussing Vail's business interruption claim. Vail had previously withheld these documents as irrelevant (and subject to Federal Rule of Evidence 408), but Plaintiff demanded their production in a meet and confer letter. In an effort to avoid unnecessary conflict, Vail agreed to produce the documents, but marked them confidential pursuant to the Protective Order and reserved its right to dispute their admissibility pursuant to Rule 408.

Plaintiff moved for leave to file a third amended complaint (ECF No. 143).[2] Among the new allegations supporting Plaintiff's motion for leave are: "Bonsai learned of the June 24 braking system failure well before Plaintiff's July 7 accident"; "Vail's risk manager texted Bonsai's CEO on June 30 asking for a call to discuss 'a zip stop issue' on the Game Creek

---

[2] Vail did not oppose Plaintiff's motion for leave. (*See* ECF No. 143 at 2; ECF No. 148.)

course"; and "Vail contends the risk manager advised Bonsai's CEO in a phone call as well and that 'Bonsai chose not to investigate further than the call.'" (*Id.* at 12.)

As grounds for the motion for leave, Plaintiff states that she relied on recently-produced documents, including a confidential settlement communication from Vail to Bonsai that Vail produced on February 28, 2020. (ECF No. 143 at 14-15 & Ex. 13.) Plaintiff cites to that letter not because settlement of Vail's business interruption claim has anything to do with her motion for leave (or her claims, for that matter), but because attached to it is a text message in which Vail advised Bonsai of a primary brake failure on the Zipline on June 24, 2017. (*Id.*) Plaintiff argues that she has good cause for leave to file a third amended complaint because she did not have that information prior to filing her Second Amended Complaint on January 24, 2020.

However, Vail had produced a copy of the same text message on October 21, 2019—one month before Plaintiff moved for leave to file her second amended complaint (ECF No. 66) and three months before she actually filed it (ECF No. 130). Vail does not contend that the text message (VAIL007562) is confidential and does not seek to restrict public access to it. Vail produced a copy of the text message without a confidential designation nearly six months ago (VAIL001211). Accordingly, Vail only moves to restrict the letter itself—the first three pages of Exhibit 13 (VAIL003759-61)—and not the text message attached to it (VAIL003762).

That letter contains a confidential settlement communication between Vail's in-house counsel and counsel for Bonsai regarding Vail's business interruption claim. It reflects Vail's internal settlement strategy and philosophy, and also contains confidential information about Vail's business interruption damages, i.e., its profitability. The letter is marked "Confidential" and "Subject to C.R.E. 408." Vail's interest in the confidentiality of this information outweighs the presumption of public access because the information contained in the letter is not relevant to

3

this Court's resolution of any pending matter. Further, public disclosure would injure Vail, and no alternative to restriction is practicable. The Court should restrict VAIL00759-61.

## ARGUMENT

D.C.COLO.LCivR 7.2(c) provides that a motion to restrict public access to a document shall (1) identify the document for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. D.C.COLO.LCivR 7.2(c). Vail seeks a Level 1 Restriction in accordance with D.C.COLO.LCivR 7.2(c) as follows:

### I. THE DOCUMENT FOR WHICH RESTRICTION IS SOUGHT

Vail seeks to restrict a portion of Exhibit 13 to Plaintiff's Motion for Leave to File a Third Amended Complaint Pursuant to Fed. R. Civ. P. 15(a) (ECF No. 143). Vail only seeks to restrict the first three pages of that exhibit (VAIL003759-61), and not the text message appearing on the fourth page, which was previously produced and not marked confidential at VAIL001211.

### II. VAIL'S INTEREST OUTWEIGHS THE PRESUMPTION OF PUBLIC ACCESS

Judicial documents "may be sealed if the right to [public] access is outweighed by the interests favoring nondisclosure." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). The public has a "fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly." *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 636 (D. Colo. 2010) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). Thus, the public's right of access extends only to documents relevant to resolution of the issue presented to the court; the public's right of access does not extend to confidential documents that are not relevant to its understanding of the dispute

presented to the court. *See XY, LLC v. Trans Ova Genetics, LC*, No. 13-cv-00876-WJM, NYW, 2015 WL 7014419, at *2 (D. Colo. Nov. 12, 2015) ("There is a presumption that <u>documents essential to the judicial process</u> are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. . . . [I]t is critical that the public be able to review <u>the factual basis of this court's decisions</u> and evaluate the court's rationale so that it may be confident that the court is functioning as a neutral arbiter.") (emphasis added).

Here, the confidential settlement communication contained in the first three pages of Exhibit 13 to Plaintiff's motion for leave is not relevant to the court's resolution of that motion. Plaintiff relies on the text message *attached* to the letter, which Vail does not seek to restrict. Moreover, to the extent Plaintiff relies on a few sentences in the letter itself in which Vail summarizes the efforts it took to notify Bonsai of the June 14, 2017 incident, those sentences merely confirm the facts already presented in the text message: that Vail notified Bonsai of the incident. Not only is the letter itself not relied upon by Plaintiff, but any information contained in that letter is wholly duplicative of the text message that is not subject to any restriction. The letter is therefore not relevant to this Court's resolution of the motion for leave.

Vail has a financial interest in protecting the confidentiality of its settlement strategy and philosophy, particularly with respect to a business interruption claim seeking damages for Vail's lost profits. The confidential settlement communication contained in the first three pages of Exhibit 13 summarizes confidential settlement conversations between Vail's in-house counsel and counsel for Bonsai, in which Vail and Bonsai discuss a prior settlement offer made by one of the parties. The letter also summarizes Vail's calculation of its business interruption damages, which includes sensitive information regarding Vail's profitability.

