# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   1:19-cv-01946-MEH

Lisa Cowles,

      Plaintiff,

v.

Bonsai Design LLC,
Vail Resorts, Inc.,
The Vail Corporation, and
Vail Resorts Management Company,

      Defendants.

---

## BONSAI'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTAIN PORTIONS OF BONSAI'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II AND IV OF THE SECOND AMENDED COMPLAINT

---

Bonsai Design, LLC ("Bonsai"), by and through counsel, Sanitas Law Group LLC, files this Response in Opposition to Plaintiff's Motion to Strike Certain Portions of Bonsai's Reply in Support of Its Motion to Dismiss Counts II and IV of the Second Amended Complaint or, Alternatively, for Leave to File Surreply (ECF No. 159).  In support of this response, Bonsai states the following:

## I.  BRIEF SUMMARY

Plaintiff raised new arguments in her Response to Bonsai's Motion to Dismiss the Second Amended Complaint, and Bonsai appropriately responded to Plaintiff's new arguments.

Plaintiff cannot now be heard to argue that Bonsai's responses to her new arguments should be stricken. Bonsai urges the Court to deny Plaintiff's motion to strike.

Count IV of Plaintiff's Second Amended Complaint, for gross negligence as against Bonsai and Vail, included only de minimus pleading. While the complaint is a total of 360 paragraphs, plus sub-paragraphs, the gross negligence cause of action is a mere five paragraphs, providing no factual statements whatsoever.  This minimal pleading provided the parties and the Court with almost no substance, and Bonsai's argument in its motion to dismiss accordingly sought dismissal for failure to sufficiently plead the elements of gross negligence.

Plaintiff's Response in Opposition to Bonsai's Motion to Dismiss (ECF No. 144) is a significant expansion of the gross negligence cause of action as pleaded. The Response pulls in various paragraphs from other sections of the Second Amended Complaint, in addition to new allegations raised in the proposed third amended complaint, to argue (without basis) that Bonsai knew the zipline system would fail and cause injury. The Response also argues, for the first time, that Bonsai should have taken some action vis-à-vis changes that Vail made to the zipline system that Vail owns, and that Bonsai should have taken some action vis-à-vis a prior accident about which Bonsai was not informed.

The paragraphs in the Second Amended Complaint that Plaintiff cites in her Response discuss the ziplining industry generally, the development and functioning of the zipline at issue, the details of Plaintiff's accident, and Plaintiff's allegations of negligence. Those paragraphs do not discuss Bonsai's supposed knowledge that the system would fail and cause an injury, nor do those paragraphs discuss Bonsai's purported gross negligence for not taking some action with respect to the zipline system owned and controlled by Vail. *See* ECF No. 144 at ¶ 19. Plaintiff also cites the proposed third amended complaint in her Response, but that is

not the operative pleading and it had not been presented to the court until after Bonsai filed its Motion to Dismiss the Second Complaint.

Plaintiff argues in her Response that the bases for her gross negligence claim against Bonsai are Bonsai's supposed a priori knowledge of zipline failure and injury, and Bonsai's failure to do something about a zipline system owned and controlled by another party. But Plaintiff did not plead these causation theories in the Second Amended Complaint. Bonsai's Reply in Support of its Motion to Dismiss appropriately addresses the new arguments raised by Plaintiff in her Response but not included in the Second Amended Complaint.

## II.  LEGAL ARGUMENT & AUTHORITIES

The Tenth Circuit explains, "[w]hile it is true that we generally do not 'review issues raised for the first time in a reply brief, we make an exception when the new issue argued in the reply brief is offered in response to an argument raised in the [plaintiff's] brief.'" *Banker v. Gold Res. Corp.*, 776 F.3d 1103, 1119 (10th Cir. 2015), quoting *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1166 n.3 (10th Cir. 2003) (alteration in *Banker*). *See also Robinson v. Mecham*, 2:15-cv-738 CW, 2016 U.S. Dist. LEXIS 92464, at *1-2 (D. Utah July 15, 2016) (denying motion to strike because arguments raised in reply brief were in response to new arguments made in response brief); *BG Prods. v. Stinger Chem., LLC*, 6:15-CV-1209-JTM-GLR, 2015 U.S. Dist. LEXIS 128525, at *7 (D. Kans. Sept. 24, 2015).

Here, Plaintiff argued in her Response brief, for the first time, that Bonsai was grossly negligent because Bonsai knew the zipline would fail and would cause injuries. (ECF No. 144 at ¶ 19.) Plaintiff also argues for the first time in the Response, relying on the proposed third amended complaint, that Bonsai knew of changes to the zipline made by Vail and that Bonsai

knew of a prior accident on the zipline, but that Bonsai did not take some action. (*Id.* at ¶ 20, 22, 24.) These arguments were not raised in the Second Amended Complaint. Indeed, the arguments about Bonsai somehow being grossly negligent for actions taken by Vail were made for the first time in the proposed third amended complaint, filed after Bonsai filed its Motion to Dismiss the Second Amended Complaint, and echoed in Plaintiff's Response.

In response to Plaintiff's new arguments, Bonsai argued in its Reply that Plaintiff's argument that Bonsai knew of certain zip line failure and injury did not hold up, Plaintiff's allegations that Bonsai knew of changes made by Vail to the zipline and of a prior accident were not supported, and that Plaintiff had not and could not argue that Bonsai owed a duty of care to Plaintiff. Before Plaintiff filed her Response, Bonsai did not know what the basis of Plaintiff's gross negligence claim was. In her Response, Plaintiff added meat to the bones of her gross negligence cause of action, and Bonsai responded to Plaintiff's new allegations. Bonsai's Reply falls squarely in the category of permissible argument contemplated in *Baker*, and this Court should deny Plaintiff's motion to strike Bonsai's response to Plaintiff's new argument contained in Plaintiff's Response.

## III.  CONCLUSION

**WHEREFORE**, for the reasons stated above, Bonsai urges the Court to deny Plaintiff's Motion to Strike certain portions of Bonsai's Reply in Support of Its Motion to Dismiss Counts II and IV of the Second Amended Complaint.

**DATED** this 12th day of May 2020.

Respectfully Submitted,


s/ *Jennifer C. Arnett*

Jennifer C. Arnett
Christopher C. Ash
Sanitas Law Group
806 S Public Road
Suite 201
Lafayette, Colorado 80026
Tel: 303-442-2900
jennifer@sanitaslaw.com
chris@sanitaslaw.com
*Attorneys for Defendant Bonsai Design, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2020, I electronically filed the foregoing **BONSAI'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTAIN PORTIONS OF BONSAI'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II AND IV OF THE SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:


Paul J. Komyatte
paul@komyattelawfirm.com

Dave Mason
dave@komyattelawfirm.com

*Attorneys for Plaintiff Lisa Cowles*



Alison K. Toivola
aktoivola@vailresorts.com

E. Tim Walker
etwalker@vailresorts.com

Kristen Leigh Ferries
ferries@wtotrial.com

Craig Ruvel May
may@wtotrial.com

*Attorneys for Defendants Vail Resorts, Inc., The Vail Corporation, and Vail Resorts Management Company*



_s/ Christine Giaquinto, Legal Assistant for Sanitas Law Group_