**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-01946-WJM-MEH

**LISA COWLES**,

      Plaintiff,

v.

**BONSAI DESIGN LLC**, et al.,

      Defendants.

---

**DEFENDANTS THE VAIL CORPORATION, VAIL RESORTS MANAGEMENT COMPANY, AND VAIL RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES AND CROSS-CLAIM AGAINST DEFENDANT BONSAI DESIGN LLC**

---

Defendants Vail Resorts Inc., The Vail Corporation, and Vail Resorts Management Company (collectively, "Vail") hereby submit this Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint for Damages ("Complaint") and Cross-Claim Against Defendant Bonsai Design LLC ("Bonsai") as follows:

## INTRODUCTION

1.    Paragraph 1 of the Complaint is an introductory paragraph to which Vail is not required to respond because it contains legal conclusions and no factual allegations. To the extent Vail is required to respond to any allegations contained in Paragraph 1, Vail denies them.

## PARTIES

2.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 2, and therefore denies them.

3.      Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 3, and therefore denies them.

4.      Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 4, and therefore denies them.

5.      Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 5, and therefore denies them.

6.      Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 6, and therefore denies them.

7.      Paragraph 7 contains no factual allegations to which Vail is required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 7.

8.      Vail admits that Vail Resorts, Inc. is a Delaware Corporation with its principal place of business in Colorado. Vail denies the remaining allegations in Paragraph 8.

9.      Vail admits that The Vail Corporation is a Colorado Corporation with its principal place of business in Colorado. Vail denies the remaining allegations in Paragraph 9.

10.      Vail admits that The Vail Corporation, doing business as Vail Resorts Management Company, owns and/or operates at least one zip-line, and that The Vail Corporation, doing business as Vail Resorts Management Company, is the owner and/or operator of the Game Creek zip-line course at Vail Mountain located in Vail, CO ("Zipline"). Vail further admits that The Vail Corporation, doing business as Vail Resorts Management Company, is a Colorado Corporation with its principal place of business in Colorado. Vail denies the remaining allegations in Paragraph 10.

11.      Paragraph 11 contains no factual allegations to which Vail is required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 11.

**JURISDICTION AND VENUE**

12.     Paragraph 12 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail admits this Court has personal jurisdiction over Vail. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 12, and therefore denies them.

13.     The allegations in Paragraph 13 are not directed at Vail, and Vail is not required to respond. To the extent Vail is required to respond, Vail denies any allegations contained in Paragraph 13.

14.     Paragraph 14 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail admits that this Court has personal jurisdiction over Vail. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 14, and therefore denies them.

15.     Paragraph 15 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail admits that venue is appropriate in the District of Colorado. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 15, and therefore denies them.

**GENERAL ALLEGATIONS**

**"Basic Principles of Zip-Line Design and Operation"**

16.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 16, and therefore denies them.

17.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 17, and therefore denies them.

18.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 18, and therefore denies them.

19.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 19, and therefore denies them.

20.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 20, and therefore denies them.

21.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 21, and therefore denies them.

### "Rapid Growth of the Commercial Zip-Line Industry"

22.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 22, and therefore denies them.

23.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 23, and therefore denies them.

24.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 24, and therefore denies them.

25.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 25, and therefore denies them.

26.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 26, and therefore denies them.

27.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 27, and therefore denies them.

28.     Vail admits that it charges its guests a fee to use the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 28, and therefore denies them.

29.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 29, and therefore denies them.

30.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 30, and therefore denies them.

31.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 31, and therefore denies them.

### **"Large-Scale Commercial Zip-Line Courses and 'Canopy Tours'"**

32.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 32, and therefore denies them.

33.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 33, and therefore denies them.

34.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 34, and therefore denies them.

35.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 35, and therefore denies them.

36.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 36, and therefore denies them.

37.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 37, and therefore denies them.

38.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 38, and therefore denies them.

39.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 39, and therefore denies them.

40.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 40, and therefore denies them.

41.     Vail admits only that the "Amusement Rides and Devices Annual Certificate of Registration" from the State of Colorado ("Registration," Bates-stamped VAIL001197) identifies the "Game Creek Canopy Tour." The Registration speaks for itself, and Vail denies any interpretation of the Registration contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 41, and therefore denies them.

**"Development of Custom Zip-Lining Equipment for Large-Scale Commercial Zip-Lines"**

42.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 42, and therefore denies them.

43.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 43, and therefore denies them.

44.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 44, and therefore denies them.

45.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 45, and therefore denies them.

46.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 46, and therefore denies them.

47.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 47, and therefore denies them.

48.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 48, and therefore denies them.

49.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 49, and therefore denies them.

50.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 50, and therefore denies them.

51.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 51, and therefore denies them.

52.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 52, and therefore denies them.

53.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 53, and therefore denies them.

54.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 54, and therefore denies them.

55.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 55, and therefore denies them.

56.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 56, and therefore denies them.

### **"Safety Risks and Hazards with Commercial Zip-Lines"**

57.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 57, and therefore denies them.

58.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 58, and therefore denies them.

59.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 59, and therefore denies them.

60.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 60, and therefore denies them.

61.    Vail admits only that there is a risk of serious injury and death associated with zip-lining, as explained in the "Ski Area & Summer Activity Release of Liability, Waiver of Claims, Assumption of Risk, & Indemnity Agreement" (the "Waiver," Bates-stamped VAIL000001). The Waiver speaks for itself, and Vail denies any interpretation of the Waiver contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 61.