This type of internal information is the kind courts regularly restrict from public disclosure, even where—unlike here—it is relevant to the Court's resolution of the issue presented. *See Teets v. Great-West Life & Annuity Ins. Co.*, No. 14-cv-02330-WJM-NYW, 2016 WL 1586418, at *3 (D. Colo. Apr. 20, 2016) (restricting documents because they "appear to reflect financial information that Great-West considers proprietary"); *SBM Site Servs., Ltd. Liability Co. v. Garrett*, Civil Action No. 10-cv-00385-WJM-BNB, 2011 U.S. Dist. LEXIS 41527, at *9 (D. Colo. Apr. 12, 2011) ("Access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing."). This is a dispute between private litigants, and Vail's interest in protecting the confidentiality of its settlement negotiations outweighs the presumption of public access here. The public has no valid interest in Vail's confidential settlement strategy and philosophy, or to Vail's confidential information regarding its profitability or its business interruption claim against Bonsai.

In fact, public disclosure of Vail's confidential settlement communications with Bonsai would defeat an important purpose of settling the business interruption claim in the first place—confidentiality—and would consequently reduce litigants' incentive to settle claims. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (recognizing "that preserving the confidentiality of settlement agreements may encourage settlement, and that denying a motion to seal may chill future settlement discussions"); *Daines v. Harrison*, 838 F. Supp. 1406, 1408 (D. Colo. 1993) ("[T]he public also has an interest in promoting settlement which conserves judicial and state resources. Everyone agrees that confidentiality furthers settlement.").

Accordingly, Vail's interest in the confidentiality of its settlement negotiations with Bonsai outweighs the presumption of public access to those documents, which are not relevant to the Court's resolution of the issue presented in Plaintiff's motion for leave.

### III. A CLEARLY DEFINED AND SERIOUS INJURY WOULD RESULT IF ACCESS IS NOT RESTRICTED

Public disclosure of Vail's confidential settlement communication to Bonsai would result in a clearly defined and serious injury to Vail by providing potential litigation adversaries with confidential information regarding Vail's settlement strategy and philosophy, as well as confidential financial information regarding the Zipline, Vail's profits, and Vail's calculation of business interruption damages. Public access to that information would adversely impact Vail's ability to successfully litigate or settle claims in the future. Further, disclosure of information about Vail's profitability—such as Vail's calculation of its business interruption damages in a separate claim against Bonsai—could adversely impact Vail's financial health. *See Rickaby v. Hartford Life & Accident Ins. Co.*, No. 15-cv-00813-WYD-NYW, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (restricting public access to "sensitive commercial and financial information").

### IV. NO ALTERNATIVE TO RESTRICTION IS PRACTICABLE

Vail requests only that the first three pages of Exhibit 13 to Plaintiff's motion for leave (VAIL003759-61) be restricted. Restriction of this limited portion of Exhibit 13 to Plaintiff's motion for leave is the least restrictive means of preventing injury to Vail that is practicable here—Vail does not seek restriction of the motion itself, or even the entire exhibit. Vail only seeks restriction of three pages of confidential information that is not relevant to the issue presented in Plaintiff's motion.

To the extent the Court finds that the highlighted portions of the letter on page VAIL003760 are relevant to its resolution of Plaintiff's motion for leave, Vail requests the Court restrict the remainder of the letter. Vail asserts that no other alternative is practicable here, given the confidentiality of the settlement communication as a whole.

**V.      LEVEL 1 RESTRICTION SOUGHT**

Vail seeks a Level 1 restriction of the first three pages of Exhibit 13 (VAIL00759-61), limiting access to the parties and the court, pursuant to D.C.COLO.LCivR 7.2(b). In the alternative, Vail seeks Level 1 restriction of the first three pages of Exhibit 13 (VAIL00759-61) with the exception of the highlighted portion on page VAIL003760.

## **CONCLUSION**

Vail respectfully requests the Court grant this motion and restrict public access to the first three pages of Exhibit 13 to Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 143) (VAIL00759-61) at Level 1 pursuant to D.C.COLO.LCivR 7.2(D). Alternatively, Vail respectfully requests the Court restrict public access to the non-highlighted portions of Exhibit 13 to Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 143) (VAIL00759-61) at Level 1 pursuant to D.C.COLO.LCivR 7.2(D).

Dated:  April 10, 2020                    Respectfully submitted,

*s/ Kristen L. Ferries*
E. Tim Walker
Alison K. Toivola
Legal Department
Vail Resorts Management Company
390 Interlocken Crescent
Broomfield, CO 80021
Telephone: 303.404.1895
E-mail:   etwalker@vailresorts.com
              aktoivola@vailresorts.com

Craig R. May
Kristen L. Ferries
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email:  may@wtotrial.com
           ferries@wtotrial.com

*Attorneys for Defendants The Vail Corporation, Vail Resorts Management Company, and Vail Resorts, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April 2020, a true and correct copy of the foregoing **DEFENDANTS THE VAIL CORPORATION, VAIL RESORTS MANAGEMENT COMPANY, AND VAIL RESORTS, INC.'S MOTION TO RESTRICT PUBLIC ACCESS TO EXHIBIT 13 TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(A) (ECF NO. 143)** was electronically filed with the Court using the CM/ECF system and served electronically on the following counsel of record:

- **Jennifer Arnett**
  jennifer@sanitaslaw.com; cgiaquinto@sanitaslaw.com

- **Christopher C. Ash**
  chris@sanitaslaw.com

- **Paul Joseph Komyatte**
  paul@komyattelawfirm.com; suzy@komyattelawfirm.com; dave@komyattelawfirm.com

- **David Patrick Mason**
  dave@komyattelawfirm.com

- **Eugene Volokh**
  volokh@law.ucla.edu

*s/ Kristen L. Ferries*