62.    Vail denies the allegations in Paragraph 62.

63.    Vail denies the allegations in Paragraph 63.

64.    Vail admits that the eleven specific incidents identified in Paragraph 64 occurred, but denies the remaining allegations in Paragraph 64 as phrased.

65.    Vail admits that the eleven specific incidents identified in Paragraph 65 resulted in an allegation or claim of injury, but denies the remaining allegations in Paragraph 65 as phrased.

66.    Vail admits that it paid certain amounts relating to one or more of the eleven incidents, but denies the remaining allegations in Paragraph 66 as phrased.

67.    Vail admits that Vail notified Bonsai of an incident on the Zipline that occurred on June 24, 2017 in which the primary brake failed. Vail further admits that it notified Bonsai of the June 24, 2017 incident prior to July 7, 2017. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 67.

68.    Vail admits that it paid a certain amount to the guest involved in the incident on June 24, 2017 for expenses incurred as a result in the incident. Vail denies the remaining allegations in Paragraph 68, including Plaintiff's use of the term "legal claim."

69.     Vail denies the allegations in Paragraph 69.

70.     Vail denies the allegations in Paragraph 70.

71.     Vail denies the allegations in Paragraph 71.

72.     Vail denies the allegations in Paragraph 72.

"**Development and Construction of the Game Creek Zipline Course**"

73.     Vail admits that The Vail Corporation entered into the "Design and Build Agreement" (as amended, the "Agreement," Bates-stamped VAIL000006), which Agreement speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 73, and therefore denies them.

74.     Vail admits that The Vail Corporation entered into the Agreement, which Agreement speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 74, and therefore denies them.

75.     Vail admits that the Zipline was an expansion of its Epic Discovery summer activities at Vail Mountain. Vail denies the remaining allegations in Paragraph 75 as phrased.

76.     Vail admits that it marketed the Zipline as part of its Epic Discovery summer activities at Vail Mountain, which includes zip-lines, adventure courses, and alpine coasters. Vail denies the remaining allegations in Paragraph 76 as phrased.

77.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 77, and therefore denies them.

78.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 78, and therefore denies them.

79.     Vail admits that The Vail Corporation entered into the Agreement, which Agreement speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 79, and therefore denies them.

80.     Vail admits that The Vail Corporation entered into the Agreement, which Agreement speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 80, and therefore denies them.

81.     Vail admits that The Vail Corporation entered into the Agreement, as well as several "Change Orders" (Bates-stamped VAIL0000037–115), which speak for themselves. Vail denies any interpretation of the Agreement or Change Orders contrary to their terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 81, and therefore denies them.

82.     Vail admits that The Vail Corporation entered into the Agreement as well as several Change Orders, which documents speak for themselves. Vail further admits it submitted to Bonsai on March 20, 2014 ("Change Order No. 2," Bates-stamped VAIL000039). Vail denies any interpretation of the Agreement, Change Orders, or Change Order No. 2 contrary to their terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 82, and therefore denies them.

83.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 83, and therefore denies them.

84.     Vail admits that Bonsai approved certain changes to the Zipline that were requested by Vail, and which are set forth in the Change Orders, which documents speak for themselves.

Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 84, and therefore denies them.

85.     Vail admits that The Vail Corporation entered into the Agreement as well as several Change Orders, which documents speak for themselves. Vail denies any interpretation of the Agreement or Change Orders contrary to their terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 85, and therefore denies them.

86.     Vail denies the allegations in Paragraph 86 as phrased.

87.     Vail admits that The Vail Corporation entered into the Agreement, which Agreement speaks for itself. Vail denies any interpretation of the Agreement contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 87, and therefore denies them.

88.     Vail admits that the Zipline featured seven zip-lines, spanning a total of approximately 10,000 feet (at one point approximately 300 feet above the ground), including one zip-line that is more than a half-mile in length and on which some participants can experience speeds up to 60 miles per hour. Vail denies the remaining allegations in Paragraph 88.

89.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 89, and therefore denies them.

90.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 90, and therefore denies them.

91.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 91, and therefore denies them.

92.     Vail admits the allegations in Paragraph 92.

93.     Vail admits the allegations in Paragraph 93.

94.     Vail admits the allegations in Paragraph 94.

95.     Vail admits the allegations in Paragraph 95.

96.     Vail admits the allegations in Paragraph 96.

97.     Vail denies the allegations in Paragraph 97.

<u>**"Design and Operation of the Game Creek Zipline Course"**</u>

98.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 98, and therefore denies them.

99.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 99, and therefore denies them.

100.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 100, and therefore denies them.

101.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 101, and therefore denies them.

102.    Vail admits that gravity assisted guests in traveling from one end of the Zipline to the other. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 102, and therefore denies them.

103.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 103, and therefore denies them.

104.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 104, and therefore denies them.

**"Bonsai's Custom Braking Systems on the Game Creek Zipline Course"**

105.    Vail admits that the Zipline required braking systems in order to slow and stop guests as they approach the end of the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 105, and therefore denies them.

106.    Vail admits that Bonsai approved the changes requested by Vail as set forth in the Agreement and Change Orders, which speak for themselves. Vail admits the Zipline requires a functioning braking system in order to slow and stop guests as they approach the end of the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 106, and therefore denies them.

107.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 107, and therefore denies them.

108.    Vail admits that the braking system on the Zipline included a brake bobbin, a "Zip Stop," an Emergency Arrest Device, an All-Stop, and other cables and ropes. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 108, and therefore denies them.

109.    Vail admits the Zipline included a primary braking system as well as an Emergency Arrest Device. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 109, and therefore denies them.

110.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 110, and therefore denies them.

111.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 111, and therefore denies them.

112.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 112, and therefore denies them.

113.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 113, and therefore denies them.

114.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 114, and therefore denies them.

115.    Vail admits that the Emergency Arrest Device is a secondary braking component that operates to slow and stop the guest in the event of a primary brake failure. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 115, and therefore denies them.

116.    Vail admits that Bonsai designed the Zipline, including the braking equipment and components. Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 116, and therefore denies them.

117.    Vail admits that the Zipline did not utilize a hand brake. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 117, and therefore denies them.

118.    Vail admits that the Zipline did not have any braking components that could be controlled by a guest while riding the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 118, and therefore denies them.

119.    Vail denies the allegations in Paragraph 119.

120.    Vail admits that the Zipline included a braking system to slow and stop guests on the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 120, and therefore denies them.

121.    Vail admits that the Zipline required certain maintenance. Vail denies the remaining allegations in Paragraph 121 as phrased.

### "Vail's Operation of the Game Creek Zipline Course"

122.    Vail denies the allegations in Paragraph 122.

123.    Vail admits that Bonsai provided maintenance and inspection services to Vail related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 123, and therefore denies them.

124.    Vail admits that Bonsai provided various operational, maintenance, and other manuals to Vail related to the Zipline, including, for example, a "Course Operations Manual," "Sky-Rider Maintenance Manual," "Sky-Rider Tour Training Syllabus," "Bonsai design Emergency Arrest System Operations Manual," "Bonsai Design EAD Tech Bulletin," and "Zip-Stop Operations Manual" (collectively "Manuals"). The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 124, and therefore denies them.

125.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 125, and therefore denies them.

126.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information

sufficient to form a belief about the remaining allegations in Paragraph 126, and therefore denies them.

127.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 127, and therefore denies them.

128.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 128, and therefore denies them.

129.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 129, and therefore denies them.

130.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 130, and therefore denies them.

131.     Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 131, and therefore denies them.

132.     Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 132, and therefore denies them.

133.     Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 133, and therefore denies them.

134.     Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 134, and therefore denies them.

135.     Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information

sufficient to form a belief about the remaining allegations in Paragraph 135, and therefore denies them.

136.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 136, and therefore denies them.

137.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 137, and therefore denies them.

138.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 138, and therefore denies them.

139.    Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 139, and therefore denies them.

140.     Vail admits that Bonsai provided the Manuals. The Manuals speak for themselves, and Vail denies any interpretation of the Manuals contrary to their terms. Vail further admits that it retained its own safety procedures related to the Zipline. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 140, and therefore denies them.

141.     Vail denies any knowledge of any safety risks or hazards attendant to the design of the Zipline. Vail admits knowledge of safety risks and hazards attendant to operation of the Zipline in accordance with the Waiver, but denies that Vail's operation of the Zipline contributed to Plaintiff's alleged injuries. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 141, and therefore denies them.

### "Problems and Modifications to the Braking Systems on the Game Creek Zipline Course Prior to the Subject Zip-Lining Accident"

142.     Vail denies the allegations in Paragraph 142 as phrased.

143.     Vail lacks sufficient information to admit or deny Bonsai's knowledge, including what "Bonsai became aware" of. Vail nevertheless admits that Bonsai indicated to Vail that it was aware of "stopping short" issues on the Zipline. Vail denies the Zipline was open to guests in 2016.

144.     Vail denies the allegations in Paragraph 144 as phrased.

145.     Vail admits the allegations in Paragraph 145.

146.     Vail denies the allegations in Paragraph 146 as phrased.

147.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 147.

148.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 148.

149.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 149.

150.    Vail denies the allegations in Paragraph 150.

151.    Vail admits that Bonsai approved design modifications requested by Vail, as set forth in the Agreement and Change Orders, which speak for themselves. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 151, and therefore denies them.

152.    Vail lacks knowledge or information sufficient to form a belief about Bonsai's knowledge. Vail denies the remaining allegations in Paragraph 152.

153.    Vail lacks knowledge or information sufficient to form a belief about Bonsai's knowledge. Vail denies the remaining allegations in Paragraph 153.

154.    Vail lacks knowledge or information sufficient to form a belief about Bonsai's knowledge. Vail denies the remaining allegations in Paragraph 154.

155.    Vail lacks knowledge or information sufficient to form a belief about Bonsai's knowledge. Vail denies the remaining allegations in Paragraph 155.

156.    Vail lacks knowledge or information sufficient to form a belief about Bonsai's knowledge. Vail denies the remaining allegations in Paragraph 156.

157.    Vail lacks knowledge or information sufficient to form a belief about Bonsai's knowledge. Vail specifically denies that the design modifications requested by Vail in accordance with the Agreement and Change Orders, which speak for themselves, contributed in any way to the primary or secondary brake failures that occurred on July 7, 2017. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 157, and therefore denies them.

158.    Vail lacks knowledge or information sufficient to form a belief about Bonsai's knowledge. Vail specifically denies that the design modifications requested by Vail in accordance with the Agreement and Change Orders, which speak for themselves, contributed in any way to the primary or secondary brake failures that occurred on July 7, 2017. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 158, and therefore denies them.

159.    Vail lacks knowledge or information sufficient to form a belief about Bonsai's knowledge. Vail specifically denies that the design modifications requested by Vail in accordance with the Agreement and Change Orders, which speak for themselves, contributed in any way to the primary or secondary brake failures that occurred on July 7, 2017. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 159, and therefore denies them.

160.    Vail admits that Bonsai performed an annual inspection of the Zipline in May 2017 as set forth in the Inspection Report (Bates-stamped VAIL001162–72), which Inspection Report speaks for itself. Vail denies any interpretation of the Inspection Report contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 160, and therefore denies them.

161.    Paragraph 161 contains legal conclusions to which Vail is not required to respond. To the extent Vail is required to respond, Vail admits the allegations in Paragraph 161.

162.    Vail denies that Bonsai's May 3, 2017 inspection report was submitted to the State of Colorado. Vail admits that a certificate of inspection regarding Bonsai's May 3, 2017 inspection was submitted to the State of Colorado, as is required for annual certification of the Zipline. Vail

lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 162, and therefore denies them.

163.    Vail admits the allegations in Paragraph 163.

164.    Vail lacks knowledge or information sufficient to form a belief about Bonsai's knowledge. Vail denies any remaining allegations in Paragraph 164.

### "A Braking System Fails on the Game Creek Zip-Line Course Two Weeks Before Plaintiff's Accident, Resulting in Guest Injury"

165.    Vail admits that the primary brake failed in an incident on the Zipline on June 24, 2017. Vail denies the remaining allegations in Paragraph 165 as phrased.

166.    Vail denies the allegations in Paragraph 166.

167.    Vail admits the allegations in Paragraph 167.

168.    Vail admits that Vail informed Bonsai of the June 24, 2017 primary brake failure prior to July 7, 2017. Vail lacks knowledge or information sufficient to form a belief about any additional allegations in Paragraph 168.

169.    Vail admits that it paid a certain amount to the guest involved in the incident on June 24, 2017 for expenses incurred as a result in the incident. Vail denies any remaining allegations in Paragraph 169, including Plaintiff's use of the term "legal claim."

170.    Vail admits that it notified Bonsai of a primary brake failure on June 24, 2017. Vail denies any remaining allegations in Paragraph 170, including, specifically, any characterization that there was "a guest being seriously injured."

171.    Vail denies the allegations in Paragraph 171 as phrased.

172.    Vail admits that it notified Bonsai of a primary brake failure on June 24, 2017, prior to July 7, 2017. Vail denies any remaining allegations in Paragraph 172.

173.     Vail lacks knowledge or information sufficient to form a belief about Bonsai's knowledge. Vail admits that it notified Bonsai of a primary brake failure that occurred on June 24, 2017 prior to July 7, 2017. Vail denies any remaining allegations in Paragraph 173.

174.     Vail lacks knowledge or information sufficient to form a belief about Bonsai's knowledge. Vail denies any remaining allegations in Paragraph 174.

175.     Paragraph 175 is a pure hypothetical, rather than an allegation of fact, and a response is therefore not required. To the extent a response is required, Vail admits the allegations in Paragraph 175.

176.     Vail denies the allegations in Paragraph 176.

177.     Vail admits that it continued to operate the Zipline course after the June 24, 2017 incident. Vail denies the remaining allegations in Paragraph 177 as phrased.

178.     Vail admits that the primary braking system failed on June 24, 2017. Vail denies the remaining allegations in Paragraph 178 as phrased.

179.     Vail denies the allegations in Paragraph 179 as phrased.

180.     Vail denies the allegations in Paragraph 180 as phrased.

### "Plaintiff's Zip-Line Tour on Vail's Game Creek Zipline"

181.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 181, and therefore denies them.

182.     Vail admits the allegations in Paragraph 182.

183.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 183, and therefore denies them.

184.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 184, and therefore denies them.

185.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 185, and therefore denies them.

186.    Vail admits that all guests are provided with zip-lining gear, including a harness and helmet, and are instructed regarding how to use that gear by Vail employees. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 186, and therefore denies them.

187.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 187, and therefore denies them.

188.    Vail admits the allegations in Paragraph 188.

189.    Paragraph 189 contains legal conclusions to which Vail is not required to respond. To the extent Vail is required to respond, Vail admits the allegations in Paragraph 189.

<strong><u>"Vail Employees Instruct and Guide Plaintiff Through the<br>First Three Zip-Lines on the Game Creek Zipline Course"</u></strong>

190.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 190, and therefore denies them.

191.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 191, and therefore denies them.

192.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 192, and therefore denies them.

193.    Vail admits that guests are instructed to watch for signals from the guides, and how to comply with those signals. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 193, and therefore denies them.

194.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 194, and therefore denies them.

195.    Vail admits that guests are instructed that a certain signal from the guides requires the guest to stretch his or her body into a less-aerodynamic position in order to reduce speed, as environmental conditions (among other things) can affect the guest's speed on the Zipline. Vail lacks sufficient knowledge or information sufficient to form a belief about the allegations in Paragraph 195, and therefore denies them.

196.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 196, and therefore denies them.

197.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 197, and therefore denies them.

198.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 198, and therefore denies them.

199.    Vail denies the allegations in Paragraph 199.

200.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 200, and therefore denies them.

201.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 201, and therefore denies them.

202.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 202, and therefore denies them.

203.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 203, and therefore denies them.

204.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 204, and therefore denies them.

205.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 205, and therefore denies them.

206.    Vail admits that Vail guides remain in contact using radio devices while operating the Zipline. Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 206, and therefore denies them.

207.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 207, and therefore denies them.

208.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 208, and therefore denies them.

### "Vail Temporarily Suspends Zip-Line Tour Operations on the Game Creek Zipline Course Due to Inclement Weather"

209.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 209, and therefore denies them.

210.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 210, and therefore denies them.

211.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 211, and therefore denies them.

212.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 212, and therefore denies them.

213.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 213, and therefore denies them.

214.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 214, and therefore denies them.

215.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 215, and therefore denies them.

216.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 216, and therefore denies them.

217.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 217, and therefore denies them.

218.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 218, and therefore denies them.

219.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 219, and therefore denies them.

220.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 220, and therefore denies them.

221.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 221, and therefore denies them.

222.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 222, and therefore denies them.

223.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 223, and therefore denies them.

224.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 224, and therefore denies them.

225.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 225, and therefore denies them.

226.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 226, and therefore denies them.

### "Vail Resumes Zip-Line Tour Operations on the Game Creek Zipline Course Including Plaintiffs Zip-Line Tour"

227.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 227, and therefore denies them.

228.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 228, and therefore denies them.

229.    Vail admits that zip-line number four on the Zipline is the longest zip-line on the Zipline.

230.    Vail admits that zip-line number four on the Zipline is approximately one-half mile in length.

231.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 231, and therefore denies them.

232.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 232, and therefore denies them.

233.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 233, and therefore denies them.

234.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 234, and therefore denies them.

235.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 235, and therefore denies them.

236.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 236, and therefore denies them.

237.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 237, and therefore denies them.

238.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 238, and therefore denies them.

239.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 239, and therefore denies them.

240.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 240, and therefore denies them.

241.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 241, and therefore denies them.

242.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 242, and therefore denies them.

243.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 243, and therefore denies them.

244.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 244, and therefore denies them.

**"Plaintiff Suffers Serious and Permanent Injuries in the Subject Zip-Line Accident"**

245.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 245, and therefore denies them.

246.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 246, and therefore denies them.

247.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 247, and therefore denies them.

248.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 248, and therefore denies them.

249.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 249, and therefore denies them.

250.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 250, and therefore denies them.

251.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 251, and therefore denies them.

252.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 252, and therefore denies them.

253.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 253, and therefore denies them.

254.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 254, and therefore denies them.

255.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 255, and therefore denies them.

256.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 256, and therefore denies them.

257.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 257, and therefore denies them.

258.     Vail admits only that Plaintiff collided with one or more components of the Zipline structure (the "Incident"). Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 258, and therefore denies them.

259.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 259, and therefore denies them.

260.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 260, and therefore denies them.

261.    Vail admits the primary braking system failed on July 7, 2017. Vail denies the remaining allegations in Paragraph 261.

262.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 262, and therefore denies them.

263.    Vail admits only that Plaintiff collided with one or more components of the Zipline structure. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 263, and therefore denies them.

264.    Vail admits that Plaintiff collided with one or more components of the Zipline structure. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 264, and therefore denies them.

265.    Vail lacks knowledge or information sufficient to form a belief about Bonsai's knowledge. Vail denies that the design modifications requested by Vail in accordance with the Agreement and Change Orders, which speak for themselves, contributed in any way to the primary and secondary brake failures that occurred on July 7, 2017. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 265.

266.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 266, and therefore denies them.

267.    Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 267, and therefore denies them.

268.     Vail denies the allegations in Paragraph 268.

269.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 269, and therefore denies them.

270.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 270, and therefore denies them.

271.     Vail admits only that Plaintiff was transported down from Vail Mountain to receive medical services at a local medical facility following the Incident. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 271, and therefore denies them.

272.     Vail admits only that Plaintiff was transported down from Vail Mountain to receive medical services at a local medical facility following the Incident. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 272, and therefore denies them.

273.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 273, and therefore denies them.

## **Vail's Post-Incident Investigation**

274.     Vail admits that a Vail employee texted the Chief Executive Officer of Bonsai on July 7, 2017 (Bates-stamped VAIL001211). The text message speaks for itself, and Vail denies any interpretation of the text message contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 274, and therefore denies them.

275.     Vail admits that a Vail employee texted the Chief Executive Officer of Bonsai on July 7, 2017 (Bates-stamped VAIL002908). The text message speaks for itself, and Vail denies

any interpretation of the text message contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 275, and therefore denies them.

276.    Vail admits that the Chief Executive Officer of Bonsai responded to a Vail employee via text message on July 7, 2017 (Bates-stamped VAIL002908). The text message speaks for itself, and Vail denies any interpretation of the text message contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 276, and therefore denies them.

277.    Paragraph 277 contains legal conclusions to which Vail is not required to respond. To the extent Vail is required to respond, Vail denies the allegations in Paragraph 277.

278.    Vail admits that it submitted to the State of Colorado an "Amusement Rides and Devices Injury Report" on or about July 10, 2017 ("Report," Bates-stamped VAIL001196). The Report speaks for itself, and Vail denies any interpretation of the Report contrary to its terms. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 278, and therefore denies them.

279.    Vail denies the allegations in Paragraph 279.

280.    Vail denies the allegations in Paragraph 280.

281.    Paragraph 281 contains legal conclusions to which Vail is not required to respond. To the extent Vail is required to respond, Vail denies the allegations in Paragraph 281.

282.    Vail denies the allegations in Paragraph 282 as phrased.

283.    Vail admits that it conducted a thorough internal investigation following the Incident. Vail lacks sufficient knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 283, and therefore denies them.

284.     Vail denies the allegations in Paragraph 284.

285.     Vail admits that it incurred business interruption costs while the Zipline was closed following the Incident. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 285, and therefore denies them.

286.     Vail admits that Bonsai replaced portions of the Zipline's braking systems. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 286, and therefore denies them.

287.     Vail admits the allegations in Paragraph 287.

288.     Vail admits that it incurred business interruption costs while the Zipline was closed. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 288, and therefore denies them.

## "Vail's Post-Incident Communications with Plaintiff and Her Husband"

289.     Vail admits that Matthew Burnett, a Claims Manager at Vail, spoke with Plaintiff's husband, David Cowles, following the Incident. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 289, and therefore denies them.

290.     Vail admits that Mr. Burnett, Plaintiff, and Mr. Cowles generally discussed Plaintiff's medical records and medical status over the course of several months after the Incident. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 290, and therefore denies them.

291.     Vail admits that Mr. Burnett, Plaintiff, and Mr. Cowles generally discussed Plaintiff's medical records and medical status over the course of several months after the Incident. Vail lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 291, and therefore denies them.

292.     Vail denies the allegations in Paragraph 292 as phrased.

293.     Vail denies the allegations in Paragraph 293.

294.     Vail admits the allegations in Paragraph 294.

295.     Vail admits the allegations in Paragraph 295.

296.     Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 296, and therefore denies them.

297.     Vail denies the allegations in Paragraph 297 as phrased.

298.     Vail admits only that its guests have alleged injuries while riding zip-lines at Vail, Breckenridge, Park City, and Heavenly. Vail denies the remaining allegations in Paragraph 298 as phrased.

299.     Vail admits only that its guests have alleged injuries while riding zip-lines at Vail, Breckenridge, Park City, and Heavenly. Vail denies the remaining allegations in Paragraph 299 as phrased.

300.     Vail denies the allegations in Paragraph 300 as phrased.

301.     Paragraph 301 contains legal conclusions to which Vail is not required to respond. To the extent Vail is required to respond, Vail denies the allegations in Paragraph 301.

<u>**COUNT 1**</u>
<u>**Strict Liability v. Bonsai**</u>

302.     Vail incorporates its responses to paragraphs 1–301 as though fully set forth herein.

303.     The allegations in Paragraph 303 are not directed at Vail, and Vail is not required to respond.

304.     The allegations in Paragraph 304 are not directed at Vail, and Vail is not required to respond.

305.     The allegations in Paragraph 305 are not directed at Vail, and Vail is not required to respond.

306.     The allegations in Paragraph 306 are not directed at Vail, and Vail is not required to respond.

307.     The allegations in Paragraph 307 are not directed at Vail, and Vail is not required to respond.

308.     The allegations in Paragraph 308 are not directed at Vail, and Vail is not required to respond.

309.     The allegations in Paragraph 309 are not directed at Vail, and Vail is not required to respond.

310.     The allegations in Paragraph 310 are not directed at Vail, and Vail is not required to respond.

311.     The allegations in Paragraph 311 are not directed at Vail, and Vail is not required to respond.

312.     The allegations in Paragraph 312 are not directed at Vail, and Vail is not required to respond.

313.     The allegations in Paragraph 313 are not directed at Vail, and Vail is not required to respond.

314.     The allegations in Paragraph 314 are not directed at Vail, and Vail is not required to respond.

315.     The allegations in Paragraph 315 are not directed at Vail, and Vail is not required to respond.

316.    The allegations in Paragraph 316 are not directed at Vail, and Vail is not required to respond.

317.    The allegations in Paragraph 317 are not directed at Vail, and Vail is not required to respond.

318.    The allegations in Paragraph 318 are not directed at Vail, and Vail is not required to respond.

319.    The allegations in Paragraph 319 are not directed at Vail, and Vail is not required to respond.

320.    The allegations in Paragraph 320 are not directed at Vail, and Vail is not required to respond.

321.    The allegations in Paragraph 321 are not directed at Vail, and Vail is not required to respond.

322.    The allegations in Paragraph 322 are not directed at Vail, and Vail is not required to respond.

323.    The allegations in Paragraph 323 are not directed at Vail, and Vail is not required to respond.

324.    The allegations in Paragraph 324 are not directed at Vail, and Vail is not required to respond.

325.    The allegations in Paragraph 325 are not directed at Vail, and Vail is not required to respond.

326.    The allegations in Paragraph 326 are not directed at Vail, and Vail is not required to respond.

327.     The allegations in Paragraph 327 are not directed at Vail, and Vail is not required to respond.

328.     The allegations in Paragraph 328 are not directed at Vail, and Vail is not required to respond.

329.     The allegations in Paragraph 329 are not directed at Vail, and Vail is not required to respond.

**COUNT II**
**Negligence v. Bonsai**
**(Dismissed with Prejudice)**

330.     Vail incorporates its responses to paragraphs 1–329 as though fully set forth herein.

331.     The allegations in Paragraph 331 are not directed at Vail, and Vail is not required to respond.

332.     The allegations in Paragraph 332 are not directed at Vail, and Vail is not required to respond.

333.     The allegations in Paragraph 333 are not directed at Vail, and Vail is not required to respond.

334.     The allegations in Paragraph 334 are not directed at Vail, and Vail is not required to respond.

335.     The allegations in Paragraph 335 are not directed at Vail, and Vail is not required to respond.

336.     The allegations in Paragraph 336 are not directed at Vail, and Vail is not required to respond.

337.     The allegations in Paragraph 337 are not directed at Vail, and Vail is not required to respond.

338. The allegations in Paragraph 338 are not directed at Vail, and Vail is not required to respond.

339. The allegations in Paragraph 339 are not directed at Vail, and Vail is not required to respond.

340. The allegations in Paragraph 340 are not directed at Vail, and Vail is not required to respond.

341. The allegations in Paragraph 341 are not directed at Vail, and Vail is not required to respond.

342. The allegations in Paragraph 342 are not directed at Vail, and Vail is not required to respond.

343. The allegations in Paragraph 343 are not directed at Vail, and Vail is not required to respond.

344. The allegations in Paragraph 344 are not directed at Vail, and Vail is not required to respond.

345. The allegations in Paragraph 345 are not directed at Vail, and Vail is not required to respond.

346. The allegations in Paragraph 346 are not directed at Vail, and Vail is not required to respond.

347. The allegations in Paragraph 347 are not directed at Vail, and Vail is not required to respond.

348. The allegations in Paragraph 348 are not directed at Vail, and Vail is not required to respond.

349.     The allegations in Paragraph 349 are not directed at Vail, and Vail is not required to respond.

350.     The allegations in Paragraph 350 are not directed at Vail, and Vail is not required to respond.

351.     The allegations in Paragraph 351 are not directed at Vail, and Vail is not required to respond.

352.     The allegations in Paragraph 352 are not directed at Vail, and Vail is not required to respond.

353.     The allegations in Paragraph 353 are not directed at Vail, and Vail is not required to respond.

354.     The allegations in Paragraph 354 are not directed at Vail, and Vail is not required to respond.

355.     The allegations in Paragraph 355, including all subparts, are not directed at Vail, and Vail is not required to respond.

356.     The allegations in Paragraph 356 are not directed at Vail, and Vail is not required to respond.

## COUNTS AGAINST VAIL
## COUNT III

357.     Vail incorporates its responses to paragraphs 1–356 as though fully set forth herein.

358.     Paragraph 358 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 358.

359.     Paragraph 359 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail admits the allegations contained in Paragraph 359.

360.    Paragraph 360 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 360.

361.    Paragraph 361 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail admits the allegations contained in Paragraph 361.

362.    Paragraph 362 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 362.

363.    Vail denies the allegations contained in Paragraph 363.

364.    Vail denies the allegations contained in Paragraph 364.

365.    Vail denies the allegations contained in Paragraph 365.

366.    Vail denies the allegations contained in Paragraph 366.

367.    Vail denies the allegations contained in Paragraph 367.

368.    Vail denies the allegations contained in Paragraph 368.

369.    Vail denies the allegations contained in Paragraph 369.

### COUNT IV
### Exemplary Damages Based on Willful
### and Wanton Conduct and Circumstances of Fraud v. Vail

370.    Vail incorporates its responses to paragraphs 1–369 as though fully set forth herein.

371.    Paragraph 371 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 371.

372.    Paragraph 372 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 372.

373.    Paragraph 373 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 373.

374.    Paragraph 374 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 374.

375.    Paragraph 375 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 375.

376.    Paragraph 376 states a legal conclusion to which Vail is not required to respond. To the extent an answer is required, Vail denies any factual allegations contained in Paragraph 376.

377.    Vail denies the allegations in Paragraph 377, including all subparts.

378.    Vail denies the allegations in Paragraph 378, including all subparts.

379.    Vail denies the allegations in Paragraph 379.

380.    Vail denies the allegations in Paragraph 380.

**COUNTS AGAINST ALL DEFENDANTS**
**COUNT V**
**Gross Negligence**

381.    Vail incorporates its responses to paragraphs 1–380 as though fully set forth herein.

382.    Vail denies the allegations in Paragraph 382.

383.    Vail denies the allegations in Paragraph 383.

384.    Vail denies the allegations in Paragraph 384.

385.    The allegations in Paragraph 385 are directed at Bonsai, not Vail, and therefore no response from Vail is required. Furthermore, the allegations in Paragraph 385 constitute legal

conclusions to which no response is required. To the extent a response is required, Vail lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 385.

386.    Vail denies the allegations in Paragraph 386.

## CAUSATION & DAMAGES

387.    Vail incorporates its responses to paragraphs 1–386 as though fully set forth herein.

388.    Vail denies the allegations in Paragraph 388.

389.    Paragraph 389 does not contain any factual allegations to which Vail is required to respond. To the extent Vail is required to respond, Vail denies any factual allegations contained in Paragraph 389.

## VAIL'S GENERAL DENIAL

Vail denies every allegation in the Complaint not explicitly admitted herein.

## RESERVATION

Vail reserves the right to amend or supplement this Answer as discovery and investigation warrants.

## VAIL'S AFFIRMATIVE DEFENSES

1.    Plaintiff failed to state a claim on which relief may be granted.

2.    Plaintiff waived the right to bring any claims in this action by intentionally and expressly relinquishing any such right by executing the Waiver.

3.    Plaintiff's claims are barred in whole or in part by the doctrine of waiver, laches, and/or estoppel.

4.    Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages.

5.    The proximate cause of Plaintiff's alleged damages and injuries may have been the acts or omissions of a third party or parties over whom Vail had no control, with whom Vail had or has no relationship, and/or for whom Vail is not legally responsible.

6.    Plaintiff's alleged damages and injuries may have been caused by her own comparative negligence, or the negligence of others that may be imputed to them, which negligence bars or diminishes any recovery of damages pursuant to C.R.S. § 13-21-111.

7.    Plaintiff's alleged damages and injuries may have been caused by her own assumption of a known risk, which diminishes any recovery of damages pursuant to C.R.S. § 13-21-111.7

8.    Plaintiff's claims are barred or limited pursuant to Colorado's pro rata liability statute, C.R.S. § 13-21-111.5.

9.    Plaintiff's alleged damages and injuries were the result of unforeseeable circumstances that could not have been reasonably anticipated by Vail, and Vail is therefore not legally responsible for Plaintiff's alleged damages.

10.   Plaintiff is barred from recovery of damages pursuant to the collateral source doctrine, as set forth in C.R.S. § 13-21-111.6.

11.   Vail reserves the right to supplement, amend, and/or withdraw any of its affirmative defenses as investigation and discovery warrants.

## VAIL'S CROSS-CLAIM AGAINST BONSAI DESIGN, LLC

Defendants Vail Resorts, Inc., The Vail Corporation, and Vail Resorts Management Company, (collectively, "Vail") hereby submit this Cross-Claim against Bonsai Design, LLC ("Bonsai"), and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Lisa Cowles ("Plaintiff") filed her Second Amended Complaint for Damages (ECF No. 130) against Vail and Bonsai, and has alleged injuries and damages resulting from an

incident in which Plaintiff alleges she suffered injuries (the "Incident") related to the Game Creek zip-line at Vail Mountain, located in Vail, Colorado (the "Zipline").

2.      Vail Resorts, Inc. is a Delaware Corporation with its principal place of business in Colorado.

3.      The Vail Corporation, doing business as Vail Resorts Management Company, is a Colorado Corporation with its principal place of business in Colorado.

4.      Upon information and belief, Plaintiff is a citizen and resident of the State of Wisconsin.

5.      Upon information and belief, Bonsai is a citizen of Colorado and/or North Carolina, with its principal place of business in Colorado.

6.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7.      Because the Incident, which forms the basis of the claims asserted in this case, occurred in the State of Colorado, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**CROSS-CLAIM AGAINST BONSAI**
**BREACH OF CONTRACT—FAILURE TO DEFEND AND INDEMNIFY**

8.      Vail reiterates its denials, both general and specific, of the allegations asserted against it in the Complaint as set forth in Vail's "Answer and Affirmative Defenses" ("Answer").

9.      At all relevant times herein, there was a valid contract between Vail and Bonsai, called the "Design and Build Agreement" dated September 19, 2012, for the project called the "GAME CREEK ZIP LINE, VAIL SKI RESORT, VAIL, COLORADO," which was in full force and effect between Vail and Bonsai, and which set forth the parties' respective duties as they relate to the Zipline on which Plaintiff alleges she was injured (as amended, VAIL000006).

10.      The Agreement clearly and unambiguously requires Bonsai to indemnify, defend, and hold Vail harmless for the claims asserted by Plaintiff in this case.  (VAIL000017 at § 17(a)).

11.     Vail has demanded that Bonsai or its insurer honor its contractual obligations to indemnify, defend, and hold Vail harmless for the claims asserted by Plaintiff in this case.

12.     Bonsai has refused Vail's demand, and has therefore materially breached the Agreement.

13.     As a direct and proximate result of Bonsai's material breach of the Agreement, Vail has been damaged, and has incurred and will continue to incur attorneys' fees and costs defending the instant action filed by Plaintiff and prosecuting this Cross-Claim against Bonsai.

14.     If, in fact, Plaintiff was damaged and injured on the Zipline, then pursuant to the clear and unambiguous terms of the Agreement, Bonsai is liable to Vail for all of the damages and injuries asserted against Vail, as well as Vail's legal costs and attorney fees for defending itself against the allegations in the Complaint.  (VAIL000017 at § 17(a)).

## **PRAYER FOR RELIEF**

WHEREFORE, Vail requests that this Court:

1.     Find in Vail's favor against Plaintiff;

2.     Dismiss Plaintiff's claims against Vail with prejudice;

3.     Find in Vail's favor against Bonsai as to the Cross-Claim;

4.     Award Vail all costs and fees as permitted by the Agreement and law; and

5.     Award Vail such other and further relief as this Court deems proper.

Dated:  June 29, 2020                           Respectfully submitted,


                                                *s/ Kristen L. Ferries*
                                                Craig R. May
                                                Kristen L. Ferries
                                                Wheeler Trigg O'Donnell LLP
                                                370 Seventeenth Street, Suite 4500
                                                Denver, CO 80202
                                                Telephone:    303.244.1800
                                                Facsimile:    303.244.1879
                                                Email:    may@wtotrial.com
                                                          ferries@wtotrial.com

                                                E. Tim Walker
                                                Alison K. Toivola
                                                Legal Department
                                                Vail Resorts Management Company
                                                390 Interlocken Crescent
                                                Broomfield, CO 80021
                                                Telephone:    303.404.1895
                                                Email:  etwalker@vailresorts.com
                                                          aktoivola@vailresorts.com

                                                *Attorneys for Defendants The Vail*
                                                *Corporation, Vail Resorts Management*
                                                *Company, and Vail Resorts Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of June 2020 a true and correct copy of the foregoing **DEFENDANTS THE VAIL CORPORATION, VAIL RESORTS MANAGEMENT COMPANY, AND VAIL RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES AND CROSS-CLAIM AGAINST DEFENDANT BONSAI DESIGN LLC** was electronically filed with the Court using the CM/ECF system and served electronically on the following counsel of record:

- **Jennifer Arnett**
  jennifer@sanitaslaw.com,cgiaquinto@sanitaslaw.com

- **Christopher C. Ash**
  chris@sanitaslaw.com

- **Paul Joseph Komyatte**
  paul@komyattelawfirm.com,suzy@komyattelawfirm.com,
  dave@komyattelawfirm.com

- **David Patrick Mason**
  dave@komyattelawfirm.com

- **Alison Katarina Toivola**
  aktoivola@vailresorts.com,Khall2@vailresorts.com

- **Eugene Volokh**
  volokh@law.ucla.edu

- **Edward Timothy Walker**
  etwalker@vailresorts.com,khall2@vailresorts.com

*s/ Kristen L. Ferries*